IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA

| | |
|---|---|
| | CASE: |
| SCOTT TOWNSEND and DEBORAH TOWNSEND, husband and wife, | COMPLAINT<br>[JURY DEMAND] |
| Plaintiff, | |
| vs. | |
| THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK AS TRUSTEE FOR FIRST HORIZON ALTERNATIVE MORTGAGE SECURITIES TRUST 2006-AA6, MR. COOPER f/k/a NATIONSTAR MORTGAGE LLC, | |
| Defendants. | |

COME NOW, Plaintiffs SCOTT TOWNSEND and DEBORAH TOWNSEND, husband

and wife, hereinafter "the Townsends," by and through the undersigned counsel, file this lawsuit

to recover damages under the federal Fair Debt Collection Practices Act, to quiet title and to

address the business practices of defendants, THE BANK OF NEW YORK MELLON, f/k/a

THE BANK OF NEW YORK AS TRUSTEE FOR FIRST HORIZON ALTERNATIVE

MORTGAGE SECURITIES TRUST 2006-AA6, MORTGAGE ELECTONIC

COMPLAINT                                    1          **H E N R Y   &   D E G R A A F F ,   P . S**
787 MAYNARD AVE SOUTH
SEATTLE WA 98104
Tel. 206-330-0595/Fax206-400-7609

1  REGISTRATION SYSTEMS, INC., and MR. COOPER, formerly NATIONSTAR

2  MORTGAGE LLC, which are unfair and deceptive and which are designed to inflict the

3  maximum injury and damages upon homeowners such as the Townsends, without just cause and

4  without compliance with applicable state laws.

5                           **PARTIES, JURISDICTION AND VENUE**

6       1.      The Townsends are residents of Pierce County, Washington, and sole record

7  owner of the real property located at 1221 14th Avenue, Fox Island, Washington 98333 ("the

8  Property") which is further described legally as per the attached Exhibit A (Exhibit A, Legal

9  Description).

10      2.      Defendant THE BANK OF NEW YORK MELLON ("BONY"), is a wholly

11 owned subsidiary of the Bank of New York Mellon Corporation, a publicly traded corporation

12 located in New York City, New York. Acting as Trustee for First Horizon Alternative Mortgage

13 Securities Trust 2006-AA6, BONY purports to be the owner of the mortgage loan ("the Loan")

14 that the Townsends obtained in January of 2006 and which is secured by the Property.  BONY

15 hired and retained defendant Mr. Cooper and has conferred complete authority and discretion

16 upon Mr. Cooper to service the Loan after default and to take all actions pursuant to such

17 default, including referral the Loan to foreclosure.

18      3.      Defendant MR. COOPER, formerly Nationstar Mortgage LLC, ("Mr. Cooper")

19 is the default servicer of the mortgage loan secured by the Property ("the Loan"). Mr. Cooper is

20 a foreign corporation headquartered in Dallas, Texas.  Mr. Cooper is the nation's largest non-

21 bank mortgage servicer.

22      4.      Neither BONY nor Mr. Cooper was involved with the Townsends when they

23 obtained the Loan originally in 2006. Neither of defendants has explained how it acquired the

24

COMPLAINT                                          2          **HENRY & DEGRAAFF, P.S**
                                                               787 MAYNARD AVE SOUTH
                                                               SEATTLE WA 98104
                                                               Tel. 206-330-0595/Fax206-400-7609

1   authority to affect the Loan, the Property and the Townsends. Neither defendant provided

2   complete proof of the transfer of the Loan from the original lender, First Horizon Home Loans,

3   to the securitized trust as identified by them. Yet, both defendants have participated in some or

4   all aspects of debt collection and certain attempts to dispossess the Townsends from their

5   Property. This is a pattern of business engaged in by the defendants, perpetrating against and

6   victimizing other Washingtonians. Both defendants have conducted business within the borders

7   of the State of Washington whereupon their business practices have harmed the Townsends and

8   others who are similarly situated.

9       5.      Defendants have used the mail, the telephone and the internet to reach across

10  state lines into Washington to conduct their business. Defendants provide services and receive

11  compensation for performance of these services from the real party in interest but neither has a

12  direct stake in the ownership of the Loan or the security interest in the collateral used to secure

13  the Loan. Neither defendant has any skin in the game. Yet, BONY has not hesitated to allow its

14  agents and/or servicers to engage in relentless debt collection of borrowers, including Plaintiff,

15  without regards to the rules of law governing such action.

16      6.      Plaintiffs seek damages against the defendants in the amount which exceeds

17  $75,000.00. The parties are citizens of all different states. Additionally, the Townsends assert

18  that the defendants violated certain federal laws. Therefore, the Court has subject matter

19  jurisdiction as well as diversity jurisdiction.

20      7.      Venue is proper in the United States District Court, Western District of

21  Washington, Seattle, as the Property which is located in Pierce County, Washington.

**FACTS**

23      8.      The Townsends borrowed $650,000.00 from First Horizon Home Loan

24

COMPLAINT                                     3        **HENRY & DEGRAAFF, P.S**
                                                       787 MAYNARD AVE SOUTH
                                                       SEATTLE WA 98104
                                                       Tel. 206-330-0595/Fax206-400-7609

Corporation on or about September 1, 2006; the mortgage Loan was secured by the Property through the Deed of Trust dated September 1, 2006 (Exhibit B, Deed of Trust). Fallen victim to the recession hit hard, the Townsends were not able to continue paying on the Loan; their last payment was made in late 2008.

9.      On October 8, 2009, the Townsends filed for bankruptcy protection under Chapter 7. They listed the Loan on their schedules, identifying the original creditor, First Horizon, as the secured creditor of the Loan (Exhibit C, Schedule). The Townsends were discharged on January 13, 2010 (Exhibit D, Order of Discharge).

10.      The Townsends did not reaffirm the Loan and their personal liability under the Promissory Note was discharged as of January 13, 2010.

11.      The last payment before the discharge of the Townsends' personal liability was due on January 1, 2010, before the bankruptcy discharge.  Said date triggered the Washington's six-year statute of limitations period for enforcing the Deed of Trust that the Townsends executed in 2006. The discharge order in the bankruptcy case gave BONY or any other entity claiming rights and interests under the Note and Deed of Trust actual notice that the limitations period to foreclose on the Property as collateral had commenced.

12.      On April 25, 2019, **nine years, three months and twenty four days after the last payment was due on the Note, BONY sued the Townsends in Pierce County Superior Court of Washington to demand monies due under the Note and to foreclose on the Property under the Deed of Trust** (Exhibit E, Complaint for Judicial Foreclosure). BONY filed an Amended Complaint for Judicial Foreclosure on May 17, 2019.

13.      BONY's lawsuit filed in Pierce County Superior Court purportedly accelerates the obligation under the Loan. It declares "the whole of the balance of both the principal and

COMPLAINT                                        4        **H E N R Y   &   D E G R A A F F ,   P . S**
787 MAYNARD AVE SOUTH
SEATTLE WA 98104
Tel. 206-330-0595/Fax206-400-7609

1  interest thereon immediately due and payable." It also demands over $900.000.00 to be paid by

2  the Townsends. It adds that the Townsends are liable to BONY for "reasonable attorney fees

3  and court costs."

4         14.    On June 10, 2019 the Townsends are personally served with the BONY

5  Amended Complaint for Judicial Foreclosure on June 10, 2019, the first time they became

6  aware of it.

7         15.    During the period of time between the bankruptcy discharge, after the filing of

8  the judicial foreclosure, and up to the present, defendant Mr. Cooper, acting at the behest of

9  BONY, continues to issue periodic statements and other debt collection communication to the

10  Townsends.

11        16.    Mr. Cooper, in its capacity as default servicer of the Loan, at all times relevant

12  herein, acts as an agent or representative of BONY.

13        17.    Under the authority and discretion conferred upon it by BONY, Mr. Cooper

14  directed for its foreclosure agent, the law firm of Shapiro & Sutherland, LLC, to sue the

15  Townsends for monies due and to foreclosure on the Property. The case was filed under Pierce

16  County Superior Court case number 19-2-07409-0.

17                                    **CAUSES OF ACTION**

18        18.    The Townsends expressly incorporate and incorporate by reference, each and all

19  of the foregoing factual allegations as enumerated in under the Facts Section, into each and all

20  of his Causes of Action below:

21                                **COUNT ONE: QUIET TITLE**

22        19.    Under Washington law, when a debtor's personal liability on a promissory note

23  secured by a deed of trust is discharged in bankruptcy, the lien via the deed of trust is not

24

COMPLAINT                                          5        **H E N R Y   &   D E G R A A F F ,   P . S**
                                                              787 MAYNARD AVE SOUTH
                                                              SEATTLE WA 98104
                                                              Tel. 206-330-0595/Fax206-400-7609

discharged but remains enforceable allowing the creditor to foreclose upon the deed of trust. The deed of trust, being an agreement in writing, is subject to the six-year limitation period of RCW 4.16.040, the trigger of such six-year limitation period occurs at the last payment due or missed.

20.     A claim arising from a written contract must be brought within six years of the date the cause of action accrues. RCW 4.16.005, 4.16.040.  The current judicial foreclosure of the Townsend Property is based on the loan documents that the Defendants executed in favor of the original lender on or about September 1, 2006. Therefore, the recovery sought by BONY is based on the Note representing an obligation payable by installments with each installment triggers the obligation payable by installments.

21.     The statute of limitations was trigged on January 1, 2010, the due date of the last missed payment before the bankruptcy discharge. As such, the statute expired on January 1, 2016.  In other words, BONY had until January 1, 2016, to complete the foreclosure of the Townsend property.

22.     BONY's current attempt to foreclose upon the Townsend property judicially, which was filed on April 25, 2019, **nine years, three months and twenty four days,** after the statute of limitations started, is time-barred. Therefore, Plaintiff is entitled to quiet title as against all defendants.

## COUNT TWO: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, UNLAWFUL JUDICIAL FORECLOSURE

23.     Defendant Mr. Cooper became the servicer of the Loan after the Townsends had defaulted. As such, Mr. Cooper is a debt collector under the FDCPA, 15 U.S.C 1692a (6). As agent or representative of BONY, Mr. Cooper had actual knowledge of the bankruptcy

COMPLAINT

6

**H E N R Y   &   D E G R A A F F ,   P . S**
787 MAYNARD AVE SOUTH
SEATTLE WA 98104
Tel. 206-330-0595/Fax206-400-7609

discharge granted to the Townsends in January of 2010.  Mr. Cooper knew that the judicial foreclosure action of 2019, initiated and carried out at the behest of Mr. Cooper as the default servicer, and for the benefit of BONY, is factually and legally time-barred.

24.     By commanding its agent law firm to initiate foreclosure and attempting to dispossess the Townsends of the Property, using the default servicing record that it has in possession, Mr. Cooper violated §1692e because any legal right its principal BONY had as the lender ceased upon the expiration of Washington Statute of Limitations. The six-year period of statute of limitations was triggered by the last missed payment of January 1, 2010 and the current foreclosure effort by the defendants, taken well beyond the six-year period as allowed the statute of limitations, RCW 4.16.040(1), is unlawful.

25.     Suing or effectuating a proceeding for repossession or foreclosure on a time-barred debt is a practice uniformly held by courts to violate the FDCPA as a matter of law.  Mr. Cooper violated the FDCPA by authorizing, directing, or otherwise causing for the foreclosing law firm to initiate the judicial foreclosure of the Townsend Property.

26.     The Townsends have suffered compensatory damages as a result of Mr. Cooper's attempt  to foreclose on their Property when it knew or should have known that any foreclosure effort beyond the expiration of the statute of limitations is time-barred; the Townsends' damages are in form of lost time, out-of-pocket expenses, attorney's fees and costs incurred to resist the Defendants' recent unlawful and judicial foreclosure in 2019.

## COUNT THREE: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, UNLAWFUL DEMAND FOR MONIES DUE ON DISCHARGED DEBT

27.     Defendant Mr. Cooper became the servicer of the Loan after the Townsends had defaulted. As such, Mr. Cooper is a debt collector under the FDCPA, 15 U.S.C 1692a (6). In

COMPLAINT                                                    7

1   such capacity, Mr. Cooper had actual knowledge of the bankruptcy discharge granted to the

2   Townsends in January of 2010.  The judicial foreclosure action of 2019, which was initiated and

3   carried out at the behest of Mr. Cooper as the default servicer, is factually and legally time-

4   barred.

5           28.     The judicial foreclosure as filed in Pierce County Superior Court, was

6   commenced and prosecuted under the direction of Mr. Cooper, purportedly accelerates the loan

7   documents and declares "the whole of the balance of both the principal and interest thereon

8   immediately due and payable." It demands over $900.000.00 in monetary terms to be paid by

9   the Townsends. It adds that the Townsends are liable to BONY for "reasonable attorney fees

10  and court costs."

11          29.     Specifically, the FDCPA prohibits the use of "any false, deceptive, or misleading

12  representations or means" in connection with the collection of a debt, 15 U.S.C. § 1692e, and

13  any "unfair or unconscionable means" to collect or attempt to collect a debt. 15 U.S.C. § 1692f.

14  Each of these provisions provides a non-exhaustive list of potential violations. Misleading

15  representations under section 1692e include: "[t]he false representation of the character,

16  amount, or legal status of any debt," 15 U.S.C. § 1692e(2)(A); "[t]he threat to take any action

17  that cannot legally be taken or that is not intended to be taken," 15 U.S.C. § 1692e(5); and "[t]he

18  use of any false representation or deceptive means to collect or attempt to collect any debt or to

19  obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

20          30.     Mr. Cooper, as the default servicer and working as agent for BONY, knew or

21  should have known about the bankruptcy discharge of January 13, 2010 and that the subject

22  Note was discharged in bankruptcy, nevertheless directed its agent, the foreclosing law firm, to

23  sue the Townsends for monies due and owing under the Note. Mr. Cooper's action constitutes

24

COMPLAINT                                       8        **H E N R Y  &  D E G R A A F F ,  P . S**
                                                         787 MAYNARD AVE SOUTH
                                                         SEATTLE WA 98104
                                                         Tel. 206-330-0595/Fax206-400-7609

1    the use of false representations or deceptive means to collect a debt and violation of the

2    FDCPA.

3          31.     Mr. Cooper, by sending written correspondence and making telephone calls to

4    the Townsends in order to extract monetary payments from them, before and after the filing of

5    the judicial foreclosure, without sufficiently disclosing to the Townsends that the debt is time

6    barred, violated 15 U.S.C. §§1692e-f.

7          32.     The Townsends have suffered compensatory damages as a result of the

8    Defendants' attempt  to foreclose on their Property when they knew or should have known that

9    any foreclosure effort is time-barred; the Townsends' damages are in form of lost time, out-of-

10   pocket expenses, attorney's fees and costs incurred to resist the Defendants' recent unlawful and

11   judicial foreclosure in 2019.

12

13   **COUNT THREE: VIOLATION OF THE CONSUMER PROTECTION ACT; ALL**

14   **DEFENDANTS**

15         33.     The defendants have violated the Washington Consumer Protection Act ("CPA")

16   as to each of the five elements: they have committed one or more (1) unfair or deceptive act or

17   practice; (2) in trade or commerce; (3) that has an impact on the public interest; (4) resulted in

18   injury in the Townsends in their business or property; and (5) the injury and damages suffered

19   were proximately caused by the defendants.

20         34.     The business of default loan servicing with includes nonjudicial foreclosure has

21   been adjudicated by Washington courts to be occurring in commerce and impacting an

22   important public interest. The defendants use the internet to advertise and to communicate with

23   borrowers from their locations which are outside of the State of Washington. They use the mail,

24   the telephone and the internet to transmit notices of intent to accelerate, periodic statements,

COMPLAINT                                  9        **H E N R Y   &   D E G R A A F F ,   P . S**
                                                         787 MAYNARD AVE SOUTH
                                                              SEATTLE WA 98104
                                                     Tel. 206-330-0595/Fax206-400-7609

notices of default, notices of debt validation, notices of trustee's sale, and other debt collection correspondence to borrowers including the Plaintiff. The defendants receive substantial compensation for their services and part of their compensation comes directly from payments made by borrowers. Thus, the defendants' business activities are carried out in trade or commerce.

35.     The defendants knew or should have known that the debt they are trying to collect and the collateral they are trying to foreclose upon is absolutely time-barred. As lender and servicer, the defendants are charged with actual knowledge that where the Townsends made their last payment in 2008, and received a discharge in bankruptcy in 2010, the lender had but six years to foreclose on the Property, but did not commence judicial foreclosure against the Townsend Property until May of 2019, their action is both unfair and deceptive.

36.     Where the six-year period of statute of limitations expired on January 1, 2010, the judicial foreclosure commenced by the defendants on May 17, 2019, occurred well after the statute of limitations had expired, is an unlawful attempt to interfere with the Plaintiff's rights and interests upon the Property.

37.     The defendants' action of foreclosing on the Property based on the terms of the Deed of Trust after the statute of limitations expired is unfair. The defendants' act of transmitting various foreclosure documents and correspondence to the Townsends for debt collection purposes and for foreclosure purposes is deceptive because the lender's legal right to foreclose on the collateral has been limited or eliminated by the statute of limitations.

38.     The defendants' individual and collective conduct have directly and proximately caused the Townsends to suffer injury and actual damages. In addition to having paid attorney fees and costs to fight the most recent unlawful judicial foreclosure in 2019, the Townsends

COMPLAINT                                          10          **HENRY & DEGRAAFF, P.S**
                                                                787 MAYNARD AVE SOUTH
                                                                SEATTLE WA 98104
                                                                Tel. 206-330-0595/Fax206-400-7609

have also lost time from work and has incurred out-of-pocket expenses relating to their effort to make the defendants aware of the status of the Loan. In addition to the enumerated injury and damages, the Townsends would lose the Property through a sheriff's sale and suffer the complete loss of its fair market value, even though the lender's right to foreclose has been extinguished by the statute of limitations.

39.     The defendants have reported and continue to report to the credit reporting agencies derogatory information concerning the Loan, even though the Townsends' personal obligations have been discharged through bankruptcy. The defendants reported and continue to report to the credit reporting agencies derogatory information concerning the Property being under active foreclosure, even though their right to foreclose has been limited or extinguished entirely by the expiration of the statute of limitations period. Because of the defendants' reporting, the Townsends' credit standing has been irretrievably and adversely affected; they have suffered complete denial of credit, or much higher cost of credit.

40.     The defendants' act of suing the Townsends and placing the Property under active foreclosure status while knowing full well that they are without legal authority to do so, has diminished the value of the Property immensely.

41.     Plaintiff's damages, in their entirety, exceeds $75,000.00.

## PRAYER FOR RELIEF & DAMAGES

Having stated his allegations and claims, the Townsends pray the Court for the following relief:

1.     For declaratory relief and judgment that the Loan/Mortgage Debt is time-barred;

2.     For an injunction barring the defendants from selling the Property at sheriff's auction;

COMPLAINT

11

**HENRY & DEGRAAFF, P.S**
787 MAYNARD AVE SOUTH
SEATTLE WA 98104
Tel. 206-330-0595/Fax206-400-7609

1    3.    For damages provided under the Fair Debt Collection Practices Act;

2    4.    For an award of injury, actual damages suffered, and treble damages and attorney

3    fees and costs under the Washington Consumer Protection Act;

4    5.    For prejudgment interests;

5    6.    For other additional relief the Court deems just and equitable.

6    DATED this 28th day of April 2020.

7

8    /s/ Christina L Henry                    /s/ Ha Thu Dao
     Christina L Henry, WSBA 31273            Ha Thu Dao, WSBA 21793
9    Counsel for Defendants                   Counsel for Defendants
     HENRY & DEGRAAFF, PS                     10728 16th Ave SW
10   787 Maynard Ave S                        Seattle, WA 98146
     Seattle, WA 98104                        727-269-9334
11   Tel# 206-330-0595
     Fax 206-400-7609

12

13

14

15

16

17

18

19

20

21

22

23

24

COMPLAINT                            12        HENRY  &  DEGRAAFF,  P.S
                                               787 MAYNARD AVE SOUTH
                                               SEATTLE WA 98104
                                               Tel. 206-330-0595/Fax206-400-7609