IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA

| | |
|---|---|
| SCOTT TOWNSEND and DEBORAH TOWNSEND, husband and wife, <br><br> Plaintiff, <br><br> vs. <br><br> THE BANK OF NEW YORK MELLON, f/k/a THE BANK OF NEW YORK AS TRUSTEE FOR FIRST HORIZON ALTERNATIVE MORTGAGE SECURITIES TRUST 2006-AA6, and MR. COOPER, formerly NATIONSTAR MORTGAGE LLC. <br><br> Defendants. | CASE: 3:20-cv-05397-BHS <br><br> FIRST AMENDED COMPLAINT [JURY REQUESTED] |

COME NOW, Plaintiffs SCOTT TOWNSEND and DEBORAH TOWNSEND, husband and wife, hereinafter "the Townsends," by and through the undersigned counsel, to file this First Amended Complaint, pursuant to Federal Rule of Civil Procedure 15(a), to recover damages under the federal Fair Debt Collection Practices Act, Washington State Consumer Protection Act, and Washington Collection Agency Act, relating to the business practices of defendants, THE BANK OF NEW YORK MELLON, f/k/a THE BANK OF NEW YORK AS TRUSTEE FOR FIRST HORIZON ALTERNATIVE MORTGAGE SECURITIES TRUST 2006-AA6,

FIRST AMENDED COMPLAINT - 1                    1                    HENRY & DEGRAAFF, P.S
                                                                    787 MAYNARD AVE SOUTH
                                                                    SEATTLE WA 98104
                                                                    Tel. 206-330-0595/Fax 206-400-7609

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and MR. COOPER, formerly NATIONSTAR MORTGAGE LLC.

## I. PARTIES, JURISDICTION AND VENUE

1. The Townsends are residents of Pierce County, Washington, and the sole record owner of the real property located at 1221 14th Avenue, Fox Island, Washington 98333 ("the Property") which is further described legally as per the attached Exhibit A (Exhibit A, Legal Description).

2. The Townsends are "consumers" as that term is defined by 15 U.S.C. § 1692a(3) of the FDCPA.

3. The Townsends are also "debtors" as defined by the Washington Collection Agency Act, RCW 19.16.100(7).

4. Defendant THE BANK OF NEW YORK MELLON ("BONY"), is a wholly owned subsidiary of the Bank of New York Mellon Corporation, a publicly traded corporation located in New York City, New York. Acting as Trustee for First Horizon Alternative Mortgage Securities Trust 2006-AA6, BONY purports to be the owner of the mortgage loan ("the Loan") that the Townsends obtained in January of 2006 and which is secured by the Property. BONY hired and retained defendant Mr. Cooper and has conferred complete authority and discretion upon Mr. Cooper to service the Loan after default and to take all actions pursuant to such default, including referral the Loan to judicial foreclosure.

5. Defendant MR. COOPER, formerly Nationstar Mortgage LLC, ("Mr. Cooper") is the default servicer of the mortgage loan secured by the Property ("the Loan"). Mr. Cooper is a foreign corporation headquartered in Dallas, Texas. Mr. Cooper is the nation's largest non-bank mortgage servicer.

6. Defendant Mr. Cooper operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the state of Washington via collection letters, phone calls, credit reports and lawsuits.

7. Defendant Mr. Cooper obtained the servicing rights to this debt after it was already in default and at that time started soliciting payment from the Plaintiff and collecting on the debt.

8. Defendant Mr. Cooper acts as a debt collector as defined by 15 U.S.C. § 1692a(6) of the FDCPA, because they regularly use the mails and/or the telephone in their business, the principal purpose of which is to collect, or regularly collect or attempt to collect directly or indirectly, delinquent consumer debts owed or due or asserted to be owed or due another.

9. Defendant Mr. Cooper attempted to collect a "debt" from the Plaintiffs, as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(5).

10. Defendant Mr. Cooper obtained the servicing rights to this debt after it was already in default and at that time started soliciting payment from the Plaintiffs and collecting on the debt.

11. Mr. Cooper, is a licensed out-of-state collection agency and is governed by the Washington Collection Agency Act ("CAA"), Chapter 19.16 et seq.

12. Neither BONY nor its servicers, Mr. Cooper, were involved with the Townsends when they obtained the Loan originally in 2006.

13. None of the defendants has ever explained how it acquired the authority to affect the Loan, the Property and the Townsends. None of the defendants ever provided the complete proof of the transfer of the Loan from the original lender, First Horizon Home Loans, to the securitized trust as identified by them. Yet, all three defendants have participated in some or all aspects of debt collection and certain attempts to dispossess the Townsends from their Property and monies through judicial foreclosure. This is a pattern of business engaged in by the defendants, perpetrating deceptive collections against and victimizing other Washingtonians. All three defendants have conducted business within the borders of the State of Washington whereupon their business practices have harmed the Townsends and others who are similarly situated.

14. Defendants provide services and receive compensation for performance of their services from the real party in interest, but neither has a direct stake in the ownership of the Loan or the security interest in the collateral used to secure the Loan. None of the defendants have any skin in the game. Yet, BONY has not hesitated to allow its agents and/or servicers to engage in relentless debt collection of borrowers, including the Townsends, without regards to the rules of law governing such debt collection activities.

15. The Townsends seek damages against the defendants in an amount that exceeds $75,000.00. The parties are citizens of all different states. Additionally, the Townsends assert that the defendants violated certain federal laws. Therefore, the Court has subject matter jurisdiction as well as diversity jurisdiction.

16. Venue is proper in the United States District Court, Western District of Washington, Pierce County, Tacoma, as the Townsends are resident of Pierce County, Washington.

## II.   FACTS

17. The Townsends borrowed $650,000.00 from First Horizon Home Loan Corporation nearly fourteen years ago on or about September 1, 2006; they signed a promissory note for the debt ("Note") and allowed their Property, located at 1221 14th Avenue, Fox Island, WA 98333, to be secured through the Deed of Trust dated the same day and recorded in the Pierce County recorder's office under instrument number 200609060376 (Exhibit B, Deed of Trust) . Like many others, the Townsends fell victim to the recession, and were not able to keep up with the mortgage payments; they made their last payment in late 2008.

18. The following year, on October 8, 2009, the Townsends filed for bankruptcy protection under Chapter 7. They listed the debt on their schedules, identifying the original creditor, First Horizon, in their original and amended schedules as a secured creditor of the Loan (Exhibit C, Schedule).

19. The Townsends did not reaffirm the Loan, and their personal liability under the Note was legally discharged as of January 13, 2010, (Exhibit D, Order of Discharge).

20.     The last payment before the bankruptcy discharge on the Loan was due on January 1, 2010. Said date triggered Washington's six-year statute of limitations period for enforcing the Deed of Trust that the Townsends executed in 2006. The discharge order in the bankruptcy case gave BONY or any other entity claiming rights and interests under the Note and Deed of Trust actual notice that the limitations period to foreclose on the Property as collateral had commenced.

21.     Defendant Mr. Cooper, in its capacity as default servicer of the Loan, at all times relevant herein, acts as an agent or representative of BONY.

22.     On April 25, 2019, **nine years, three months and twenty-four days after the last payment was due on the Note**, defendant Mr. Cooper directed for the law firm of and Shapiro & Sutherland, LLC, to sue the Townsends in Pierce County Superior Court of Washington under case number 19-2-07409-0, demanding monies due under the Note and foreclosure on the Property under the Deed of Trust, naming defendant BONY as the Plaintiff (Exhibit E, Complaint for Judicial Foreclosure).

23.     On or about May 17, 2019, Mr. Cooper caused for an Amended Complaint under the case number 19-2-07409-0 to be filed and later soon after served the Townsends personally with a summons and said and Amended Complaint. (Exhibit F, Amended Complaint for Judicial Foreclosure).

24.     The Amended Complaint contains paragraph 12 that seeks to "exercise the option granted in the Loan documents to declare the whole of the balance of both the principal and interest thereon immediately due and payable."

25.     Paragraph 13 of the Amended Complaint relies on the terms of the Note, including the annual interest rate of 7.625%, and seeks to collect "the entire outstanding balance of the Loan" which include the principal balance of $650,000 and "[a]ccrued interest through April 25, 2019" in the amount of $303,829.71. Paragraph 14 seeks the recovery of "reasonable attorney fees and court costs."

26. Paragraph 20 of the state court Amended Complaint seeks "JUDGMENT ON THE PROMISSORY NOTE" and requests "money judgment declaring the amounts due under the promissory note together with prejudgment interest and fees and costs recoverable under the Loan documents including, but not limited to late fees, escrow advances, corporate advances, taxes, assessment, municipal charges advanced and other items . . . The judgment for such amounts due shall accrue interest at the contract rate of interest, or at the legal rate of interest (12.000% per annum), whichever is greater."

27. The state court case has not yet been set for trial. Although the Defendants secured default against the various parties who may have an interest in the Property, there has been no substantive ruling made by the Superior Court. Discovery has yet to take place.

28. In addition to causing for the collection lawsuit to be filed and served, Mr. Cooper has engaged in a continuous and relentless debt collection campaign against the Townsends based on the Loan. Mr. Cooper issued periodic statements with ever-increasing amounts due and owing, as well as numerous debt collection communication to the Townsends until just before filing the Complaint, in total disregard of the bankruptcy discharge. Other written communications were also sent to the Townsends regarding the debt after it was beyond the statute of limitations, inferring that the mortgage debt was validly owed and collectible (Exhibit G, Composite Statement and Debt Collection Correspondence).

### III.   CAUSES OF ACTION

29. The Townsends expressly incorporate by reference, each and all of the foregoing factual allegations as enumerated, into each and all of the following Causes of Action below:

  A. **COUNT ONE: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, DEBT COLLECTION COMMUNICATION, DEFENDANT MR.COOPER**

30. At the conclusion of a Chapter 7 proceeding, the Townsends received a discharge pursuant to 11 U.S.C. §727. The discharge provides them with a fresh start by enjoining the collection of any remaining debts unless the Bankruptcy Code excepts those debts from discharge. 11 U.S.C.§§523-24.

31. Defendant Mr. Cooper became the servicer of the Loan long after the Townsends had defaulted. As such, Mr. Cooper meets the definition of a debt collector under the FDCPA, 15 U.S.C. § 1692a (6).

32. The FDCPA prohibits debt collectors from "us[ing] unfair or unconscionable means to collect or attempt to collect any debt."

33. 15 U.S.C. § 1692e of the FDCPA provides sixteen specific and nonexclusive prohibited debt collection practices, and generally prohibits a debt collector from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt." Among the acts prohibited are: the false representation of "the character, amount, or legal status of any debt" (15 U.S.C. § 1692e(2)(A)); "[t]he false representation or implication . . . that any communication is from an attorney" (15 U.S.C. § 1692e(3)); threatening "any action that cannot legally be taken" (15 U.S.C. § 1692e(5)); and using "any false representation or deceptive means to collect or attempt to collect any debt" (15 U.S.C. § 1692e(10)).

34. Here, Defendant Mr. Cooper, on behalf of BONY violated the FDCPA by making false and misleading representations and engaging in unfair and abusive practices. Mr. Cooper's violations include, but are not limited to, the following:

   a. Acting in bad faith by directing their agent law firm to sue the Townsends for monies allegedly due and owing by filing and serving the Amended Complaint that misrepresented, directly or indirectly, expressly or by implication, that they had verified that the mortgage debt alleged was the accurate amount, owed by the Townsends, and collectible within the statute of limitations;

   b. Misrepresenting, directly or indirectly, expressly or by implication, that Mr. Cooper, when filing an Amended Complaint intended to and could prove the claims alleged on behalf of BONY against the Townsends;

   c. Representing or implying that nonpayment of the mortgage debt alleged in the Amended Complaint will result in a money judgment and

dispossession of their homestead based on a Note that was discharged, when such a judgment is not lawful and without a bankruptcy court order exempting said debt from discharge.

35. The acts and practices herein set forth were deceptive, misleading, and fraudulent.

36. The Townsends have suffered compensatory and statutory damages, attorneys fees and costs as a result of the debt collection communication sent by Defendant Mr. Cooper, including diminution in the value of the Property, sums of money demanded by the defendants, credit damage, time loss, out-of-pocket expenses, attorney's fees and costs incurred to resist the defendants' unlawful collection action in the state court.

37. Due to the relentless nature of the defendants' debt collection campaign against the Townsends, both have experienced emotional distress in the form of prolonged loss of appetite, loss of sleep, headaches, anxiety, embarrassment and mental anguish.

38. Thus, as a result of Mr. Cooper's violations, they are entitled to relief as provided for by 15 U.S.C. § 1692k.

**B.   COUNT TWO: VIOLATION OF THE CONSUMER PROTECTION ACT, ALL DEFENDANTS**

39. Washington Consumer Protection Act ("CPA") prohibits acts that are (1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) that have an impact on the public interest; (4) result in injury in the consumer's business or property; and where (5) the injury and damages suffered were proximately caused by the defendants.

40. The Defendant BONY through their loan servicer Mr. Cooper, violated the CPA by making false and misleading representations and engaging in unfair and abusive practices.

41. The Defendant BONY through their loan servicer Mr. Cooper, violated the CPA by engaging in unfair and deceptive practices. The violations include, but are not limited to, the following:

   a. BONY, through its loan servicer Mr. Cooper sent communications to the Townsends owed periodic monthly installments for her mortgage after the

Townsends regarding mortgage debt that was time-barred and no longer collectible representing an ever-increasing debt that it claims the Townsends still owe;

b. BONY, through its loan servicer Mr. Cooper, acted in bad faith by hiring their agent law firm to sue the Townsends for monies allegedly due and owing by filing and serving the Amended Complaint that misrepresented, directly or indirectly, expressly or by implication, that they had verified that the mortgage debt sued upon was the accurate amount, owed by the Townsends, and collectible within the statute of limitations which is the equivalent of an affirmative false statement;

c. BONY, through its loan servicer Mr. Cooper and their agent law firm, filed the Complaint and filed and served the Amended Complaint with an omission of the material fact that in January 2010, the Note was discharged in bankruptcy.

d. Misrepresenting, directly or indirectly, expressly or by implication, that BONY, through its loan servicer Mr. Cooper, when filing a the Complaint and the Amended Complaint, intended to and could prove the claims alleged against the Townsends;

e. Representing or implying that nonpayment of the mortgage debt alleged in the Complaint and Amended Complaint will result in a money judgment and dispossession of their homestead based on a Note that was discharged, when such a judgment is not lawful and without a bankruptcy court order exempting said debt from discharge;

f. Communicating that the mortgage debt was valid, owing and enforceable by sending debt collection notices and correspondence concerning the discharged debt, including but not limited to requests to engage in the process of loan workouts that refer to a specific loan number and real

property being affected by foreclosure, requests for a copy of a current hazard insurance policy, and in the written response to the Townsends' request for information made pursuant to 12 CFR § 1024.36;

g. Reporting derogatory information concerning the Loan to credit reporting agencies concerning the Property being under active foreclosure even though the Townsends' personal obligations have been discharged through bankruptcy and their right to collect on the debt and their right to foreclose has been limited or extinguished entirely by the bankruptcy discharge and the expiration of the statute of limitations period.

42. Defendants' unfair and deceptive practices have a real and substantial potential for repetition and thereby the capacity to injure others, impacting an important public interest.

43. Consumers like the Townsends and the Defendants occupy very unequal bargaining positions rendering them powerless to stop the diminution in value of their property by these actions, and they should not be misled about whether there is a valid mortgage secured by their homestead. Consumers also have the right to receive a correct information about the amount of any mortgage alleged to be due and owing.

44. Defendants BONY and Mr. Cooper use the internet to advertise and to communicate with borrowers from their locations which are outside of the State of Washington.

45. They also use the mail, the telephone, and the internet to transmit debt collection notices which culminate lawsuits that seek to collect debts that have been discharged in bankruptcy or to foreclose on real property where the applicable statute of limitations has expired; these activities are occurring in trade or commerce.

The Defendants' individual and collective conduct has directly and proximately caused the Townsends to suffer injury and actual damages including diminution in the value of the Property, sums of money demanded by the defendants, credit damage, time loss, out-of-pocket expenses, and attorney's fees and costs incurred to resist the defendants' unlawful collection action in the state court.  the Townsends' credit standing has been irretrievably and adversely affected.

46. The Townsends have suffered damage to their business and property as a result of the actions by Defendant BONY through their debt collector Mr. Cooper, including diminution in the value of the Property, credit damage, time loss, and out-of-pocket expenses.

### C. COUNT THREE: PER SE VIOLATIONS OF CPA BY VIOLATION OF THE WASHINGTON COLLECTION AGENCY ACT, ALL DEFENDANTS

47. With respect to the alleged debt, the Townsends are "debtors" as defined by the Washington Collection Agency Act, RCW 19.16.100(7). Defendant Mr. Cooper, acting on behalf of BONY, is a "collection agency" as defined by RCW 19.16.100(4).

48. The defendant Mr. Cooper, is licensed as an out-of-state collection agency and is governed by the CAA, Chapter 19.16 *et seq*.

49. RCW 19.16.250 (15) prohibits any licensee to "[c]ommunicate with the debtor and represent or imply that the existing obligation of the debtor may be or has been increased by the addition of attorney fees, investigation fees, service fees, or any other fees or charges when in fact such fees or charges may not legally be added to the existing obligation of such debtor."

50. Mr. Cooper, through its agent law firm, nearly ten years after the Townsends' liability under the Note was discharged in bankruptcy, invokes the right to recover under the terms of such Note. Because the liability of the Townsends under the Note is invalid, there was neither an "existing obligation" nor any additional fees or costs to be added to such existing application. Therefore, the Amended Complaint, paragraph 14, which seeks to recover "reasonable attorney fees and court costs" in addition to the principal and accrued interest under terms of said Note, violates RCW 19.16.250(15).

51. Defendants BONY and Mr. Cooper had six years from January 1, 2010, when the last payment was due prior to bankruptcy discharge, to enforce the terms of the Deed of Trust because the discharge triggered the Washington's six-year statute of limitations period. RCW 4.16.040(1).

52. The bankruptcy discharge order gave BONY or any other entity claiming rights and interests under the Deed of Trust actual notice that the limitations period to foreclose on the

Property as collateral had commenced and would have expired by January 1, 2016. However, Mr. Cooper did not cause for the collection/foreclosure lawsuit to be filed in Pierce County Superior Court until April of 2019, more than three years after the statute of limitations has expired.

53.     RCW 19.16.250(23) prohibits a licensee under the CAA to "[b]ring an action or initiate an arbitration proceeding on a claim when the licensee knows, or reasonably should have known, that such suit or arbitration is barred by the applicable statute of limitations." Having been a default servicer on the Townsend loan over the period of many years, Mr. Cooper knew or should have known that due to the bankruptcy discharge on January 13, 2010, its principal, BONY, only had six years from such date to foreclose on the property. Yet, Mr. Cooper did not cause the lawsuit to be filed until April of 2019, years after the applicable statute of limitations period had expired. As such, Mr. Cooper, as a licensee under the CAA, violated subsection (23) of the statute.

54.     RCW 19.16.450 provides that a violation of RCW 19.16.250 by a licensee prohibits the licensee and the licensee's customer, or any other person who may thereafter legally seek to collect on a claim, from recovering "any interest, service charge, attorneys' fees, collection costs, delinquency charge, or any other fees or charges otherwise legally chargeable to the debtor on such claim."

55.     Violations of the CAA under RCW 19.16.250 are per se violations that are enforced through RCW 19.86 *et seq.,* and violations are injurious to the public interest as unfair and deceptive practices.[1]  *See* RCW 19.16.440; RCW 19.86.093.

56.     The defendants' individual and collective conduct have directly and proximately caused the Townsends to suffer injury and actual damages including diminution in the value of the Property, sums of money demanded by the defendants, credit damage, time loss, out-of-

---

[1] *See Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 53 (2009) ("Consumer debt collection is a highly regulated field.  When a violation of debt collection regulations occurs, it constitutes a per se violation of the CPA…").

FIRST AMENDED COMPLAINT - 12                           12                           HENRY & DEGRAAFF, P.S
                                                                                    787 MAYNARD AVE SOUTH
                                                                                    SEATTLE WA 98104
                                                                                    Tel. 206-330-0595/Fax206-400-7609

pocket expenses, attorney's fees and costs incurred to resist the defendants' unlawful collection action in the state court.

57. Even minimal or nominal damages constitute "injury" under the CPA. *Panag*, 166 Wn.2d at 57. A plaintiff need not prove any monetary damages at all, as even "unquantifiable damages" suffice to establish "injury" for purposes of the CPA. *d*. (citing *Nordstrom, Inc. v. Tampourlos*, 107 Wn.2d 735, 740 (1987)).

58. Additionally, Mr. Cooper's *per se* violations of the CPA entitle the Townsends to recover treble damages, attorneys' fees, and costs pursuant to RCW 19.86.090.

D. **COUNT THREE: INJUNCTIVE RELIEF, ALL DEFENDANTS**

59. A plaintiff may seek injunctive relief for violations of the Consumer Protection Act. RCW 19.86.090.

60. The Townsends seeks injunctive relief from this Court which would enjoin Defendants from collecting debts in the manner described above from both the Townsends and any other person similarly situated.

61. Specifically, the Townsends seek an injunction prohibiting Defendants from pursing their unlawful debt collection tactics, including but not limited to demanding collection fees/costs that are specifically disallowed by statute, misrepresenting the status of the debt, and collecting on time-barred debt that is passed the statute of limitations in a foreclosure context

62. The Townsends have reason to believe these actions make up a pattern and practice of behavior and have impacted other individuals similarly situated.

63. Injunctive relief is necessary to prevent further injury to the Townsends and to the Washington state public as a whole.

64. Injunctive relief should therefore issue as described herein.

IV.   **PRAYER FOR RELIEF & DAMAGES**

Having stated their allegations and claims, the Townsends pray the Court for the following relief:

1. For declaratory relief and judgment that the subject mortgage debt has been discharged in bankruptcy effective January 13, 2010, via order of the bankruptcy court;

2. For an injunction barring the defendants from dispossessing the Townsends from their real property and money;

3. For damages provided under the Fair Debt Collection Practices Act;

4. For damages provided for under the Washington Collection Agency Act;

5. For damages suffered, and treble damages and attorney fees and costs under the Washington Consumer Protection Act;

6. For injunctive relief;

7. For prejudgment interest;

8. For other additional relief the Court deems just and equitable.

DATED this 1st day of June 2020.

/s/ Christina L Henry
Christina L Henry, WSBA 31273
Counsel for Defendants
HENRY & DEGRAAFF, PS
787 Maynard Ave S
Seattle, WA 98104
Tel# 206-330-0595
Fax 206-400-7609

/s/ Ha Thu Dao
Ha Thu Dao, WSBA 21793
Counsel for Defendants
10728 16th Ave SW
Seattle, WA 98146
727-269-9334