Daniel J. Gibbons, WSBA No. 33036
Steven J. Dixson, WSBA No. 38101
WITHERSPOON · KELLEY
422 W. Riverside Avenue, Suite 1100
Spokane, WA  99201-0300
Phone:  (509) 624-5265
Fax:   (509) 458-2728
djg@witherspoonkelley.com
sjd@witherspoonkelley.com

*Attorneys for Defendant the Bank New York Mellon, f/k/a the Bank of New York as Trustee for First Horizon Alternative Mortgage Securities Trust 2006-AA6 and Nationstar Mortgage LLC d/b/a Mr. Cooper*

**Hon. Benjamin H. Settle**

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON (TACOMA)

| | |
|---|---|
| SCOTT TOWNSEND and DEBORAH TOWNSEND, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>THE BANK OF NEW YORK MELLON, f/k/a THE BANK OF NEW YORK AS TRUSTEE FOR FIRST HORIZON ALTERNATIVE MORTGAGE SECURITIES TRUST 2006-AA6; MR. COOPER f/k/a NATIONSTAR MORTGAGE, LLC<br><br>Defendants. | NO.  3:20-cv-05397-BHS<br><br>DEFENDANTS' SECOND MOTION TO DISMISS OR TO STAY PROCEEDINGS<br><br>NOTE ON MOTION CALENDAR: AUGUST 28, 2020 |

DEFENDANTS' SECOND MOTION TO DISMISS OR TO STAY PROCEEDINGS - 1
S2062432


WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300   Fax: 509.458.2728

Defendants the Bank of New York Mellon f/k/a the Bank of New York as Trustee for First Horizon Alternative Mortgage Securities Trust 2006-AA6 (**BoNYM**) and Nationstar Mortgage LLC (**Nationstar**), incorrectly sued as Mr. Cooper f/k/a Nationstar Mortgage, LLC, move to stay or dismiss this action in the interests of judicial efficiency and economy.

## I.    SUMMARY OF ARGUMENT

BoNYM filed its foreclosure suit in state court over a year before Deborah and Scott Townsend filed this lawsuit.  In response to BoNYM's foreclosure suit, the Townsends contend it is barred by the applicable six-year statute of limitations triggered by their discharge in bankruptcy in January 2010 and the bankruptcy court's discharge order.  They seek dismissal of the foreclosure suit with prejudice. Relying on the same limitations and discharge theories, the Townsends filed this action under the Fair Debt Collection Practices Act (**FDCPA**), 15 U.S.C. § 1692 *et seq.*, and Washington Consumer Protection Act (**CPA**), RCWA § 19.86 *et seq.*  The *Colorado River* doctrine requires dismissal or stay of this lawsuit in favor of the parallel state court proceeding.  This case should be dismissed or stayed because the state court first assumed jurisdiction over the property, piecemeal litigation exists, the state action was filed first and has progressed further, the limitations issue is better addressed in state court, the state court can adequately protect the Townsends' federal rights, the Townsends engaged in forum shopping, and the state action can resolve all issues in this proceeding.  No factor weighs in favor of allowing this action to proceed—it is exactly the wasteful litigation *Colorado River* is designed to prevent.

DEFENDANTS' SECOND MOTION TO DISMISS OR TO STAY PROCEEDINGS - 2
S2062432

WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

## II. RELEVANT FACTUAL BACKGROUND

### A. Prior Bankruptcy and Lawsuits

#### 1. Request for Judicial Notice

Pursuant to Federal Rule of Evidence 201(c), BoNYM and Nationstar request the court take judicial notice of the cases and pleadings identified herein or attached hereto.

#### 2. 2009 Bankruptcy

This suit concerns the Townsends' mortgage loan. The Townsends filed for chapter 7 bankruptcy protection on October 8, 2009 in the U.S. Bankruptcy Court in the Western District of Washington.[1] Then creditor First Horizon Home Loans, a division of First Tennessee Bank N.A., moved to lift the stay[2] which was granted in December 2009.[3] Debtors were discharged in January 2010.[4]

#### 3. 2012 Lawsuit

The Townsends filed a lawsuit against BoNYM (amongst others) in July 2012 which was removed to the U.S. District Court in the Western District of Washington (Seattle) in August 2012.[5] The Townsends amended their complaint in January of 2013.[6] In February of 2013, BoNYM, First Horizon, and MERs moved to dismiss.[7] The Townsends dismissed their lawsuit soon after.[8] The court dismissed the case with prejudice in March of 2013.[9]

---

[1] *See* Case 09-47534-PBS, doc 1.
[2] *See* Case 09-47534-PBS, doc 18.
[3] *See* Case 09-47534-PBS, doc 23.
[4] *See* Case 09-47534-PBS, doc 26.
[5] *See* Case 3:12-cv-05778-RBL, doc 1.
[6] *See* Case 3:12-cv-05778-RBL, doc 27.
[7] *See* Case 3:12-cv-05778-RBL, doc 28.
[8] *See* Case 3:12-cv-05778-RBL, doc 30.
[9] *See* Case 3:12-cv-05778-RBL, doc 31.

DEFENDANTS' SECOND MOTION TO DISMISS OR TO STAY PROCEEDINGS - 3
S2062432

WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300         Fax: 509.458.2728

### 4. 2013 Lawsuit

The Townsends filed another lawsuit in November 2013 against Nationstar which was removed to the U.S. District Court in the Western District of Washington (Tacoma) in December 2013.[10] The Townsends amended their complaint and the court later remanded the case to the Pierce County Superior Court in February 2014.[11] The state court entered an order granting Nationstar's summary judgment motion in September 2014. The case was later dismissed without prejudice in February 2015.

### B. Pending Foreclosure Suit

Due to the Townsends' default on their loan, BoNYM filed a complaint for foreclosure on April 25, 2019 against the Townsends in the Pierce County Superior Court as Cause No. 19-2-07409-0.[12] BoNYM first amended its complaint for foreclosure on May 17, 2019.[13] The Townsends removed to the U.S. District Court in the Western District of Washington (Tacoma) on July 24, 2019 claiming they were previously discharged in bankruptcy in 2010 and limitations expired on December 1, 2015.[14] They further claimed BoNYM is in violation of the bankruptcy court's discharge order. *Id*. On August 6, 2019, BoNYM moved to remand.[15] The court granted BoNYM's motion on September 10, 2019 finding the Townsends' claims based on a statute of limitations, not 11 USC 524(a)(2).[16] The Townsends answered the first amended complaint on or about February 11, 2020 in the pending foreclosure action.[17] As an affirmative defense, the Townsends

---

[10] *See* Case 3:13-cv-06052-RBL, doc 1.
[11] *See* Case 3:12-cv-05778-RBL, docs 17 and 18; Civil Case 13-2-14954-6.
[12] BoNYM's complaint is attached as **Exhibit 1**.
[13] BoNYM's first amended complaint is attached as **Exhibit 2**.
[14] *See* Case 3:19-cv-05678-RBL, doc 1.
[15] *See* Case 3:19-cv-05678-RBL, doc 8.
[16] *See* Case 3:19-cv-05678-RBL, doc 11.
[17] Townsends' answer is attached as **Exhibit 3**.

DEFENDANTS' SECOND MOTION TO DISMISS OR TO STAY PROCEEDINGS - 4
S2062432

**WK WITHERSPOON·KELLEY**
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100      Phone: 509.624.5265
Spokane, Washington 99201-0300            Fax: 509.458.2728

contend the foreclosure action is barred by the applicable statute of limitations because their bankruptcy discharge in 2010 started the six-year limitations clock. *Id*. They seek dismissal with prejudice, damages, costs, expenses, and attorney's fees. *Id*.

### C.   New Lawsuit

The Townsends filed this lawsuit against BoNYM and Nationstar on April 28, 2020.[18] On June 1, 2020, they amended the complaint asserting violations of the FDCPA and CPA.[19] Waivers of service were filed on June 22, 2020. Docket Nos. 11 & 12. The Townsends claim they were discharged on January 13, 2010 and never reaffirmed the loan.[20] They allege the six-year limitations period to enforce the deed of trust was triggered on January 1, 2010 and expired on January 1, 2016.[21] All of their claims against BoNYM and Nationstar rely on their limitations and discharge theories.[22]

### III.   ARGUMENTS & AUTHORITIES

### A.   Applicable Legal Standard

*Colorado River Water Conserv. Dist v. United States*, 424 U.S. 800 (1976), and its progeny provide a federal district court with discretion to stay or dismiss the proceeding before it pending the resolution of a concurrent parallel state court proceeding based on "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Montanore Minerals Corp. v. Bakie*, 867 F.3d 1160, 1165 (9th Cir. 2017). The

---

[18] *See* complaint ¶¶ 18-41, Docket No. 1.
[19] Their amended complaint omits the quiet title claim they originally asserted. *Compare* complaint ¶¶ 19–22, doc 1 *with* amended complaint, Docket No. 7.
[20] Amended complaint ¶ 19, Docket No. 7.
[21] *Id.* at ¶¶ 20, 52.
[22] *Id.* at ¶¶ 34, 41, 50–54, 60–61.

DEFENDANTS' SECOND MOTION TO DISMISS OR TO STAY PROCEEDINGS - 5
S2062432

WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100      Phone: 509.624.5265
Spokane, Washington 99201-0300            Fax: 509.458.2728

Court of Appeals recognizes the following eight factors in determining whether stay or dismissal is warranted under *Colorado River*:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*Id.* at 1166. These factors should not be applied mechanically; instead, a court should carefully balance "the important factors as they apply in a given case." *Id.* While the analysis begins with the scale "heavily weighted in favor of the exercise of jurisdiction," a court abuses its discretion if its failure to stay or dismiss an action contravenes *Colorado River*'s policy concerns. *See id.* at 1170–71.

**B.     Stay or Dismissal is Warranted Under *Colorado River***

   **1.     The State Court First Assumed Jurisdiction Over the Property**

The first *Colorado River* factor addresses the concern that "parallel proceedings will result in inconsistent dispositions of [the same] property." *Id.* at 1166. It requires a stay where both actions are in rem or quasi in rem with respect to the same property and the state action was filed first. *See 40235 Wash. St. Corp. v. Lusardi*, 976 F.2d 587, 589 (9th Cir. 1992). It favors a stay even where one of the actions is not in rem or quasi in rem if the other is and the parallel proceedings present the risk of inconsistent dispositions as to a litigant's property interest. *See Montanore*, 867 F.3d at 1167.

The Pierce County Superior Court assumed jurisdiction over the property on April 25, 2019. This action was filed over a year later. In the state action, BoNYM seeks to foreclose its lien on the property through a foreclosure sale. The

DEFENDANTS' SECOND MOTION TO DISMISS OR TO STAY PROCEEDINGS - 6
S2062432

WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100         Phone: 509.624.5265
Spokane, Washington 99201-0300              Fax: 509.458.2728

Townsends assert BoNYM's claims are barred by the statute of limitations and the bankruptcy court's discharge order. In this action, the Townsends base their FDCPA and CPA claims on these same theories. While only the state action is in rem, resolution of the Townsends' claims requires the court to determine the extent to which BoNYM can enforce its interest in the property—the very question before the state court. Because the nature of the Townsends' FDCPA and CPA claims risks the two courts rendering inconsistent findings regarding BoNYM's property interest, the first *Colorado River* factor weighs in favor of stay or dismissal.

### 2. The Convenience of the Two Fora is Irrelevant

The second *Colorado River* factor weighs in favor of deference where the federal forum is sufficiently inconvenient. *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1368 (9th Cir. 1990). This factor is irrelevant because the Tacoma Division is located just a few miles away from the Pierce County Superior Court. *See Ala. Airlines, Inc. v. Schurke*, No. C11-0616JLR, 2013 WL 1898209, at *8 (W.D. Wash. May 6, 2013) (finding the second factor to be irrelevant where both fora were located in Washington).

### 3. Avoiding Piecemeal Litigation Strongly Weighs in Favor of Stay

"Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Montanore*, 867 F.3d at 1167 (*quoting Am. Int'l Underwriters, (Phil.), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988)). The Supreme Court was most concerned with this factor in *Colorado River*, *see United States v. Morros*, 268 F.3d 695, 706 (9th Cir. 2001), and it strongly weighs in favor of stay or dismissal here.

As it stands, the parties will be litigating the same core issues in both state and federal court: whether limitations or the bankruptcy court's discharge order precludes BoNYM from foreclosing on the property or collecting on the loan.

DEFENDANTS' SECOND MOTION TO DISMISS OR TO STAY PROCEEDINGS - 7
S2062432

WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300         Fax: 509.458.2728

Should the court proceed, piecemeal litigation is not a mere possibility—it is inevitable. By contrast, if the court stays or dismisses this proceeding, it will alleviate the parties from duplicating their efforts and reduce the risk of inconsistent findings as to the validity and enforceability of BoNYM's rights.

### 4. State Court Obtaining Jurisdiction First Favors Stay

The fourth *Colorado River* factor considers which action was filed first and the relative progress in each. *Montanore*, 867 F.3d at 1168; *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21 (1983). This action was filed one year after BoNYM's state action. There has been considerable litigation in the state action. The case was removed and remanded, BoNYM secured a default judgment against some of the parties establishing the priority of its lien, the Townsends have filed their answer and defenses, and the parties are engaging in written discovery. By contrast, here, the parties have engaged in little motion practice and no discovery.

### 5. Interplay of State and Federal law Renders Fifth Factor Neutral

The fifth *Colorado River* factor may favor stay or dismissal when an action raises questions of state law which are complex and better resolved by a state court. *Montanore*, 867 F.3d at 1168. The central issues in both cases is the running of a Washington statute of limitations. Each of the Townsends' claims, including their federal claim, largely rests on their theory foreclosure on their property is time-barred. The limitations issue is better resolved by the Pierce County Superior Court, as it requires interpreting Washington law and ultimately delineates a property interest, which is traditionally the province of state law. But because the limitations issue is not complex and federal law issues are present, this factor is likely neutral. *See Moses H. Cone Mem'l Hosp.*, 460 U.S. at 942 ("the presence of federal-law issues must always be a major consideration weighing against

DEFENDANTS' SECOND MOTION TO DISMISS OR TO STAY PROCEEDINGS - 8
S2062432
WK WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300        Fax: 509.458.2728

surrender"). *Cf. Seneca Ins. Co., Inc. v. Strange Land, Inc.*, 862 F.3d 835, 844 (9th Cir. 2017) (finding where complexity in a state law case solely arises from the number of parties or claims, the source of law factor is neutral (*citing R.R. St.*, 656 F.3d at 980–81)).

### 6. The Townsends are Adequately Protected in State Court

The sixth *Colorado River* factor "concerns 'whether the state court might be unable to enforce federal rights.'" *Montanore*, 867 F.3d at 1169 (quoting *Seneca*, 862 F.3d at 845). The sixth factor may weigh in favor of a stay "when it is clear 'that the state court has authority to address the rights and remedies at issue. [H]owever, this factor is more important when it weighs [against a stay].'" *Id.* (citations omitted) (alterations in original). In this action, the Townsends assert claims under the FDCPA and CPA. There is no doubt Washington courts have the authority to hear these types of claims—they regularly do so. *Donohue v. Nielson*, 161 Wash. App. 606, 255 P.3d 760 (2011); *Leipheimer v. ReconTrust Co.*, 175 Wash. App. 1065 (2013); *Am. Exp. Centurion Bank v. Hengstler*, 186 Wash. App. 1035 (2015). The Townsends had the ability to bring their compulsory counterclaims alleged in this case rather in than in the state court foreclosure action and as a matter of law should have done so. This factor weighs in favor of stay or dismissal.

### 7. The Townsends' Forum Shopping Favors Stay or Dismissal

"When evaluating forum shopping under *Colorado River*, [courts] consider whether either party improperly sought more favorable rules in its choice of forum or pursued suit in a new forum after facing setbacks in the original proceeding." *Seneca Ins. Co.*, 862 F.3d at 846. The Townsends removed the state action only to have it remanded in September 2019. After the state action was remanded, the Townsends filed this action asserting both federal and state law claims relating to

DEFENDANTS' SECOND MOTION TO DISMISS OR TO STAY PROCEEDINGS - 9
S2062432

WK WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100      Phone: 509.624.5265
Spokane, Washington 99201-0300            Fax: 509.458.2728

the subject matter and conduct involved in the state action—rather than asserting their claims as counterclaims in state court as required by CR 13(a). This evidences the Townsends' preference for litigating in federal court and their desire to improperly avoid application of CR 13(a) in the state suit.

### 8.     Parallelism Favors Stay or Dismissal

The final *Colorado River* factor assesses whether the state action will resolve all issues before the federal court. *Montanore*, 867 F.3d at 1170. The factor looks to "'whether the state court proceeding sufficiently parallels the federal proceeding' in order 'to ensure comprehensive disposition of litigation.'" *Montanore*, 867 F.3d at 1170 (*quoting R.R. St.*, 656 F.3d at 982) (internal quotation marks omitted). "Exact parallelism" is not required. *Id.* "It is sufficient if the proceedings are 'substantially similar.'" *Id.* For example, the Court of Appeals for the Ninth Circuit has found actions "sufficiently parallel because they concerned the same relevant conduct and named the same pertinent parties . . . even though additional parties were named in the state suit, the federal suit included additional claims, and the suits arguably focused on different aspects of the dispute." *Montanore*, 867 F.3d at 1170 (*citing Nakash v. Marciano*, 882 F.2d 1411, 1416–17 (9th Cir. 1989)).

The Pierce County Superior Court proceeding and this action concern the same course of conduct regarding the loan and property; the Townsends' federal court claims are expressly based on the viability of BoNYM's claims in the state action. The same pertinent parties—the Townsends and BoNYM—are named in both suits. In terms of parties, the federal action differs from the state action in just two inconsequential ways: it omits parties BoNYM has already secured a default judgment against and who are not implicated by the Townsends' allegations, and the Townsends add BoNYM's servicer in an attempt to hold BoNYM responsible for the same course of conduct they assert is unlawful in the state action. As framed

DEFENDANTS' SECOND MOTION TO DISMISS OR TO STAY PROCEEDINGS - 10
S2062432

**WK** WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100          Phone: 509.624.5265
Spokane, Washington 99201-0300               Fax: 509.458.2728

by the Townsends, both actions ultimately turn on BoNYM's ability to collect or foreclose. Both revolve on whether the statute of limitations bars recovery. The Townsends' claims in this suit are compulsory counterclaims in the state action, and the Townsends were required by law to raise them there. *See* CR 13(a); *Schoeman v. N.Y. Life Ins. Co.*, 106 Wn.2d 855, 863–64 (1986) (en banc). In short, the cases are inextricably tied. The state court could resolve all issues before the federal court, saving the judicial system's resources and the parties the burden of wastefully duplicative litigation.

### IV.   PRAYER

The *Colorado River* factors countenance federal deference to the parallel Pierce County Superior Court proceeding. BoNYM and Nationstar respectfully request the court stay or dismiss this action in the interest of wise judicial administration.

Submitted this 3rd day of August, 2020.

WITHERSPOON · KELLEY

By:   */s/ Daniel J. Gibbons*
Daniel J. Gibbons, WSBA #33036
Steven J. Dixson, WSBA #38101
*Attorneys for Defendants the Bank New York Mellon, f/k/a the Bank of New York as Trustee for First Horizon Alternative Mortgage Securities Trust 2006-AA6 and Nationstar Mortgage LLC d/b/a Mr. Cooper*

DEFENDANTS' SECOND MOTION TO DISMISS OR TO STAY PROCEEDINGS - 11
S2062432

WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100      Phone: 509.624.5265
Spokane, Washington 99201-0300            Fax: 509.458.2728

**CERTIFICATE OF SERVICE**

1. I hereby certify that on the 3rd August, 2020, I caused to be electronically filed the foregoing SECOND MOTION TO DISMISS OR TO STAY PROCEEDINGS with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

**Ha Thu Dao:** hadaojd@gmail.com, Admin@Barrazalaw.com, youremylawyer@gmail.com, haandlinda@gmail.com

**Christina Latta Henry:** chenry@HDM-legal.com, mainline@hdm-legal.com, HenryDeGraaffPS@jubileebk.net

2. I hereby certify that I have mailed by United States Postal Service the foregoing document to the following non-CM/ECF participants at the address listed below: **None.**

3. I hereby certify that I have mailed by United States Postal Service the document to the following CM/ECF participants at the address listed below: **None.**

4. I hereby certify that I have hand-delivered the document to the following participants at the addresses listed below: **None**.

> *s/ Daniel J. Gibbons*
> Daniel J. Gibbons, WSBA # 33036
> WITHERSPOON • KELLEY
> 422 W. Riverside Ave., Suite 1100
> Spokane, WA 99201-0300
> Phone: 509-624-5265
> Fax: 509-458-2728
> djg@witherspoonkelley.com

DEFENDANTS' SECOND MOTION TO DISMISS OR TO STAY PROCEEDINGS - 12
S2062432



WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300         Fax: 509.458.2728