1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SCOTT TOWNSEND and DEBORAH
TOWNSEND,

Plaintiffs,

v.

BANK OF NEW YORK MELLON,
f/k/a BANK OF NEW YORK AS
TRUSTEE FOR FIRST HORIZON
ALTERNATIVE MORTGAGE
SECURITIES TRUST 2006-AA6; MR.
COOPER, f/k/a/ NATIONSTAR
MORTGAGE, LLC,

Defendants.

CASE NO. C20-5397 BHS

ORDER DENYING
DEFENDANTS' MOTION TO
DISMISS

This matter comes before the Court on Defendants Bank of New York Mellon

("BoNYM") and Mr. Cooper's (collectively "Defendants") motion to dismiss or to stay

proceedings.  Dkt. 13.  The Court has considered the pleadings filed in support of and in

opposition to the motion and the remainder of the file and hereby denies the motion for

the reasons stated herein.

ORDER - 1

## I.   PROCEDURAL AND FACTUAL HISTORY

On April 28, 2020, Plaintiffs Scott and Deborah Townsend ("Townsends") filed a complaint against Defendants asserting a claim to quiet title, claims for violations of the Fair Debt Collection Practices Act ("FDCPA"), and a claim for violation of Washington's Consumer Protection Act ("CPA").  Dkt. 1.  On June 1, 2020, the Townsends filed an amended complaint that excludes the claim to quiet title.  Dkt. 7. The Townsends' remaining claims are based on the general theory that it is false, misleading, unfair, and/or deceptive to attempt to collect on a debt when such collection may be precluded by the affirmative defense that the collection action is time-barred.  *Id.*

On August 24, 2020, Defendants filed a motion to dismiss or to stay proceedings. Dkt. 13.  Defendants seek a stay or dismissal under *Colo. River Water Conserv. Dist v. United States*, 424 U.S. 800 (1976) because there is a parallel state court foreclosure proceeding.  *Id.*  On April 25, 2019, BoNYM filed the foreclosure proceeding in Pierce County Superior Court for the State of Washington alleging that the Townsends had defaulted on their promissory note regarding a loan for their house on Fox Island.  Dkt. 13-1 at 2–40.  On February 11, 2020, the Townsends answered BoNYM's amended complaint and in relevant part asserted the affirmative defense that the statute of limitations had run on BoNYM's claim to foreclose under *Jarvis v. Fed. Nat'l Mortgage Ass'n*, 3:16-CV-05194-RBL, 2016 WL 7243754 (W.D. Wash. Dec. 15, 2016).  *Id.* at 88–89.  Similar to the plaintiffs in *Jarvis*, the Townsends were discharged from bankruptcy in January 2010 and BoNYM initiated judicial foreclosure proceedings more than six years after that discharge.  *Id.*

1    On August 24, 2020, the Townsends responded to Defendants' motion to dismiss.

2  Dkt. 15.  On August 27, 2020, BoNYM replied.  Dkt. 17.

3                                  **II.   DISCUSSION**

4    Abstention under *Colorado River* is appropriate "in deference to pending, parallel

5  state proceedings."  *Montanore Minerals Corp. v. Bakie*, 867 F.3d 1160, 1165 (9th Cir.

6  2017), *as amended on denial of reh'g and reh'g en banc* (Oct. 18, 2017) (citing *Colo.*

7  *River*, 424 U.S. at 817).  The decision "does not rest on a mechanical checklist, but on a

8  careful balancing of the important factors as they apply in a given case, with the balance

9  heavily weighted in favor of the exercise of jurisdiction."  *Moses H. Cone Mem'l Hosp. v.*

10  *Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).

11    In this case, Defendants have failed to establish that abstention is appropriate

12  because Defendants fail to plausibly show overlapping issues or piecemeal litigation.

13  First, the portion of the Townsends' claims relying on Defendants' allegedly untimely

14  judicial foreclosure appear subject to dismissal.  *See, e.g.*, *Nelson v. Specialized Loan*

15  *Servicing, LLC*, 3:20-CV-05461-RBL, 2020 WL 5065292 (W.D. Wash. Aug. 27, 2020)

16  (it is not an unfair or deceptive act to attempt to collect debts that could be subject to

17  affirmative defenses).  Second, the remainder of the Townsends' claims are based on

18  Defendants' attempt to collect debt that was discharged.  It is highly unlikely that this

19  Court and the state court will reach different conclusions on this issue.  *See Taggart v.*

20  *Lorenzen*, 139 S. Ct. 1795, 1800 (2019) ("A discharge order 'operates as an injunction'

21  that bars creditors from collecting any debt that has been discharged.).  At the very least,

22

1 | Defendants have failed to persuade the Court that abstaining or staying this matter is

2 | appropriate at this time.

3 | ### III.  ORDER

4 | Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss or to stay

5 | proceedings, Dkt. 13, is **DENIED**.

6 | Dated this 2nd day of November, 2020.

7

8

BENJAMIN H. SETTLE
United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 4