The Honorable Benjamin H. Settle

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON (TACOMA)**

SCOTT TOWNSEND and DEBORAH TOWNSEND, husband and wife,

Plaintiffs,

v.

THE BANK OF NEW YORK MELLON, f/k/a THE BANK OF NEW YORK AS TRUSTEE FOR FIRST HORIZON ALTERNATIVE MORTGAGE SECURITIES TRUST 2006-AA6; MR. COOPER f/k/a NATIONSTAR MORTGAGE, LLC

Defendants.

Case No. 3:20-cv-05397-BHS

**NATIONSTAR AND BONYM'S MOTION FOR SUMMARY JUDGMENT**

**NOTE ON MOTION CALENDAR: APRIL 22, 2022**

Defendants Nationstar Mortgage LLC d/b/a Mr. Cooper, erroneously sued as Mr. Cooper f/k/a/ Nationstar Mortgage, LLC, and The Bank of New York Mellon, f/k/a The Bank of New York as Trustee for First Horizon Alternative Mortgage Securities Trust 2006-AA6 (**BoNYM**) move for summary judgment under Federal Rule of Civil Procedure 56 on all claims asserted in plaintiffs Scott and Deborah Townsends' first amended complaint (Dkt. No. 7).

## I. INTRODUCTION

The Townsends defaulted on their $650,000.00 mortgage loan and now seek to use their bankruptcy discharge as a shield to foreclosure. They claim the statute of limitations period to recoup any loan payments lapsed 6 years after the discharge order entered. Washington's Court

of Appeals recently rejected this exact argument. A bankruptcy discharge does not trigger the final foreclosure statute of limitations. Only a lender can start that clock by affirmatively accelerating the debt before the contractual maturity date. BoNYM—the Townsends' loan owner—never accelerated. It has until 6 years after maturity in 2036 to foreclose.

All of the Townsends' causes of action fall apart after disregarding their incorrect statute of limitations theory. Each claim bases on their flawed time-barred debt assumption. BoNYM can foreclose under the unexpired deed of trust that survived the Townsends' bankruptcy. Neither BoNYM nor Nationstar seek to recover the debt from the Townsends personally. The Court should enter judgment in BoNYM and Nationstar's favor on all claims.

## II. STATEMENT OF UNDISPUTED FACTS

The Townsends executed an installment promissory note evidencing a $650,000.00 loan from First Horizon Home Loan Corporation in 2006. (**Exhibit A** – Nationstar Decl. ¶¶ 7, 8, and Ex. 1.) The loan does not mature until September 1, 2036. (*Id.* at Ex. 1 (¶ 3).) The note, which BoNYM possesses, is blank-indorsed. (*Id.* at ¶ 12 and Exs. 1, 5; **Exhibit B –** Janeway Decl.)

The loan is also secured by a deed of trust recorded against the Townsends' property at 1221 14th Avenue, Fox Island, Washington 98333 on September 6, 2006. (Ex. A, Ex. 2.) The deed of trust contains an optional acceleration provision and recites the same September 1, 2036 maturity date. (*Id.* at Ex. 2 (p. 2 and ¶ 22).) BoNYM is the deed of trust beneficiary. (*Id.* at ¶¶ 10, 11 and Exs. 3, 4.) Nationstar services the loan on its behalf. (*Id.* at ¶ 2.)

The Townsends defaulted on their mortgage payments in 2008. (*Id.* at ¶ 13, Ex. 5.) They filed for Chapter 7 bankruptcy on October 8, 2009, and received a discharge on January 13, 2010. (**Exhibit C** – Chapter 7 Petition; **Exhibit D** – Discharge Order.)

The Townsends have not made any loan payments since receiving their discharge. (Ex. A, Ex. 6.) Nationstar sent the Townsends a notice of default and right to cure on June 27, 2016. (*Id.* at ¶ 15, Ex. 7.) The notice stated:

> **[I]f you are currently in bankruptcy or have received a discharge in bankruptcy, this communication is not an attempt to collect a debt from you personally to the extent that it is included in your bankruptcy or has been discharged, but is provided for informational purposes only.**

Nationstar also warned that failure to cure the default could result in acceleration of the debt and foreclosure of the property secured by the deed of trust. (*Id.*) To date, the Townsends have not cured the default. (*Id.* at ¶ 13, Ex. 6.)

BoNYM filed a foreclosure action against the Townsends in Pierce County, Washington on April 25, 2019. *BoNYM v. Deborah Townsend, et al.*, No. 19-2-07409-0. It amended its foreclosure complaint on May 17, 2019. (**Exhibit E** – Am. Foreclosure Compl.) It requests an order declaring the deed of trust a senior lien on the property and permitting it to foreclose against the property for all amounts due under the loan. (*Id.* at 10.) BoNYM also stated:

> **PLEASE BE ADVISED THAT IF YOUR PERSONAL LIABILITY FOR THIS DEBT HAS BEEN EXTINGUISHED BY A DISCHARGE IN BANKRUPTCY OR BY AN ORDER GRANTING IN REM RELIEF FROM STAY, THIS NOTICE IS PROVIDED SOLELY TO FORECLOSE THE MORTGAGE REMAINING ON YOUR PROPERTY AND IS NOT AN ATTEMPT TO COLLECT THE DISCHARGED PERSONAL OBLIGATION**

(*Id.* at 12 (emphasis in original).) The foreclosure action remains pending.

The Townsends brought this lawsuit against BoNYM and Nationstar for Fair Debt Collection Practices Act (**FDCPA**) violations, Washington Consumer Protection Act (**CPA**) violations, and injunctive relief. (Dkt. No. 7 at 6-14.) They claim the final statute of limitations period to foreclose under their deed of trust ran on January 13, 2016—6 years after they received their 2010 bankruptcy discharge. (Dkt. No. 7 at 5 (¶ 19).) The Townsends believe BoNYM's foreclosure action and Nationstar's correspondence about the loan sent after January 2016 violated these state and federal laws. (*Id.* at 5 (¶ 23).)

## III. REQUEST FOR JUDICIAL NOTICE

A court may judicially notice matters of public record. Fed. R. Evid. 201; *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001). Matters of public record include documents recorded by a county recorder's office or on file in state courts. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012); *Grant v. Aurora Servs., Inc.*, 736 F.Supp.2d 1257, 1264 (C.D. Cal. 2010). Nationstar and BoNYM request the court take judicial notice of exhibits B and C through E.

They are documents publicly filed in the Townsends' bankruptcy case and BoNYM's judicial foreclosure action against the Townsends. They are public records from sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201.

## IV. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor." *Tri-City Railroad Co., LLC v. Preferred Freezer Servs. Of Richland, LLC*, No. 2:19-CV-00045-SAB, 2020 WL 3965971, *1 (E.D. Wash. July 13, 2020) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)). The moving party has the initial burden to show no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to the non-moving party who must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

## V. ARGUMENT

### A. The Statute of Limitations Has Not Run.

Actions to collect debts secured by deeds of trust are governed by Washington's 6-year statute of limitations. RCW 4.16.040; *Copper Creek (Marysville) Homeowners Ass'n v. Kurtz*, 502 P.3d 865, 871 (Wash. App. 2022). The creditor must bring an action to collect the debt within 6 years after the cause of action accrues. *Copper Creek*, 502 P.3d at 873. A cause of action to collect an installment loan accrues with each installment as it comes due. *Id.*; *4518 S. 256th, LLC v. Karen L. Gibbon, P.S.*, 382 P.3d 1, 6 (Wash. App. 2016). The last payment due triggers the final six-year period to enforce the debt, either through suit or foreclosure. *Copper Creek*, 502 P.3d at 873. The final installment comes due when the note matures or the lender accelerates maturity. *Id.* at 873; *4518 S. 256th, LLC*, 382 P.3d at 6.

When a note or deed of trust contains an optional acceleration clause, only the lender can accelerate the debt's contractual maturity date and make the entire loan balance immediately due. *Copper Creek*, 502 P.3d at 873. To do so, the lender must perform an affirmative act that clearly

and unequivocally notifies the borrower it accelerated the debt. *Id.*; *4518 S. 256th, LLC*, 382 P.3d at 7 ("Acceleration of the maturity of the debt must be made in a clear and unequivocal manner which effectively apprises the maker that the holder has exercised his right to accelerate the payment date." (quoting *Glassmaker v. Richard*, 593 P.2d 179, 181 (Wash. App. 1979)); *see also Weinberg v. Naher*, 99 P. 736, 737 (Wash. 1909) ("Some affirmative action is required, some action by which the holder of the note makes known to the payors that he intends to declare the whole debt due."). The debt remains unaccelerated until the lender performs the unequivocal acceleration act. *4518 S. 256th, LLC*, 382 P.3d at 8, 11-12.

A borrower's bankruptcy discharge cannot accelerate installment debt or advance the maturity date. *Copper Creek*, 502 P.3d at 873 ("Such a rule . . . would mean the option of the lender to accelerate or not to accelerate the maturity date of the note was eliminated."); *see Edmundson v. Bank of Am.*, 378 P.3d 272, 278 (Wash. App. 2016) ("[Acceleration] is an option to be exercised by the lender, not something triggered by events in bankruptcy proceedings."). A bankruptcy discharge is not an affirmative *lender* action. *See Edmundson*, 378 P.3d at 278. The Washington Court of Appeals in *Copper Creek* confirmed "[n]o Washington Supreme Court case has established such a rule. It is not the law in Washington." 502 P.3d at 873. Any federal cases holding otherwise "are in error" (e.g. *Javis v. Federal Nat'l Mortg. Ass'n*, No. C16-5194-RBL, 2017 WL 1438040 (W.D. Wash. Apr. 24, 2017) and *Hernandez v. Franklin Credit Management Corp.*, No. BR 18-01159-TWD, 2019 WL 3804138 (W.D. Wash. Aug. 13, 2019)). *Id.*

Any argument the statute of limitations runs from the date of the last payment due prior to the debtor's discharge in bankruptcy also fails. That is because a bankruptcy discharge solely terminates the lender's ability to bring an in personam breach of contract action against the borrower for non-payment. *Copper Creek*, 502 P.3d at 872. The debt remains due after discharge and the deed of trust passes through bankruptcy unaffected. *Id.* at 872, 876, 877. "The debt, the note, and the payment schedule remain unchanged." *Id.* at 877. Because the debt remains due, the statute of limitations continues to accrue for each installment separately until maturity or acceleration. *Id.* Only then does then does the final 6-year clock start to run. *Id.* at 873. The lender can still enforce a claim against a debtor in rem until 6 years after the maturity

or acceleration date regardless of borrower's bankruptcy discharge. *Id.* at 872.

The Washington Court of Appeals adhered to its *Copper Creek* decision in *Merritt v. USAA Fed. Savings Bank*, No. 82162-8-I, 2022 WL 355243, * (Wash. App. Feb. 7, 2022):

> The trial court correctly concluded that the [borrowers'] bankruptcy discharge did not cause the statute of limitations on the enforcement of the deed of trust to run on payments that became due after discharge. A bankruptcy discharge eliminates a debtor's personal liability on a promissory note, but it does not terminate a lender's claim against the debtor.

The Townsends' statute of limitations argument fails under *Copper Creek* and *Merritt*. They executed an installment note and deed of trust with a September 1, 2036 maturity date. (Ex. A, Exs. 1, 2.) Both the note and deed of trust contain optional acceleration provisions:

> If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount.

(*Id.* at Ex. 1 (¶ 7).)

> Lender, at its option, may require immediate payment in full of all sums secured by this Security Instrument.

(*Id.* at Ex. 2 (¶ 22).)

Bankruptcy discharge did not trigger the final statute of limitations period to foreclose. *See Copper Creek*, 502 P.3d at 873, 877. That period only starts to run on the contractual maturity date or the date BoNYM accelerates the debt. *See id.* The Townsends do not allege—and presented no evidence—that BoNYM accelerated more than 6 years ago. Nor can they. BoNYM never clearly or unequivocally notified the Townsends it accelerated all future payments due under the loan until filing the foreclosure suit in 2019. (Ex. E.) Because the statute of limitations never expired, the debt remains due and BoNYM can enforce it through foreclosure. Each of the Townsends' causes of action fail.

### B. Nationstar Did Not Violate the FDCPA.

FDCPA section 1692e prohibits debt collectors from using false, deceptive, or misleading representations or means to collect a debt. 15 U.S.C. § 1692e. The Townsends point out the

following, though not an exhaustive list, constitute false, deceptive, and misleading debt collection practices:

- Falsely representing the character, amount, or legal status of the debt;
- Threatening to take any action that cannot legally be taken; and
- Using a false representation or deceptive mean to collect a debt.

15 U.S.C. § 1692e(2)(A), (5), (10).

But enforcing a security instrument is not debt collection under the FDCPA. *Barnes v. Routh Crabtree Olsen PC*, 963 F.3d 993, 998-999 (9th Cir. 2020). Thus, filing a judicial deed of trust foreclosure action does not fall within the FDCPA's ambit. *Id.* at 999 ("[U]nless a deficiency judgment is on the table in the proceeding, a person judicially enforcing a deed of trust is seeking only the return or sale of the security, not to collect debt."); *Smith v. Bank of New York Mellon*, No. C19-0538-JJC, 2021 WL 1788395, *2 (W.D. Wash. 2021) (confirming that security instrument enforcement is not debt collection activity under the FDCPA, "irrespective of the nature of the foreclosure proceeding, so long as no debt other than the one associated with the security interest is pursued through the proceeding."). The same is true for actions to facilitate the security instrument's enforcement. *Barnes*, 963 F.3d at 999. Sending a notice of default or notice of sale falls under the security interest enforcement umbrella. *Id.*

The Townsends allege Nationstar violated FDCPA section 1692e by filing judicial foreclosure after the statute of limitations ran. (Dkt. No. 7 at 7-8 (¶ 34).) They argue Nationstar misrepresented the debt amount and legal status because the debt was extinguished 6 years after they received bankruptcy discharge. (*Id.*) The claim fails for several reasons.

First, Nationstar did not file the foreclosure action. (*Id.* at Ex. E.) The Townsends understandably did not name BoNYM in their FDCPA count because loan owners are not debt collectors subject to FDCPA regulation. *Henson v. Santander Consumer USA Inc.*, 137 S.Ct. 1718, 1724 (2017). But they cannot impose liability on Nationstar for actions it never took.

Second, the statute of limitations has not run and the debt is not extinguished. *See, supra,* § V.A. The Townsends cannot base their FDCPA claim on a statute of limitations theory.

And third, the judicial foreclosure action does not fall within FDCPA regulation. It is an

action to enforce the Townsends' deed of trust. (Ex. E at 1 ("First Amended Complaint for Deed of Trust Foreclosure").) BoNYM seeks foreclosure judgment and the right to sell the property to satisfy the secured debt. (*Id.* at 10.) It stated not once, but twice, that it waived any right to a deficiency judgment. (*Id.* at 8, 11.)

The Townsends also claim Nationstar sought a personal money judgment from them in the foreclosure case. (Dkt. No. 7 at 8 (¶ 34).) This is false. BoNYM filed the foreclosure complaint. (Ex. E.) It solely seeks to apply the proceeds from the sale of the property to satisfy the amounts due under the loan. (*Id.* at E at 10-12.) It waived any deficiency. (*Id.* at 8, 11 ("If any deficiency remains after application of the sales proceeds following the foreclosure sale, Plaintiff expressly waives a deficiency judgment and no deficiency judgment shall be entered against any defendant.").) Filing the complaint does not constitute FDCPA debt collection.

**C. Neither Nationstar Nor BoNYM Violated the CPA.**

Plaintiff must prove an (1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) impacting public interest; (4) her injury; and (5) causation to establish a CPA violation. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 710 P.3d 531, 533 (Wash. 1986). She may base the claim on a per se statutory violation, an act or practice that has the capacity to deceive substantial portions of the public, or an unfair or deceptive act or practice not regulated by statute but in violation of the public interest. *Klem v. Wash. Mutual*, 295 P.3d 1179, 1187 (Wash. 2013). The Townsends base their first CPA cause of action (Count Two) on the latter—a violation of the public interest. (Dkt. No. 7 at 10 (¶ 42).) To prove their claim, they must establish their lawsuit would address acts or practices injurious to the public. *Jet Parts Engineering, Inc. v. Quest Aviation Supply, Inc.*, No. C15-0530RSM, 2015 WL 4523497, *3 (W.D. Wash. July 27, 2015) (citing *Hangman Ridge*, 719 P.3d at 533).

The Townsends again claim Nationstar and BoNYM engaged in unfair and deceptive acts by sending them monthly mortgage statements showing the debt amount and filing the judicial foreclosure action after the statute of limitations lapsed. (Dkt. No. 7 at 9-10 (¶ 41).) The Townsends do not allege Nationstar or BoNYM demanded payment from them through any post-discharge correspondence. Nor can they because neither Nationstar nor BoNYM ever did.

The CPA claim cannot base on an expired statute of limitations theory either. The debt is not time-barred. The statute of limitations has not run under Washington law. *See, supra,* § V.A. And the debt is in fact still owed. *Copper Creek*, 502 P.3d at 872, 877. Nationstar and BoNYM are solely barred from pursuing an action against the Townsends personally for non-payment. *See id.* The Townsends have not and cannot prove Nationstar or BoNYM attempted to do so. Nationstar and BoNYM simply undertook actions the Townsends contractually agreed to when executing the deed of trust—foreclosing on the property due to their non-payment default. (Ex. A, Ex. 2 (¶ 22).) Nationstar and BoNYM did not engage in any unfair or deceptive practices, especially considering BoNYM pursues judicial rather than non-judicial foreclosure which is regulated by an impartial judge. *See Bavand v. Chase Home Finance LLC*, 188 Wash. App. 1058, *5 (July 20, 2015) (unpublished) (finding no unfair or deceptive practices where lender pursued foreclosure remedies permitted by the deed of trust).

The Townsends also allege Nationstar and BoNYM violated the CPA by sending them loss mitigation solicitation correspondence, communicating the property may be affected by foreclosure, and requesting their hazard insurance policy number. (Dkt. No. 7 at 8-9 (¶ 41).) Again, they base this on their theory the debt is time-barred. (*Id.*) Nationstar and BoNYM were required to warn the Townsends that continued default on the debt could lead to foreclosure. (Ex. A, Ex. 1 (¶ 22).) Nationstar and BoNYM could also request information about the Townsends' hazard insurance policy under the deed of trust, which passed through their bankruptcy unaffected. (*Id.* at Ex. 1 (¶ 5 ("If Lender requires, Borrower shall promptly give Lender all receipts of paid premiums and renewal notices")).) The Townsends agreed to maintain hazard insurance and keep BoNYM apprised of the insurance information.

The Townsends finally argue that Nationstar and BoNYM violated the CPA by reporting derogatory loan information to credit agencies. The Fair Credit Reporting Act (**FCRA**) preempts these claims. 15 U.S.C. § 1681t(b)(1)(F); *see Scott v. First Southern Nat'l Bank*, 936 F.3d 509, 521 (6th Cir. 2019) ("[T]he FCRA preempts both state statutory and common law claims."). The Townsends also cannot amend to assert a FCRA cause of action. There is no private right of action against a credit furnisher for allegedly reporting false information. *Marshall v. Swift River*

*Academy, LLC*, 327 Fed. Appx. 13, 14 (9th Cir. April 27, 2009); *Saunders v. Branch Banking & Tr. Co.*, 526 F.3d 142, 149 (4th Cir. 2008). A consumer can only bring a FCRA claim against a credit furnisher if a credit reporting agency notified it the consumer disputed reported information yet it failed to reasonably investigate. 15 U.S.C. § 1681s-2(b); *Marshall*, 327 Fed. Appx. at 15. But Neither Nationstar nor BoNYM received a dispute from a credit reporting agency for the Townsends' account.

**D. Neither Nationstar Nor BoNYM Committed Per Se CPA Violations.**

Plaintiff can establish the first two elements of a CPA claim—an unfair or deceptive act or practice occurring in trade or commerce—by showing the alleged act constitutes a per se unfair trade practice. *Hangman Ride Training Stables, Inc.*, 710 P.3d at 535. Falsely representing attorney's fees or other charges may increase a borrower's debt is a per se violation. RCW 19.16.250(15). As is filing a lawsuit when the lender knows the claim is barred by the statute of limitations. RCW 19.16.250(23).

The Townsends allege Nationstar and BoNYM added fees and costs to their loan more than 6 years after they received their bankruptcy discharge. (Dkt. No. 7 at 11 (¶ 50).) They believe "[t]here was neither an 'existing obligation' nor any additional fees or costs to be added to such existing application." (*Id.*) "Therefore, the Amended Complaint, paragraph 14, which seeks to recover 'reasonable attorney fees and court costs' in addition to the principal and accrued interest under the terms of said Note, violates RCW 19.16.250(15)." (*Id.*) They also claim BoNYM and Nationstar violated RCW 19.16.250(23) by filing the foreclosure action "years after the applicable statute of limitations expired." (*Id.* at 12 (¶ 53).)

The statute of limitations has not run on the Townsends' debt, and the debt was not extinguished through the discharge order. *See Copper Creek*, 502 P.3d at 872, 877. All note and deed of trust provisions—including BoNYM's ability to recover its attorney's fees and costs incurred for enforcing the deed of trust—remain intact. (Ex. A, Ex. 1 (¶¶ 9, 14, 22).) BoNYM and Nationstar can add attorney's fees and costs to the recoverable debt for having to pursue the lawful foreclosure action. No per se CPA violation occurred.



TROUTMAN PEPPER
HAMILTON SANDERS LLP
5 PARK PLAZA, SUITE 1400
IRVINE, CA 92614

### E. The Townsends Are Not Entitled to Injunctive Relief.

The Townsends seek to enjoin Nationstar and BoNYM from collecting time-barred debt in the manner described in their first amended complaint. (Dkt. No. 7 at 13 (¶ 60).) Their request is fundamentally flawed. They did not and cannot prove Nationstar or BoNYM tried to collect time-bared debt because the statute of limitations has not expired on their loan. Washington statutes and common law already prescribe the remedies for violating their provisions. The Townsends are not entitled to injunctive relief. *See Kwai Ling Chan v. Chase Home Loans Inc.*, No. C12-0272JLR, 2012 WL 125649, *4 (W.D. Wash. April 13, 2012) (Dismissing claim for injunctive relief because, "if injunctive relief is proper, it will be because Plaintiff prevails . . . on an independent cause of action."); *Lenhoff Enterprises, Inc. v. United Talent Agency, Inc.*, No. CV 15-01086-BRO(FFMx), 2015 WL 7008185, *7 (C.D. Cal. Sept. 18, 2015) (Injunctive relief is not an independent cause of action and therefore fails if plaintiff cannot prove any other cause of action).

## VI. ATTORNEY'S FEE

BoNYM and Nationstar are entitled to their attorney's fees as the prevailing parties in this case based on the contractual deed of trust attorney's fee provisions. RCW 4.84.330 (prevailing party is entitled to attorney's fees if the contract provides for attorney's fees incurred to enforce its provisions); RCW 4.28.328 (prevailing party entitled to attorney's fees for defending lis pendens); *see Copper Creek*, 502 P.3d at 878 (awarding attorney's fees to prevailing lender and loan servicer for successfully defending against HOA's deed of trust statute of limitations claims).

## V. CONCLUSION

All of the Townsends' causes of action fail because they are based on a flawed conclusion—the statute of limitations to enforce any portion of their debt through foreclosure ran 6 years after they received bankruptcy discharge. Neither Nationstar nor BoNYM have engaged in any unfair debt collection or business practices described in the Townsends' First Amended Complaint. They are entitled to summary judgment as a matter of law.



TROUTMAN PEPPER
HAMILTON SANDERS LLP
5 PARK PLAZA, SUITE 1400
IRVINE, CA 92614

Dated: March 25, 2022

**TROUTMAN PEPPER HAMILTON SANDERS LLP**

By: */s/ Justin D. Balser*
Justin D. Balser, WSBA No. 56577
5 Park Plaza, Suite 1400
Irvine, California 92614-2545
Telephone: 949.622.2700
Facsimile: 949.622.2739
Email: justin.balser@troutman.com

*ATTORNEYS FOR DEFENDANTS NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER AND THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR FIRST HORIZON ALTERNATIVE MORTGAGE SECURITIES TRUST 2006-AA6*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users on the CM/ECF system. The NEF for the foregoing specifically identifies recipients of the electronic notice.

*/s/ Justin D. Balser*
Justin D. Balser, WSBA No. 56577
justin.balser@troutman.com

*ATTORNEYS FOR DEFENDANTS*