# EXHIBIT A

The Honorable Benjamin H. Settle

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON (TACOMA)

| | |
|---|---|
| SCOTT TOWNSEND and DEBORAH TOWNSEND, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON, f/k/a THE BANK OF NEW YORK AS TRUSTEE FOR FIRST HORIZON ALTERNATIVE MORTGAGE SECURITIES TRUST 2006-AA6; MR. COOPER f/k/a NATIONSTAR MORTGAGE, LLC<br><br>Defendants. | Case No. 3:20-cv-05397-BHS<br><br>**DECLARATION SUPPORTING NATIONSTAR AND BONYM'S MOTION FOR SUMMARY JUDGMENT** |

**STATE OF TEXAS**                            )

**COUNTY OF DALLAS**                     )

A. J. Loll, Vice President
Nationstar Mortgage LLC          , hereby depose and swear:

1.      I am employed as a _____A. J. Loll, Vice President
                                      Nationstar Mortgage LLC____ for Nationstar Mortgage

LLC d/b/a Mr. Cooper and am authorized to make this affidavit on behalf of the Bank of New

York Mellon f/k/a the Bank of New York as Trustee for First Horizon Alternative Mortgage

Securities Trust 2006-AA6 (**BoNYM**).  I have been employed with Nationstar for _20__ years.

2.      I make this affidavit in support of BoNYM's motion for summary judgment in the

above-captioned matter.  Nationstar is the current servicer of Deborah and Scott Townsends' loan identified by a loan number ending in 7809 for BoNYM and I am authorized to make this affidavit on its behalf.

3.     In my current position, my duties and responsibilities include regular use and review of Nationstar's business records as they relate to the servicing of mortgage loans.  I have received training and I am familiar with reviewing and interpreting those records and the procedures for creating and maintaining the same.

4.     I know from training and personal experience that: a) These records are made at or near the time of the occurrence of the matter recorded by either a person with personal knowledge of the matter or from information transmitted by persons with personal knowledge; b) that it is regular practice and procedure to keep and updated these records in the course of regularly conducted business activities; c) procedures are in place to assure the accuracy of those records and that these records are generally accurate; and d) the regular servicing records are kept as electronic data and typically include electronic data compilations and imaged documents pertaining to the serviced loans.

5.     I therefore make this affidavit based on my personal knowledge of the facts contained herein.  My personal knowledge is based on my review of the servicing records further described below.  If called as a witness, I would and could competently testify thereto.

6.     I have full access to the servicing records of Nationstar, including the imaging repository.  In the ordinary course of its business, Nationstar maintains a record of all loan contracts and agreements serviced by Nationstar (and its predecessors) on behalf of lenders, including promissory notes and associated documents pertaining to the origination of the loan. Nationstar also maintains records related to servicing such loans.  Prior servicers' records for the loan were integrated, boarded, and incorporated into Nationstar's systems, such that their records, including loan origination documents, payment histories, communication logs, loss mitigation documents, and other documents concerning the loan are now integrated into Nationstar's records.  It is Nationstar's regular business practice to access and integrate prior servicers' records into its business records and to rely upon those third-party records in day-to-day operations.

7.     On or about August 25, 2006, the Townsends executed an adjustable rate note evidencing a $650,000.00 loan from First Horizon Home Loan Corporation.  A true and correct copy of the Note is attached hereto as **Exhibit 1**.

8.     First Horizon Home Loan Corporation indorsed the note in blank.  A true and correct copy of the blank indorsement on the note is found on page 5 of Exhibit 1.

9.     The loan was secured by the Townsends' property located at 1221 14th Avenue, Fox Island, Washington 98333 as evidenced by the Deed of Trust recorded with the Pierce County Recorder's Office at Instrument No. 200609060376 on September 6, 2006.  Mortgage Electronic Registration Systems, Inc. (**MERS**), as nominee for the Lender and the Lender's successors and assigns is listed as the beneficiary on the deed of trust.  A true and correct copy of the Deed of Trust is attached hereto as **Exhibit 2**.

10.     MERS assigned the deed of trust to First Horizon Home Loans on February 13, 2009.  The assignment was recorded with the Pierce County Recorder's Office at Instrument No. 200903300543 on March 30, 2009.  A true and correct copy of the First Horizon Deed of Trust Assignment is attached hereto as **Exhibit 3**.

11.     First Horizon Home Loans assigned the deed of trust to BoNYM on March 8, 2012.  The assignment was recorded with the Pierce County Recorder's Office at Instrument No. 201203160478 on March 16, 2012.  A true and correct copy of the BoNYM Deed of Trust Assignment is attached hereto as **Exhibit 4**.

12.     BoNYM holds the Note.  The original note with the blank indorsement was sent to BoNYM's counsel to initiate foreclosure.  A true and correct copy of the March 6, 2019 bailee letter mailed to and acknowledged by counsel is attached hereto as **Exhibit 5**.

13.     The loan is currently due for the November 1, 2008 payment.  All payments made on the loan are reflected in the payment history Nationstar maintains.  A true and correct copy of the payment history for the loan is attached as **Exhibit 6**.

14.     Nationstar sent the Townsends a notice of default and right to cure on June 27, 2016.  A true and correct copy of the notice is attached as **Exhibit 7**.

**FURTHER AFFIANT SAYETH NAUGHT.**

Under penalties of perjury, I declare that I have read the foregoing and that the facts stated in it are true.

_____
**Affiant Signature**

_____
A. J. Loll, Vice President
Affiant Printed Name Nationstar Mortgage LLC

_____
**Affiant Title**

A. J. Loll
Attorney-In-Fact as Trustee

**STATE OF TEXAS**            )
**COUNTY OF DALLAS**          )

The foregoing instrument was acknowledged and sworn before me this ___15___ day of March, ___2021___ by _____AJ LOLL_____ as an ___Attorney-in-Fact as Trustee___ of Nationstar Mortgage LLC d/b/a Mr. Cooper, who is ✓personally known to me or who has produced _____ as identification.

_____
Evelyn Crockett

Notary Public – State of ___TX___
My Commission Expires:. 5-18-25

EVELYN CROCKETT
Notary Public, State of Texas
Comm. Expires 05-18-2025
Notary ID 5225419

# EXHIBIT 1

Copy

005846

# ADJUSTABLE RATE NOTE

(LIBOR Six-Month Index (As Published In *The Wall Street Journal*) - Rate Caps)

**THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.**

| | | |
|---|---|---|
| **August 25th, 2006** | **TACOMA** | **WASHINGTON** |
| [Date] | [City] | [State] |

**1221 14TH AVENUE, FOX ISLAND, Washington 98333**
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $    650,000.00    (this amount is called "Principal"), plus interest, to the order of Lender. Lender is
**FIRST HORIZON HOME LOAN CORPORATION**

I will make all payments under this Note in the form of cash, check or money order.

I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid Principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of    7.625    %. The interest rate I will pay may change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will pay Principal and interest by making a payment every month.

I will make my monthly payments on the first day of each month beginning on    **October 1st**, 2006. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on    **September 1st, 2036**    , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at    **PO BOX 809**
**MEMPHIS, TN 38101**
or at a different place if required by the Note Holder.

### (B) Amount of My Initial Monthly Payments

Each of my initial monthly payments will be in the amount of U.S. $    **4,130.21**    . This amount may change.

### (C) Monthly Payment Changes

Changes in my monthly payment will reflect changes in the unpaid Principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

---

**MULTISTATE ADJUSTABLE RATE NOTE - LIBOR SIX-MONTH INDEX (AS PUBLISHED IN *THE WALL STREET JOURNAL*) - Single Family - Fannie Mae UNIFORM INSTRUMENT**

Wolters Kluwer Financial Services
VMP®-836N (0210).01
Page 1 of 4

Form 3520 1/01
Initials:



**Copy**

005846

## 4. INTEREST RATE AND MONTHLY PAYMENT CHANGES

### (A) Change Dates

The interest rate I will pay may change on the first day of **September, 2011**, and on that day every **6th** month thereafter. Each date on which my interest rate could change is called a "Change Date."

### (B) The Index

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

### (C) Calculation of Changes

Before each Change Date, the Note Holder will calculate my new interest rate by adding **TWO AND ONE-QUARTER** percentage points ( **2.250** %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid Principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

### (D) Limits on Interest Rate Changes

The interest rate I am required to pay at the first Change Date will not be greater than **13.625** % or less than **2.250** %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than **TWO & 00/100** percentage point(s) ( **2.00** %) from the rate of interest I have been paying for the preceding **6** months. My interest rate will never be greater than **13.625** %.

### (E) Effective Date of Changes

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

### (F) Notice of Changes

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

## 5. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of this Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes. My partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

## 6. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

Form 3520 1/01
Initials

Copy

005846

## 7. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of **15** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.00** % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 10. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 11. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions read as follows:

Form 3520 1/01
Initials

Copy

005846

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_Deborah Townsend_ _____ (Seal)      _Scott Townsend (signature)_ _____ (Seal)
DEBORAH  TOWNSEND                   -Borrower      SCOTT  TOWNSEND                              -Borrower

_____ (Seal)      _____ (Seal)
                                   -Borrower                                              -Borrower

_____ (Seal)      _____ (Seal)
                                   -Borrower                                              -Borrower

_____ (Seal)      _____ (Seal)
                                   -Borrower                                              -Borrower

*[Sign Original Only]*

**Copy**



Pay to the order of

Without recourse
First Horizon Home Loan Corporation

by_____

B.J. Cooley, Vice President

**Copy**

005846█

# INTEREST ONLY ADDENDUM
# TO ADJUSTABLE RATE NOTE

THIS ADDENDUM is made this 25th day of August , 2006, and is incorporated into and intended to form a part of the Adjustable Rate Note (the "Note") dated the same date as this Addendum executed by the undersigned and payable to FIRST HORIZON HOME LOAN CORPORATION

(the "Lender").

THIS ADDENDUM supercedes Section 3(A), 3(B), 4(C) and 7(A) of the Note.  None of the other provisions of the Note are changed by this Addendum.

### 3.  PAYMENTS
**(A)  Time and Place of Payments**
I will pay interest by making payments every month for the first 120 payments (the "Interest Only Period") in the amount sufficient to pay interest as it accrues.  I will pay principal and interest by making payments every month thereafter for the next 240 payments in an amount sufficient to fully amortize the outstanding principal balance of the Note at the end of the Interest Only Period over the remaining term of the Note in equal monthly payments.

I will make my monthly payments on the first day of each month beginning on October 1st, 2006 .  I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note.  Each monthly payment will be applied as of its scheduled due date and will be applied to interest before principal.  If, on September 1st, 2036 , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date".

I will make my payments at PO BOX 809, MEMPHIS, TN 38101
, or at a different place if required by the Note Holder.
**(B)  Amount of My Initial Monthly Payments**
Each of my initial monthly payments will be in the amount of U.S. $ 4,130.21.  This payment amount is based on the original principal balance of the Note.  This payment amount may change.

### 4.  INTEREST RATE AND MONTHLY PAYMENT CHANGES
**(C)  Calculation of Changes**
Before each Change Date, the Note Holder will calculate my new interest rate by adding TWO AND ONE-QUARTER percentage points (2.250%) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%).  Subject to the limits stated in Section 4(D), this rounded amount will be my new interest rate until the next Change Date.

During this Interest Only Period, the Note Holder will then determine the amount of the monthly payment that would be sufficient to repay accrued interest.  This will be the amount of my monthly payment until the earlier of the next Change Date or the end of the Interest Only Period unless I make a voluntary prepayment of principal during such period.  If I make a voluntary prepayment of principal during the Interest Only Period, my payment amount for subsequent payments will be reduced to the amount necessary to pay interest on the lower principal balance.  At the end of the Interest Only Period and on each Change Date thereafter, the Note Holder will determine the amount of the monthly payment that would be sufficient to repay in full the unpaid principal that I am expected to owe at the end of the Interest Only Period or Change Date, as applicable, in equal monthly payments over the remaining term of the Note.  The result of this calculation will be the new amount of my monthly payment.  After the end of the Interest Only Period, my payment amount will not be reduced due to voluntary prepayments.

Interest Only Addendum to Note          Page 1 of 2          FH6D51T 9/04

Copy

005846█

## 7. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of **15** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.00** % of my overdue payment of interest, during the period when my payment is interest only, and of principal and interest thereafter. I will pay this late charge promptly but only once on each late payment.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Addendum.

_Deborah Townsend_ 9/1/06
DEBORAH TOWNSEND             Date

_[signature]_
SCOTT TOWNSEND              Date

_____             Date

_____             Date

_____             Date

_____             Date

_____             Date

_____             Date

Interest Only Addendum to Note          Page 2 of 2          FH6D51U 9/04

Copy

# ADJUSTABLE RATE RIDER     005846 ■

**(LIBOR Six-Month Index (As Published In *The Wall Street Journal*) - Rate Caps)**

THIS ADJUSTABLE RATE RIDER is made this  25th day of August, 2006
and is incorporated into and shall be deemed to amend and supplement the Mortgage,
Deed of Trust, or Security Deed (the "Security Instrument") of the same date given by the
undersigned ("Borrower") to secure Borrower's Adjustable Rate Note (the "Note") to
FIRST HORIZON HOME LOAN CORPORATION

("Lender") of the same date and covering the property described in the Security Instrument
and located at:
1221 14TH AVENUE
FOX ISLAND, WA 98333

[Property Address]

**THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE
INTEREST RATE AND THE MONTHLY PAYMENT. THE NOTE LIMITS THE
AMOUNT BORROWER'S INTEREST RATE CAN CHANGE AT ANY ONE
TIME AND THE MAXIMUM RATE BORROWER MUST PAY.**

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements made in the
Security Instrument, Borrower and Lender further covenant and agree as follows:
**A. INTEREST RATE AND MONTHLY PAYMENT CHANGES**

The Note provides for an initial interest rate of        7.625    %. The Note provides
for changes in the interest rate and the monthly payments, as follows:
**4. INTEREST RATE AND MONTHLY PAYMENT CHANGES**

**(A) Change Dates**

The interest rate I will pay may change on the first day of    September, 2011
and on that day every       6th        month thereafter. Each date on which my interest
rate could change is called a "Change Date."

**(B) The Index**

Beginning with the first Change Date, my interest rate will be based on an Index. The
"Index" is the average of interbank offered rates for six month U.S. dollar-denominated
deposits in the London market ("LIBOR"), as published in The Wall Street Journal. The most
recent Index figure available as of the first business day of the month immediately
preceding the month in which the Change Date occurs is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is
based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by
adding  TWO AND ONE-QUARTER                                      percentage points
(       2.250    %) to the Current Index. The Note Holder will then round the result of

**MULTISTATE ADJUSTABLE RATE RIDER - LIBOR SIX-MONTH INDEX (AS PUBLISHED
IN THE WALL STREET JOURNAL)** - Single Family - Fannie Mae Uniform Instrument

⊕-838R (0402)  **Form 3138 1/01**
Page 1 of 3        Initials:
VMP Mortgage Solutions, Inc.
(800)521-7291



this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than 13.625 % or less than 2.250 %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than
TWO & 00/100 percentage points
( 2.00 %) from the rate of interest I have been paying for the preceding 6 months. My interest rate will never be greater than 13.625 %.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**B. TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER**

Uniform Covenant 18 of the Security Instrument is amended to read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

005846█
VMP®-838R (0402)          Page 2 of 3          Initials: _____          Form 3138 1/01

Copy

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider.

_____ (Seal)
DEBORAH TOWNSEND        -Borrower

_____ (Seal)
SCOTT TOWNSEND          -Borrower

_____ (Seal)
                        -Borrower

_____ (Seal)
                        -Borrower

_____ (Seal)
                        -Borrower

_____ (Seal)
                        -Borrower

_____ (Seal)
                        -Borrower

_____ (Seal)
                        -Borrower

005846

VMP-838R (0402)                Page 3 of 3                Form 3138 1/01

Copy

# INTEREST ONLY ADDENDUM
# TO ADJUSTABLE RATE RIDER

**THIS ADDENDUM** is made this 25th day of **August** , 2006 , and is incorporated into and intended to form a part of the Adjustable Rate Rider (the "Rider") dated the same date as this Addendum executed by the undersigned and payable to **FIRST HORIZON HOME LOAN CORPORATION**

(the "Lender").

**THIS ADDENDUM** supercedes Section 4(C) of the Rider. None of the other provisions of the Rider are changed by this Addendum.

**4. INTEREST RATE AND MONTHLY PAYMENT CHANGES**
    **(C) Calculation of Changes**
        Before each Change Date, the Note Holder will calculate my new interest rate by adding **TWO AND ONE-QUARTER** percentage points ( **2.250** %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D), this rounded amount will be my new interest rate until the next Change Date.

        During this Interest Only Period, the Note Holder will then determine the amount of the monthly payment that would be sufficient to repay accrued interest. This will be the amount of my monthly payment until the earlier of the next Change Date or the end of the Interest Only Period unless 1 make a voluntary prepayment of principal during such period. If I make a voluntary prepayment of principal during the Interest Only Period, my payment amount for subsequent payments will be reduced to the amount necessary to pay interest on the lower principal balance. At the end of the Interest Only Period and on each Change Date thereafter, the Note Holder will determine the amount of the monthly payment that would be sufficient to repay in full the unpaid principal that I am expected to owe at the end of the Interest Only Period or Change Date, as applicable, in equal monthly payments over the remaining term of the Note. The result of this calculation will be the new amount of my monthly payment. After the end of the Interest Only Period, my payment amount will not be reduced due to voluntary prepayments.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Addendum.

_Deborah Townsend_ 9/1/06
DEBORAH TOWNSEND      Date

_Scott Townsend_ 9-1-06
SCOTT TOWNSEND      Date

_____
     Date

_____
     Date

_____
     Date

_____
     Date

_____
     Date

_____
     Date

Interest Only Addendum to ARM Rider      Page 1 of 1      FH6D03U 9/04

# EXHIBIT 2

Copy

U325488

SEP -- 2006
CHICAGO TITLE

200609060376        20    PGS
09/06/2006 1:03pm $52.00
PIERCE COUNTY, WASHINGTON

Return To:
**FHHLC - POST CLOSING MAIL ROOM**

**1555 W WALNUT HILL LN #200 MC 6712
IRVING, TX 75038**

Assessor's Parcel or Account Number:  County: 02-20-07-8-005 & ~~02-20-078-006~~ AOP City:
Abbreviated Legal Description: **A PTN OF LOTS 1** ~~AND 2~~,
**PIERCE COUNTY SHORT PLAT NUMBER 200005195001**

[Include lot, block and plat or section, township and range]         Full legal description located on page  **3**
Trustee: **CHICAGO TITLE INSURANCE COMPANY**
           **4717 SOUTH 19TH**                    Additional Grantees located on page  **N/A**
           **TACOMA, WA 98405** [Space Above This Line For Recording Data]

005846

# DEED OF TRUST

MIN    1000852005846

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections
3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided
in Section 16.

(A) **"Security Instrument"** means this document, which is dated   **August 25th, 2006**
together with all Riders to this document.

(B) **"Borrower"** is
**DEBORAH TOWNSEND &
SCOTT TOWNSEND, Wife & Husband**

Borrower is the trustor under this Security Instrument.

(C) **"Lender"** is
**FIRST HORIZON HOME LOAN CORPORATION**

WASHINGTON-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS

-6A(WA) (0012)    Form 3048 1/01
Page 1 of 15        Initials:  
VMP MORTGAGE FORMS - (800)521-7291





**Copy**

Lender is a **CORPORATION**
organized and existing under the laws of **THE STATE OF KANSAS**
Lender's address is **4000 Horizon Way, Irving, Texas 75063**

(D) "Trustee" is **CHICAGO TITLE INSURANCE COMPANY**
    **4717 SOUTH 19TH, TACOMA, WA 98405**
(E) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the beneficiary under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026; tel. (888) 679-MERS.
(F) "Note" means the promissory note signed by Borrower and dated **August 25th, 2006**
The Note states that Borrower owes Lender
  **SIX HUNDRED FIFTY THOUSAND & 00/100**                      Dollars
(U.S. $       **650,000.00**) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than  **SEPTEMBER 1, 2036**    .
(G) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."
(H) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
(I) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

- [x] Adjustable Rate Rider    [ ] Condominium Rider    [ ] Second Home Rider
- [ ] Balloon Rider    [ ] Planned Unit Development Rider    [ ] 1-4 Family Rider
- [ ] VA Rider    [ ] Biweekly Payment Rider    [ ] Other(s) [specify]

(J) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.
(K) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.
(L) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
(M) "Escrow Items" means those items that are described in Section 3.
(N) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.
(O) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.
(P) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

005846▮▮▮

Initials: _____

VMP®-6A(WA) (0012)             Page 2 of 15             Form 3048 1/01

Copy

(Q) **"RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(R) **"Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the    **County**    of    **Pierce**    :

[Type of Recording Jurisdiction]      [Name of Recording Jurisdiction]

**All that tract or parcel of land as shown on Schedule "A" attached hereto which is incorporated herein and made a part hereof.**

Parcel ID Number: County: 02-20-07-8-005 & 02-20-078-000 which currently has the address of
1221 14TH AVENUE                                                  [Street]
FOX ISLAND                      [City] , Washington    98333    [Zip Code]
("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances

005846
-6A(WA) (0012)                        Page 3 of 15            Initials                 Form 3048  1/01

**Copy**

of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

**2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

**3. Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any

Initials: ___

**Copy**

time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees, and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Initials: _____

Copy

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to

Initials: _DT_ _JN_

-6A(WA) (0012)                          Page 6 of 15                          Form 3048  1/01

**Copy**

hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6. **Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7. **Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

8. **Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

Initials:

**Copy**

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

-6A(WA) (0012)                     Page 8 of 15          Initials                    Form 3048  1/01

Copy

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. Assignment of Miscellaneous Proceeds; Forfeiture. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Initials: [signature]

Copy

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless

Initials:

**Copy**

Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure.

There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check

Initials

Copy

or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

20. **Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

21. **Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of

Copy

release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**22. Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property at public auction at a date not less than 120 days in the future. The notice shall further inform Borrower of the right to reinstate after acceleration, the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale, and any other matters required to be included in the notice by Applicable Law. If the default is not cured on or before the date specified in the notice, Lender at its option, may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and/or any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall give written notice to Trustee of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee and Lender shall take such action regarding notice of sale and shall give such notices to Borrower and to other persons as Applicable Law may require. After the time required by Applicable Law and after publication of the notice of sale, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of the Property for a period or periods permitted by Applicable Law by public announcement at the time and place fixed in the notice of sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it or to the clerk of the superior court of the county in which the sale took place.

**23. Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Such person or persons shall pay any recordation costs and the Trustee's fee for preparing the reconveyance.

**24. Substitute Trustee.** In accordance with Applicable Law, Lender may from time to time appoint a successor trustee to any Trustee appointed hereunder who has ceased to act. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by Applicable Law.

Initials: _[signature]_

Copy

**25. Use of Property.** The Property is not used principally for agricultural purposes.

**26. Attorneys' Fees.** Lender shall be entitled to recover its reasonable attorneys' fees and costs in any action or proceeding to construe or enforce any term of this Security Instrument. The term "attorneys' fees," whenever used in this Security Instrument, shall include without limitation attorneys' fees incurred by Lender in any bankruptcy proceeding or on appeal.

**ORAL AGREEMENTS OR ORAL COMMITMENTS TO LOAN MONEY, EXTEND CREDIT, OR TO FORBEAR FROM ENFORCING REPAYMENT OF A DEBT ARE NOT ENFORCEABLE UNDER WASHINGTON LAW.**

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____          _____ (Seal)
                                          DEBORAH TOWNSEND              -Borrower

_____          _____ (Seal)
                                          SCOTT TOWNSEND               -Borrower

_____ (Seal)      _____ (Seal)
                   -Borrower                                           -Borrower

_____ (Seal)      _____ (Seal)
                   -Borrower                                           -Borrower

_____ (Seal)      _____ (Seal)
                   -Borrower                                           -Borrower

005846█████

-6A(WA) (0012)                    Page 14 of 15                    Form 3048  1/01

Copy

**STATE OF WASHINGTON**
**County of** **PIERCE**    } ss:

On this day personally appeared before me
**DEBORAH TOWNSEND & SCOTT TOWNSEND**

to me known to be the individual(s) described in and who executed the within and foregoing instrument, and acknowledged that he/she/they signed the same as his/her/their free and voluntary act and deed, for the uses and purposes therein mentioned.

GIVEN under my hand and official seal this 1st day of *Sept* . *2006*

BARBARA M. SIMMONS
NOTARY PUBLIC
STATE OF WASHINGTON
COMMISSION EXPIRES
JANUARY 5, 2008

Notary Public in and for the State of Washington, residing at
Olympia
My Appointment Expires on $1 / 5 - 08$

Copy

0058463993

## EXHIBIT "A"

### LEGAL DESCRIPTION EXHIBIT

BEGINNING AT THE NORTHWEST CORNER OF LOT 1, PIERCE COUNTY SHORT PLAT
NUMBER 200005195001, ACCORDING TO THE PLAT THEREOF RECORDED MAY 19, 2000,
RECORDS OF PIERCE COUNTY AUDITOR.
THENCE SOUTH 89°32'34" EAST 513.86 FEET;
THENCE SOUTH 00°51'39" WEST 149.23 FEET;
THENCE NORTH 87°47'16" EAST 239.06 FEET;
THENCE SOUTH 80°26'07" EAST 387.61 FEET;
THENCE SOUTH 82°55'58" EAST 201.36 FEET TO THE EAST LINE OF SAID SHORT
PLAT;
THENCE SOUTH ALONG THE EAST LINE OF SAID SHORT PLAT 02°25'22" WEST 107.43
FEET;
THENCE NORTH 89°32'34" WEST 1333.00 FEET TO THE WEST LINE OF SAID SHORT
PLAT;
THENCE NORTH ALONG THE WEST LINE OF SAID SHORT PLAT 00°51'39" EAST 330.00
FEET TO THE POINT OF BEGINNING.

EXCEPT ANY PORTION THEREOF LYING WITHIN 14TH AVENUE.

TOGETHER WITH SECOND CLASS TIDELANDS ABUTTING THEREON.

SITUATE IN THE COUNTY OF PIERCE, STATE OF WASHINGTON.

# EXHIBIT 3

Copy

NP
3002069
(1)

200903300543    1    PG
03/30/2009 2:08pm $14.00
PIERCE COUNTY, WASHINGTON

Recording requested by:

America Default Services Company
When recorded mail to:

MetLife Home Loans a division of MetLife Bank NA
4000 Horizon Way
Foreclosure Dept. #6205
Irving, TX 75063

APN : 02-20-07-8-005          Ln No.: 005846▇
Order No.: 3133209

SPACE ABOVE THIS LINE FOR RECORDER'S USE
TS No.: WA-09-248713-SH

## Assignment of Deed of Trust

For value received, the undersigned corporation hereby grants, assigns, and transfers to

**FIRST HORIZON HOME LOANS, a division of FIRST TENNESSEE BANK NATIONAL ASSOCIATION.**

all beneficial interest under that certain Deed of Trust dated **8/25/2006** executed by **DEBORAH TOWNSEND AND SCOTT TOWNSEND, WIFE AND HUSBAND,** as Trustor(s) to **CHICAGO TITLE INSURANCE COMPANY,** as Trustee and recorded as instrument No. 200609060376, on 9/6/2006, in Book XXX, Page XXX of Official Records, in the office of the County Recorder of **PIERCE** County, WA together with the Promissory Note secured by said Deed of Trust and also all rights accrued or to accrue under said Deed of Trust.

Dated: 2/13/2009 8:13 AM

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC AS NOMINEE FOR FIRST HORIZON HOME LOAN CORPORATION

By: _____
Wanda Collier
- Assistant Secretary

State of ___**Texas**___ )
                        ) ss
County of ___**Dallas**___ )

On **3-19-09** before me, **Penny Lawson** _____ the undersigned Notary Public, personally appeared **Wanda Collier** personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal

_____
Signature

(Seal)

PENNY LAWSON
NOTARY PUBLIC
STATE OF TEXAS
EXPIRES
08-27-2011

14

Copy

Default Mail Room

APR 2 1 2009

Received

# EXHIBIT 4

Copy

WFG
200-20519W

When recorded mail to:

Nationstar Mortgage LLC
350 Highland Drive
Lewisville, TX 75067

201203160478 CCOMITA          2 PGS
03/16/2012  02:12:29 PM    $15.00
AUDITOR, Pierce County, WASHINGTON

TS No.: **WA-09-248713-SH**
Order No.: **30020519**
APN No.: **02-20-07-8-005**
MERS MIN No.: 1000852005846▮          MERS Telephone No. 1-888-679-▮

Space above this line for recorders use

## Assignment of Deed of Trust

For value received, **FIRST HORIZON HOME LOANS, a division of FIRST TENNESSEE BANK NATIONAL ASSOCIATION,** hereby grants, assigns, and transfers to

**The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the holders of the Certificates, First Horizon Mortgage Pass-Through Certificates Series FHAMS 2006-AA6, by First Horizon Home Loans, a division of First Tennessee Bank National Association, Master Servicer, in its capacity as agent for the Trustee under the Pooling and Servicing Agreement**

All beneficial interest and all rights accrued or to accrue under that certain Deed of Trust dated 8/25/2006 executed by **DEBORAH TOWNSEND AND SCOTT   TOWNSEND, WIFE AND HUSBAND,** as Trustor(s) to **CHICAGO TITLE INSURANCE COMPANY,** as Trustee and recorded as Instrument No. 200609060376, on 9/6/2006,   of Official Records, ,    in the office of the County Recorder of **PIERCE** County, **WA,** that secures the underlying promissory note.

**Said Deed of Trust encumbers the real property fully described as:**

A PTN OF LOTS 1 PIERCE COUNTY SHORT PLAT NUMBER 200005195001

And more commonly known as: **1221 14TH AVENUE, FOX ISLAND, WA 98333**

15

Copy

TS No.: WA-09-248713-SH

Dated: 3·8·12

**Nationstar Mortgage LLC attorney in fact for
FIRST HORIZON HOME LOANS, a division of
FIRST TENNESSEE BANK NATIONAL
ASSOCIATION**

By: Allison J Fries
Limited VP, for Nationstar
Mortgage LLC

State of: Texas )
County of: Denton ) ss

On _March 8, 2012_ before me, _Brandon Jones_ the
undersigned Notary Public, personally appeared _Allison J Fries_
(or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal

Signature  (Seal)

**BRANDON DAVID JONES**
Notary Public, State of Texas
My Commission Expires
September 01, 2015

# EXHIBIT 5

03/06/2019                          **Bailee Letter**                          **Mr. Cooper**

**LOGS (OR) Shapiro & Sutherland=OR**

1499 SE Tech Center Place, Suite 255

Vancouver, WA 98683

**Borrower/Property:**   TOWNSEND, DEBORAH

                         1221 14TH AVENUE,

                         FOX ISLAND, WA 98333

**Loan Number:**         59686▆▆▆

As requested, the following documents/files are enclosed and are being provided to you for use in the foreclosure and/or

bankruptcy proceedings relating to the above-referenced Borrower/Property.

   **Collateral File Containing:**

   1     Title Policy (Original)

   2     Security Instrument (Recorded)

   3     Bailee (Original)

   4     Assignment (Recorded)

   5     Note (Original)

   6     Assignment (Recorded)

IMMEDIATELY upon receipt of this letter and the enclosed documents/files, you are required to sign and date this

acknowledgement and agreement letter and upload it to LPS Desktop or mail it to our office.  If you fax or scan the

signed letter, you must contact the Mr. Cooper processor for instructions for where to send it.  You agree that

Mr. Cooper may enforce the faxed/scanned copy of this signed letter against you.


Mr. Cooper is required by Investors to track the location of all original documents.  As soon as you no longer need to have

possession of the enclosed documents/files, you are instructed to return them to Mr. Cooper at the following address:

       Nationstar Vault - Forward

       4117 Pinnacle Point Dr, Suite 100

       Dallas, TX 75211

You acknowledge and agree that all of the enclosed documents are being provided to you and are to be held by you, as

agent for and Bailee of, and subject to the direction of, Mr. Cooper.  You agree: (a) to hold and retain

possession of, and to use, the enclosed documents in trust for the benefit of Mr. Cooper and solely for the

purposes of foreclosure and/or bankruptcy proceedings regarding the above-referenced Borrower and Property; (b) to

comply promptly and faithfully with all directions or instructions to you from Mr. Cooper regarding the

enclosed documents; (c) that you will not cause or knowingly permit the enclosed documents/files to become subject to,

or encumbered by, any claim, liens, security interest, charges, writs of attachment or other impositions; (d) that you will

not assert or seek to assert any claims or rights of setoff to or against the enclosed documents or any proceeds thereof;

(e) that the enclosed documents/files and any proceeds thereof, including any proceeds of proceeds, coming into your

possession, custody or control will at all times be earmarked for the account of Mr. Cooper; and (f) that you

will keep the enclosed documents/files and any proceeds thereof separate and distinct from all other property in your

possession, custody or control.

You also agree to indemnify and hold harmless Mr. Cooper and its affiliates against and from any losses,

damages, costs or expenses, including reasonable attorneys' fees, that are suffered or incurred by Mr. Cooper

or its affiliates as a result of (a) any breach by you of the terms of this acknowledgement and agreement letter

and/or (b) any loss or destruction of, or any damage or unauthorized (by Mr. Cooper) alteration to, any of

the enclosed documents/files while they are in your possession or custody or are under your control.


Thank you for your cooperation.

Mr. Cooper

Document Control Department


**BY MY SIGNATURE BELOW, I ACKNOWLEDGE RECEIPT OF THE DOCUMENTS/FILES LISTED ABOVE AND AGREE TO THE**

**TERMS OF THIS LETTER AND FURTHER STATE THAT I AM AUTHORIZED TO SIGN THIS LETTER AND AGREE ON BEHALF**

**OF THE RECIPIENT FIRM.**


**LOGS (OR) Shapiro & Sutherland=OR**

By: _Veun _____   Print Name: _VERONIKA   TEREKHOVA_

Title: _Document Costodian_ Date: _5/13/19_

# EXHIBIT 6

Processing Options Selected:

    1. 059686█████ - 059686█████    Loan Number Range

    2. 000000 - 030722    Date Range

    3. B    Output Type

    4.    Select State

    5.    Escrow Group Code

    6.    Message Code

    7.    Investor

    8. 0000000    Pool

    9. Y    Select only loans with Transactions

   10. Y    Include liquidated loans

Case 3:20-cv-05397-BHS  Document 44-1  Filed 03/25/22  Page 46 of 85

```
--------------------------------------------------------------------------------------------------------
LOAN# 59686     INV# FKM    POOL# 0000001            NEXT DUE 11/01/08   INTEREST RATE 7.625   PRIN.BAL    650000.00
BORR1 DEBORAH TOWNSEND      TYPE: 03-00 Conv/Unins                                            ESC.BAL          .00
BORR2 SCOTT TOWNSEND                                 INT PD TO 10/01/08  P&I SHORT      .00    CORP ADV    23986.41-
PROP: 1221 14TH AVENUE        MAIL: C/O CHRISTINA L. HENRY
                                    787 MAYNARD AVE S.
      FOX ISLAND  WA 98333           SEATTLE      WA 98104
--------------------------------------------------------------------------------------------------------
```

```
---TRANSACTION----              NEXT -AFTER TRANS.BALANCES-   TOTAL   ----------------APPLIED----------------- MISC.PMTS
NBR   DATE   CODE -----DESCRIPTION------ DUE   PRINCIPAL   ESCROW   AMOUNT   PRINCIPAL INTEREST   ESCROW SUSPENSE/CD

462 10/29/21 6226 CORP ADV DISB      11/08 650000.00      .00    350.00-       .00      .00      .00   350.00-26
            PAYEE 61SPSUH #2002020871 DUE 10/29/21
            S/F BX REF# 2002020871
461 10/18/21 6031 COUNTY TAX   DISBURSED 11/08 650000.00      .00   4993.72-       .00      .00 4993.72-    .00
            PAYEE 31WA00Q #          DUE 10/31/21
            S/F WR  REF#
460 10/18/21 1931 COUNTY TAX   ADVANCE  11/08 650000.00  4993.72   4993.72       .00      .00 4993.72     .00
            S/F WR  REF#
459 10/04/21 6226 CORP ADV DISB      11/08 650000.00      .00     35.00-       .00      .00      .00    35.00-26
            PAYEE 61SPSUH #2002017110 DUE 10/04/21
            S/F BX REF# 2002017110
458 10/04/21 6226 CORP ADV DISB      11/08 650000.00      .00     52.50-       .00      .00      .00    52.50-26
            PAYEE 61SPSUH #2002017110 DUE 10/04/21
            S/F BX REF# 2002017110
457 10/04/21 6226 CORP ADV DISB      11/08 650000.00      .00     52.50-       .00      .00      .00    52.50-26
            PAYEE 61SPSUH #2002017110 DUE 10/04/21
            S/F BX REF# 2002017110
456 10/04/21 6226 CORP ADV DISB      11/08 650000.00      .00    262.50-       .00      .00      .00   262.50-26
            PAYEE 61SPSUH #2002017110 DUE 10/04/21
            S/F BX REF# 2002017110
455 10/04/21 6226 CORP ADV DISB      11/08 650000.00      .00     52.50-       .00      .00      .00    52.50-26
            PAYEE 61SPSUH #2002017110 DUE 10/04/21
            S/F BX REF# 2002017110
454 10/04/21 6226 CORP ADV DISB      11/08 650000.00      .00     52.50-       .00      .00      .00    52.50-26
            PAYEE 61SPSUH #2002017110 DUE 10/04/21
            S/F BX REF# 2002017110
453 10/04/21 6226 CORP ADV DISB      11/08 650000.00      .00     52.50-       .00      .00      .00    52.50-26
            PAYEE 61SPSUH #2002017110 DUE 10/04/21
            S/F BX REF# 2002017110
452 10/04/21 6226 CORP ADV DISB      11/08 650000.00      .00     35.00-       .00      .00      .00    35.00-26
            PAYEE 61SPSUH #2002017110 DUE 10/04/21
            S/F BX REF# 2002017110
451 10/04/21 6226 CORP ADV DISB      11/08 650000.00      .00     52.50-       .00      .00      .00    52.50-26
            PAYEE 61SPSUH #2002017110 DUE 10/04/21
            S/F BX REF# 2002017110
450 10/04/21 6226 CORP ADV DISB      11/08 650000.00      .00     52.50-       .00      .00      .00    52.50-26
            PAYEE 61SPSUH #2002017110 DUE 10/04/21
            S/F BX REF# 2002017110
449 10/04/21 6226 CORP ADV DISB      11/08 650000.00      .00     70.00-       .00      .00      .00    70.00-26
            PAYEE 61SPSUH #2002017110 DUE 10/04/21
            S/F BX REF# 2002017110
448 10/04/21 6226 CORP ADV DISB      11/08 650000.00      .00     70.00-       .00      .00      .00    70.00-26
            PAYEE 61SPSUH #2002017110 DUE 10/04/21
            S/F BX  REF# 2002017110
```

```
  ---TRANSACTION----                NEXT -AFTER TRANS.BALANCES-   TOTAL  ----------------APPLIED---------------- --- MISC.PMTS
 NBR   DATE   CODE -----DESCRIPTION------  DUE   PRINCIPAL    ESCROW    AMOUNT  PRINCIPAL INTEREST   ESCROW SUSPENSE/CD

LOAN# 59686█████         CONTINUED

 447 10/04/21 6226 CORP ADV DISB      11/08  650000.00      .00      35.00-      .00     .00      .00   35.00-26
              PAYEE 61SPSUH #2002017110 DUE 10/04/21
              S/F BX  REF# 2002017110
 446  4/16/21 2526 CORP ADVANCE ADJUST 11/08  650000.00      .00      38.83       .00     .00      .00   38.83 26
              S/F AD  REF# 0000
 445  4/16/21 2526 CORP ADVANCE ADJUST 11/08  650000.00      .00      13.80       .00     .00      .00   13.80 26
              S/F AD  REF# 0000
 444  4/16/21 2526 CORP ADVANCE ADJUST 11/08  650000.00      .00      19.66       .00     .00      .00   19.66 26
              S/F AD  REF# 0000
 443  4/08/21 6031 COUNTY TAX   DISBURSED 11/08  650000.00   .00    4993.71-      .00     .00 4993.71-    .00
              PAYEE 31WA00Q #     DUE  4/30/21
              S/F WR  REF#
 442  4/08/21 1931 COUNTY TAX   ADVANCE 11/08  650000.00  4993.71   4993.71       .00     .00 4993.71     .00
              S/F WR  REF#
 441  2/23/21 6050 HAZARD SFR   DISBURSED 11/08  650000.00   .00    1167.00-      .00     .00 1167.00-    .00
              PAYEE 5032652 #02232021IN DUE  3/13/21
              S/F WR  REF# 02232021INS
 440  2/23/21 1950 HAZARD SFR   ADVANCE 11/08  650000.00  1167.00   1167.00       .00     .00 1167.00     .00
              S/F WR  REF# 02232021INS
 439 10/22/20 6031 COUNTY TAX   DISBURSED 11/08  650000.00   .00    4269.03-      .00     .00 4269.03-    .00
              PAYEE 31WA00Q #     DUE 10/31/20
              S/F WR  REF#
 438 10/22/20 1931 COUNTY TAX   ADVANCE 11/08  650000.00  4269.03   4269.03       .00     .00 4269.03     .00
              S/F WR  REF#
 437 10/19/20 6226 CORP ADV DISB      11/08  650000.00      .00     175.00-      .00     .00      .00  175.00-26
              PAYEE 61SPSUH #1001706557 DUE 10/19/20
              S/F BX  REF# 1001706557
 436 10/19/20 6226 CORP ADV DISB      11/08  650000.00      .00      52.50-      .00     .00      .00   52.50-26
              PAYEE 61SPSUH #1001706557 DUE 10/19/20
              S/F BX  REF# 1001706557
 435 10/19/20 6226 CORP ADV DISB      11/08  650000.00      .00      35.00-      .00     .00      .00   35.00-26
              PAYEE 61SPSUH #1001706557 DUE 10/19/20
              S/F BX  REF# 1001706557
 434 10/19/20 6226 CORP ADV DISB      11/08  650000.00      .00      35.00-      .00     .00      .00   35.00-26
              PAYEE 61SPSUH #1001706557 DUE 10/19/20
              S/F BX  REF# 1001706557
 433 10/19/20 6226 CORP ADV DISB      11/08  650000.00      .00      35.00-      .00     .00      .00   35.00-26
              PAYEE 61SPSUH #1001706557 DUE 10/19/20
              S/F BX  REF# 1001706557
 432 10/19/20 6226 CORP ADV DISB      11/08  650000.00      .00      17.50-      .00     .00      .00   17.50-26
              PAYEE 61SPSUH #1001706557 DUE 10/19/20
              S/F BX  REF# 1001706557
 431 10/19/20 6226 CORP ADV DISB      11/08  650000.00      .00      35.00-      .00     .00      .00   35.00-26
              PAYEE 61SPSUH #1001706557 DUE 10/19/20
              S/F BX  REF# 1001706557
 430 10/19/20 6226 CORP ADV DISB      11/08  650000.00      .00     175.00-      .00     .00      .00  175.00-26
              PAYEE 61SPSUH #1001706557 DUE 10/19/20
              S/F BX  REF# 1001706557
 429  4/09/20 6031 COUNTY TAX   DISBURSED 11/08  650000.00   .00    4269.03-      .00     .00 4269.03-    .00
              PAYEE 31WA00Q #     DUE  4/30/20
              S/F WR  REF#
```

```
SR497CR-02                                Mr. Cooper                              3/07/22 12:43:13
JRUS1034                        DETAIL TRANSACTION HISTORY                        JOB DT:  3/07/22
                                                                                     PAGE:     3
```

| ---TRANSACTION---- | | | NEXT | -AFTER TRANS.BALANCES- | | TOTAL | ----------------APPLIED---------------- | | | MISC.PMTS |
|---|---|---|---|---|---|---|---|---|---|---|
| NBR | DATE | CODE | -----DESCRIPTION------ | DUE | PRINCIPAL | ESCROW | AMOUNT | PRINCIPAL | INTEREST | ESCROW SUSPENSE/CD |

```
LOAN# 59686███          CONTINUED
```

| NBR | DATE | CODE | DESCRIPTION | DUE | PRINCIPAL | ESCROW | AMOUNT | PRINCIPAL | INTEREST | ESCROW | SUSPENSE/CD |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 428 | 4/09/20 | 1931 | COUNTY TAX    ADVANCE | 11/08 | 650000.00 | 4269.03 | 4269.03 | .00 | .00 | 4269.03 | .00 |
| | | | S/F WR  REF# | | | | | | | | |
| 427 | 4/01/20 | 6226 | CORP ADV DISB | 11/08 | 650000.00 | .00 | 5.00- | .00 | .00 | .00 | 5.00-26 |
| | | | PAYEE 61SPSUH #1001688509 DUE  4/01/20 | | | | | | | | |
| | | | S/F BX  REF# 1001688509 | | | | | | | | |
| 426 | 4/01/20 | 6226 | CORP ADV DISB | 11/08 | 650000.00 | .00 | 1.50- | .00 | .00 | .00 | 1.50-26 |
| | | | PAYEE 61SPSUH #1001688509 DUE  4/01/20 | | | | | | | | |
| | | | S/F BX  REF# 1001688509 | | | | | | | | |
| 425 | 4/01/20 | 6226 | CORP ADV DISB | 11/08 | 650000.00 | .00 | 70.00- | .00 | .00 | .00 | 70.00-26 |
| | | | PAYEE 61SPSUH #1001688509 DUE  4/01/20 | | | | | | | | |
| | | | S/F BX  REF# 1001688509 | | | | | | | | |
| 424 | 3/24/20 | 1919 | RECOVER ESCROW ADVANCE | 11/08 | 650000.00 | .00 | 755.00- | .00 | .00 | 755.00- | .00 |
| | | | Effective date:  3/19/20 | | | | | | | | |
| | | | S/F WR  REF# | | | | | | | | |
| 423 | 3/24/20 | 1550 | HAZARD SFR    DEPOSIT | 11/08 | 650000.00 | 755.00 | 755.00 | .00 | .00 | 755.00 | .00 |
| | | | Effective date:  3/19/20 | | | | | | | | |
| | | | S/F WR  REF# | | | | | | | | |
| 422 | 3/19/20 | 6050 | HAZARD SFR    DISBURSED | 11/08 | 650000.00 | .00 | 1247.00- | .00 | .00 | 1247.00- | .00 |
| | | | PAYEE 5032652 #03192020IN DUE  3/13/20 | | | | | | | | |
| | | | S/F WR  REF# 03192020INS | | | | | | | | |
| 421 | 3/19/20 | 1950 | HAZARD SFR    ADVANCE | 11/08 | 650000.00 | 1247.00 | 1247.00 | .00 | .00 | 1247.00 | .00 |
| | | | S/F WR  REF# 03192020INS | | | | | | | | |
| 420 | 11/20/19 | 6226 | CORP ADV DISB | 11/08 | 650000.00 | .00 | 150.00- | .00 | .00 | .00 | 150.00-26 |
| | | | PAYEE 61SPSUH #1001672906 DUE 11/20/19 | | | | | | | | |
| | | | S/F WR  REF# 1001672906 | | | | | | | | |
| 419 | 10/09/19 | 6031 | COUNTY TAX    DISBURSED | 11/08 | 650000.00 | .00 | 3754.62- | .00 | .00 | 3754.62- | .00 |
| | | | PAYEE 31WA00Q #     DUE 10/31/19 | | | | | | | | |
| | | | S/F WR  REF# | | | | | | | | |
| 418 | 10/09/19 | 1931 | COUNTY TAX    ADVANCE | 11/08 | 650000.00 | 3754.62 | 3754.62 | .00 | .00 | 3754.62 | .00 |
| | | | S/F WR  REF# | | | | | | | | |
| 417 | 9/25/19 | 6226 | CORP ADV DISB | 11/08 | 650000.00 | .00 | 15.00- | .00 | .00 | .00 | 15.00-26 |
| | | | PAYEE 63SOLAG #260587537 DUE  9/25/19 | | | | | | | | |
| | | | S/F WR  REF# 260587537 | | | | | | | | |
| 416 | 9/17/19 | 6050 | HAZARD SFR    DISBURSED | 11/08 | 650000.00 | .00 | 1520.00- | .00 | .00 | 1520.00- | .00 |
| | | | PAYEE 50ASGHM #09172019IN DUE  9/11/19 | | | | | | | | |
| | | | S/F WR  REF# 09172019INS | | | | | | | | |
| 415 | 9/17/19 | 1950 | HAZARD SFR    ADVANCE | 11/08 | 650000.00 | 1520.00 | 1520.00 | .00 | .00 | 1520.00 | .00 |
| | | | S/F WR  REF# 09172019INS | | | | | | | | |
| 414 | 7/08/19 | 6226 | CORP ADV DISB | 11/08 | 650000.00 | .00 | 530.00- | .00 | .00 | .00 | 530.00-26 |
| | | | PAYEE 61SPSUH #1001655851 DUE  7/08/19 | | | | | | | | |
| | | | S/F BX  REF# 1001655851 | | | | | | | | |
| 413 | 7/08/19 | 6226 | CORP ADV DISB | 11/08 | 650000.00 | .00 | 85.00- | .00 | .00 | .00 | 85.00-26 |
| | | | PAYEE 61SPSUH #1001655851 DUE  7/08/19 | | | | | | | | |
| | | | S/F BX  REF# 1001655851 | | | | | | | | |
| 412 | 7/08/19 | 6226 | CORP ADV DISB | 11/08 | 650000.00 | .00 | 85.00- | .00 | .00 | .00 | 85.00-26 |
| | | | PAYEE 61SPSUH #1001655851 DUE  7/08/19 | | | | | | | | |
| | | | S/F BX  REF# 1001655851 | | | | | | | | |
| 411 | 7/08/19 | 6226 | CORP ADV DISB | 11/08 | 650000.00 | .00 | 512.50- | .00 | .00 | .00 | 512.50-26 |
| | | | PAYEE 61SPSUH #1001655851 DUE  7/08/19 | | | | | | | | |
| | | | S/F BX  REF# 1001655851 | | | | | | | | |
| 410 | 6/11/19 | 6226 | CORP ADV DISB | 11/08 | 650000.00 | .00 | 125.00- | .00 | .00 | .00 | 125.00-26 |

Case 3:20-cv-05397-BHS   Document 44-1   Filed 03/25/22   Page 49 of 85

```
---TRANSACTION----              NEXT -AFTER TRANS.BALANCES-   TOTAL  ---------------APPLIED----------------- MISC.PMTS
NBR  DATE   CODE -----DESCRIPTION------ DUE   PRINCIPAL   ESCROW  AMOUNT  PRINCIPAL INTEREST   ESCROW SUSPENSE/CD

LOAN#  59686█████       CONTINUED

            PAYEE 61SPSUH #1001652546 DUE  6/11/19
            S/F BX  REF# 1001652546
409  6/11/19 6226 CORP ADV DISB      11/08 650000.00     .00   125.00-    .00     .00      .00  125.00-26
            PAYEE 61SPSUH #1001652546 DUE  6/11/19
            S/F BX  REF# 1001652546
408  6/10/19 6226 CORP ADV DISB      11/08 650000.00     .00    77.50-    .00     .00      .00   77.50-26
            PAYEE 61SPSUH #1001652376 DUE  6/10/19
            S/F BX  REF# 1001652376
407  6/10/19 6226 CORP ADV DISB      11/08 650000.00     .00    55.00-    .00     .00      .00   55.00-26
            PAYEE 61SPSUH #1001652376 DUE  6/10/19
            S/F BX  REF# 1001652376
406  5/23/19 6226 CORP ADV DISB      11/08 650000.00     .00  1325.00-    .00     .00      .00 1325.00-26
            PAYEE 61SPSUH #1001650414 DUE  5/23/19
            S/F BX  REF# 1001650414
405  5/23/19 6226 CORP ADV DISB      11/08 650000.00     .00   100.00-    .00     .00      .00  100.00-26
            PAYEE 61SPSUH #1001650414 DUE  5/23/19
            S/F BX  REF# 1001650414
404  5/23/19 6226 CORP ADV DISB      11/08 650000.00     .00     1.50-    .00     .00      .00    1.50-26
            PAYEE 61SPSUH #1001650414 DUE  5/23/19
            S/F BX  REF# 1001650414
403  5/23/19 6226 CORP ADV DISB      11/08 650000.00     .00   240.00-    .00     .00      .00  240.00-26
            PAYEE 61SPSUH #1001650414 DUE  5/23/19
            S/F BX  REF# 1001650414
402  5/03/19 6226 CORP ADV DISB      11/08 650000.00     .00    18.00-    .00     .00      .00   18.00-26
            PAYEE 61SPSUH #1001647803 DUE  5/03/19
            S/F BX  REF# 1001647803
401  4/16/19 6031 COUNTY TAX   DISBURSED 11/08 650000.00  .00  3754.61-    .00     .00 3754.61-    .00
            PAYEE 31WA00Q #      DUE  4/30/19
            S/F WR  REF#
400  4/16/19 1931 COUNTY TAX   ADVANCE  11/08 650000.00 3754.61 3754.61   .00     .00 3754.61    .00
            S/F WR  REF#
399 10/11/18 6031 COUNTY TAX   DISBURSED 11/08 650000.00  .00  4040.28-    .00     .00 4040.28-    .00
            PAYEE 31WA00Q #      DUE 10/31/18
            S/F WR  REF#
398 10/11/18 1931 COUNTY TAX   ADVANCE  11/08 650000.00 4040.28 4040.28   .00     .00 4040.28    .00
            S/F WR  REF#
397  9/18/18 6050 HAZARD SFR   DISBURSED 11/08 650000.00  .00  1399.00-    .00     .00 1399.00-    .00
            PAYEE 50ASGHM #09182018IN DUE  9/11/18
            S/F WR  REF# 09182018INS
396  9/18/18 1950 HAZARD SFR   ADVANCE  11/08 650000.00 1399.00 1399.00   .00     .00 1399.00    .00
            S/F WR  REF# 09182018INS
395  9/10/18 6226 CORP ADV DISB      11/08 650000.00     .00   193.11-    .00     .00      .00  193.11-26
            PAYEE 62SERVT #1001619320 DUE  9/10/18
            S/F BX  REF# 1001619320
394  9/10/18 6226 CORP ADV DISB      11/08 650000.00     .00  1912.00-    .00     .00      .00 1912.00-26
            PAYEE 62SERVT #1001619320 DUE  9/10/18
            S/F BX  REF# 1001619320
393  7/16/18 1499 ZZZZF-Late Charges  11/08 650000.00    .00   200.50     .00     .00      .00    .00  200.50 01
     Effective date:  7/17/18
            S/F    REF#
392  6/20/18 6226 CORP ADV DISB      11/08 650000.00     .00    15.00-    .00     .00      .00   15.00-26
```

```
SR497CR-02                                Mr. Cooper                              3/07/22 12:43:13
JRUS1034                           DETAIL TRANSACTION HISTORY                      JOB DT:  3/07/22
                                                                                     PAGE:     5

---TRANSACTION----              NEXT -AFTER TRANS.BALANCES-    TOTAL  ---------------APPLIED-----------------  MISC.PMTS
NBR   DATE   CODE -----DESCRIPTION------  DUE   PRINCIPAL    ESCROW  AMOUNT  PRINCIPAL INTEREST   ESCROW SUSPENSE/CD

LOAN#  59686          CONTINUED

             PAYEE 62SOLAG #1001609694 DUE  6/20/18
             S/F BX  REF# 1001609694
391  6/18/18 1499 ZZZZF-Late Charges    11/08 650000.00      .00    200.50       .00     .00      .00      .00  200.50 01
     Effective date:  6/19/18
             S/F     REF#
390  5/22/18 6226 CORP ADV DISB         11/08 650000.00      .00     15.00-      .00     .00      .00    15.00-26
             PAYEE 62SOLAG #1001606179 DUE  5/22/18
             S/F BX  REF# 1001606179
389  5/16/18 1499 ZZZZF-Late Charges    11/08 650000.00      .00    200.50       .00     .00      .00      .00  200.50 01
     Effective date:  5/17/18
             S/F     REF#
388  4/20/18 6226 CORP ADV DISB         11/08 650000.00      .00     15.00-      .00     .00      .00    15.00-26
             PAYEE 62SOLAG #1001599444 DUE  4/20/18
             S/F BX  REF# 1001599444
387  4/16/18 1499 ZZZZF-Late Charges    11/08 650000.00      .00    200.50       .00     .00      .00      .00  200.50 01
     Effective date:  4/17/18
             S/F     REF#
386  4/03/18 6031 COUNTY TAX   DISBURSED 11/08 650000.00     .00   4040.27-      .00     .00  4040.27-     .00
             PAYEE 31WA00Q #       DUE  4/30/18
             S/F WR  REF#
385  4/03/18 1931 COUNTY TAX     ADVANCE 11/08 650000.00 4040.27  4040.27       .00     .00  4040.27      .00
             S/F WR  REF#
384  3/22/18 6226 CORP ADV DISB         11/08 650000.00      .00     15.00-      .00     .00      .00    15.00-26
             PAYEE 62SOLAG #1001595653 DUE  3/22/18
             S/F BX  REF# 1001595653
383  3/16/18 1499 ZZZZF-Late Charges    11/08 650000.00      .00    192.50       .00     .00      .00      .00  192.50 01
     Effective date:  3/19/18
             S/F     REF#
382  2/26/18 6226 CORP ADV DISB         11/08 650000.00      .00     15.00-      .00     .00      .00    15.00-26
             PAYEE 62SOLAG #1001592451 DUE  2/26/18
             S/F BX  REF# 1001592451
381  2/16/18 1499 ZZZZF-Late Charges    11/08 650000.00      .00    192.50       .00     .00      .00      .00  192.50 01
     Effective date:  2/19/18
             S/F     REF#
380  1/26/18 2526 CORP ADVANCE ADJUST   11/08 650000.00      .00     15.00       .00     .00      .00    15.00 26
             S/F BT  REF# 0000
379  1/25/18 6226 CORP ADV DISB         11/08 650000.00      .00     15.00-      .00     .00      .00    15.00-26
             PAYEE 62SOLAG #1001588478 DUE  1/25/18
             S/F BX  REF# 1001588478
378  1/16/18 1499 ZZZZF-Late Charges    11/08 650000.00      .00    192.50       .00     .00      .00      .00  192.50 01
     Effective date:  1/17/18
             S/F     REF#
377  1/03/18 6226 CORP ADV DISB         11/08 650000.00      .00     15.00-      .00     .00      .00    15.00-26
             PAYEE 62SOLAG #1001585608 DUE  1/03/18
             S/F BX  REF# 1001585608
376 12/18/17 1499 ZZZZF-Late Charges    11/08 650000.00      .00    192.50       .00     .00      .00      .00  192.50 01
     Effective date: 12/19/17
             S/F     REF#
375 12/04/17 6226 CORP ADV DISB         11/08 650000.00      .00     15.00-      .00     .00      .00    15.00-26
             PAYEE 62SOLAG #1001581559 DUE 12/04/17
             S/F BX  REF# 1001581559
```

```
SR497CR-02                           Mr. Cooper                        3/07/22 12:43:13
JRUS1034                        DETAIL TRANSACTION HISTORY              JOB DT:  3/07/22
                                                                       PAGE:       6
---TRANSACTION----            NEXT -AFTER TRANS.BALANCES-   TOTAL ---------------APPLIED----------------- MISC.PMTS
NBR  DATE   CODE -----DESCRIPTION------ DUE  PRINCIPAL   ESCROW   AMOUNT  PRINCIPAL INTEREST  ESCROW SUSPENSE/CD

LOAN#  59686████         CONTINUED

374 11/16/17 1499 ZZZZF-Late Charges  11/08 650000.00      .00    192.50     .00      .00      .00      .00    192.50 01
    Effective date: 11/17/17
         S/F    REF#
373 11/08/17 6226 CORP ADV DISB       11/08 650000.00      .00     15.00-    .00      .00      .00   15.00-26
         PAYEE 62SOLAG #1001578597 DUE 11/08/17
         S/F BX REF# 1001578597
372 10/17/17 6031 COUNTY TAX   DISBURSED 11/08 650000.00   .00   3499.77-    .00      .00  3499.77-    .00
         PAYEE 31WA00Q #       DUE 10/31/17
         S/F WR REF#
371 10/17/17 1931 COUNTY TAX   ADVANCE 11/08 650000.00 3499.77  3499.77      .00      .00  3499.77     .00
         S/F WR REF#
370 10/16/17 1499 ZZZZF-Late Charges  11/08 650000.00      .00    192.50     .00      .00      .00      .00    192.50 01
    Effective date: 10/17/17
         S/F    REF#
369  9/18/17 1499 ZZZZF-Late Charges  11/08 650000.00      .00    190.49     .00      .00      .00      .00    190.49 01
    Effective date:  9/19/17
         S/F    REF#
368  9/14/17 6050 HAZARD SFR   DISBURSED 11/08 650000.00   .00   1358.00-    .00      .00  1358.00-    .00
         PAYEE 50ASGHM #09142017IN DUE  9/11/17
         S/F WR REF# 09142017INS
367  9/14/17 1950 HAZARD SFR   ADVANCE 11/08 650000.00 1358.00  1358.00      .00      .00  1358.00     .00
         S/F WR REF# 09142017INS
366  8/16/17 1499 ZZZZF-Late Charges  11/08 650000.00      .00    190.49     .00      .00      .00      .00    190.49 01
    Effective date:  8/17/17
         S/F    REF#
365  7/17/17 1499 ZZZZF-Late Charges  11/08 650000.00      .00    190.49     .00      .00      .00      .00    190.49 01
    Effective date:  7/18/17
         S/F    REF#
364  6/16/17 1499 ZZZZF-Late Charges  11/08 650000.00      .00    190.49     .00      .00      .00      .00    190.49 01
    Effective date:  6/19/17
         S/F    REF#
363  5/16/17 1499 ZZZZF-Late Charges  11/08 650000.00      .00    190.49     .00      .00      .00      .00    190.49 01
    Effective date:  5/17/17
         S/F    REF#
362  4/17/17 1499 ZZZZF-Late Charges  11/08 650000.00      .00    190.49     .00      .00      .00      .00    190.49 01
    Effective date:  4/18/17
         S/F    REF#
361  4/11/17 6031 COUNTY TAX   DISBURSED 11/08 650000.00   .00   3499.76-    .00      .00  3499.76-    .00
         PAYEE 31WA00Q #       DUE  4/30/17
         S/F WR REF#
360  4/11/17 1931 COUNTY TAX   ADVANCE 11/08 650000.00 3499.76  3499.76      .00      .00  3499.76     .00
         S/F WR REF#
359  3/16/17 1499 ZZZZF-Late Charges  11/08 650000.00      .00    186.41     .00      .00      .00      .00    186.41 01
    Effective date:  3/17/17
         S/F    REF#
358  2/16/17 1499 ZZZZF-Late Charges  11/08 650000.00      .00    186.41     .00      .00      .00      .00    186.41 01
    Effective date:  2/17/17
         S/F    REF#
357  1/17/17 1499 ZZZZF-Late Charges  11/08 650000.00      .00    186.41     .00      .00      .00      .00    186.41 01
    Effective date:  1/18/17
         S/F    REF#
```

SR497CR-02                                                    Mr. Cooper                              3/07/22 12:43:13
JRUS1034                                        DETAIL TRANSACTION HISTORY                            JOB DT:  3/07/22
                                                                                                     PAGE:       7

| ---TRANSACTION---- | | | NEXT | -AFTER TRANS.BALANCES- | | TOTAL | ----------------APPLIED---------------- | | | | MISC.PMTS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| NBR | DATE | CODE | -----DESCRIPTION------ | DUE | PRINCIPAL | ESCROW | AMOUNT | PRINCIPAL | INTEREST | ESCROW | SUSPENSE/CD | |

LOAN# 59686█

| 356 | 12/16/16 1499 ZZZZF-Late Charges | 11/08 650000.00 | .00 | 186.41 | .00 | .00 | .00 | .00 | 186.41 01 |
|---|---|---|---|---|---|---|---|---|---|
|     | Effective date: 12/19/16 | | | | | | | | |
|     | S/F      REF# | | | | | | | | |
| 355 | 11/16/16 1499 ZZZZF-Late Charges | 11/08 650000.00 | .00 | 186.41 | .00 | .00 | .00 | .00 | 186.41 01 |
|     | Effective date: 11/17/16 | | | | | | | | |
|     | S/F      REF# | | | | | | | | |
| 354 | 11/09/16 2526 CORP ADVANCE ADJUST | 11/08 650000.00 | .00 | 15.71 | .00 | .00 | .00 | 15.71 26 | |
|     | Effective date: 10/28/16 | | | | | | | | |
|     | S/F WR  REF# 0000 | | | | | | | | |
| 353 | 10/17/16 1499 ZZZZF-Late Charges | 11/08 650000.00 | .00 | 186.41 | .00 | .00 | .00 | .00 | 186.41 01 |
|     | S/F      REF# | | | | | | | | |
| 352 | 10/13/16 6226 CORP ADV DISB | 11/08 650000.00 | .00 | 15.71- | .00 | .00 | .00 | 15.71-26 | |
|     | PAYEE 63SSFSL #0001504304 DUE 10/12/16 | | | | | | | | |
|     | S/F SC  REF# 0001504304 | | | | | | | | |
| 351 | 9/30/16 6031 COUNTY TAX   DISBURSED | 11/08 650000.00 | .00 | 3223.72- | .00 | .00 | 3223.72- | .00 | |
|     | PAYEE 31WA00Q #10578 TAR  DUE 10/30/16 | | | | | | | | |
|     | S/F WR  REF# 10578 TAR 3103 WA | | | | | | | | |
| 350 | 9/30/16 1931 COUNTY TAX   ADVANCE | 11/08 650000.00 | 3223.72 | 3223.72 | .00 | .00 | 3223.72 | .00 | |
|     | S/F WR  REF# 10578 TAR 3103 WA | | | | | | | | |
| 349 | 9/16/16 1499 ZZZZF-Late Charges | 11/08 650000.00 | .00 | 84.64 | .00 | .00 | .00 | .00 | 84.64 01 |
|     | S/F      REF# | | | | | | | | |
| 348 | 9/16/16 6226 CORP ADV DISB | 11/08 650000.00 | .00 | 15.71- | .00 | .00 | .00 | 15.71-26 | |
|     | PAYEE 63SSFSL #0001500526 DUE  9/15/16 | | | | | | | | |
|     | S/F SC  REF# 0001500526 | | | | | | | | |
| 347 | 9/15/16 6050 HAZARD SFR   DISBURSED | 11/08 650000.00 | .00 | 1341.00- | .00 | .00 | 1341.00- | .00 | |
|     | PAYEE 50ASGHM #09152016IN DUE  9/11/16 | | | | | | | | |
|     | S/F WR  REF# 09152016INS | | | | | | | | |
| 346 | 9/15/16 1950 HAZARD SFR   ADVANCE | 11/08 650000.00 | 1341.00 | 1341.00 | .00 | .00 | 1341.00 | .00 | |
|     | S/F WR  REF# 09152016INS | | | | | | | | |
| 345 | 8/18/16 6226 CORP ADV DISB | 11/08 650000.00 | .00 | 15.71- | .00 | .00 | .00 | 15.71-26 | |
|     | PAYEE 63SSFSL #0001496084 DUE  8/17/16 | | | | | | | | |
|     | S/F SC  REF# 0001496084 | | | | | | | | |
| 344 | 8/16/16 1499 ZZZZF-Late Charges | 11/08 650000.00 | .00 | 84.64 | .00 | .00 | .00 | .00 | 84.64 01 |
|     | S/F      REF# | | | | | | | | |
| 343 | 7/22/16 6226 CORP ADV DISB | 11/08 650000.00 | .00 | 15.71- | .00 | .00 | .00 | 15.71-26 | |
|     | PAYEE 63SSFSL #0001491724 DUE  7/21/16 | | | | | | | | |
|     | S/F SC  REF# 0001491724 | | | | | | | | |
| 342 | 7/18/16 1499 ZZZZF-Late Charges | 11/08 650000.00 | .00 | 84.64 | .00 | .00 | .00 | .00 | 84.64 01 |
|     | S/F      REF# | | | | | | | | |
| 341 | 6/29/16 2526 CORP ADVANCE ADJUST | 11/08 650000.00 | .00 | 15.71 | .00 | .00 | .00 | 15.71 26 | |
|     | S/F BT  REF# 0000 | | | | | | | | |
| 340 | 6/28/16 6226 CORP ADV DISB | 11/08 650000.00 | .00 | 15.71- | .00 | .00 | .00 | 15.71-26 | |
|     | PAYEE 63SSFSL #0001487182 DUE  6/27/16 | | | | | | | | |
|     | S/F SC  REF# 0001487182 | | | | | | | | |
| 339 | 6/16/16 1499 ZZZZF-Late Charges | 11/08 650000.00 | .00 | 84.64 | .00 | .00 | .00 | .00 | 84.64 01 |
|     | S/F      REF# | | | | | | | | |
| 338 | 6/03/16 6226 CORP ADV DISB | 11/08 650000.00 | .00 | 15.71- | .00 | .00 | .00 | 15.71-26 | |
|     | PAYEE 63SSFSL #0001482952 DUE  6/02/16 | | | | | | | | |
|     | S/F SC  REF# 0001482952 | | | | | | | | |
| 337 | 5/16/16 1499 ZZZZF-Late Charges | 11/08 650000.00 | .00 | 84.64 | .00 | .00 | .00 | .00 | 84.64 01 |
|     | S/F      REF# | | | | | | | | |

```
SR497CR-02                          Mr. Cooper                        3/07/22 12:43:13
JRUS1034                    DETAIL TRANSACTION HISTORY                 JOB DT:  3/07/22
                                                                      PAGE:       8

  ---TRANSACTION----          NEXT -AFTER TRANS.BALANCES-   TOTAL ----------------APPLIED----------------- MISC.PMTS
  NBR  DATE  CODE -----DESCRIPTION------ DUE  PRINCIPAL   ESCROW  AMOUNT PRINCIPAL INTEREST  ESCROW SUSPENSE/CD

 LOAN#  59686              CONTINUED

 336  5/05/16 6226 CORP ADV DISB     11/08 650000.00      .00     15.71-    .00     .00      .00   15.71-26
               PAYEE 63SSFSL #0001477105 DUE  5/04/16
               S/F SC  REF# 0001477105
 335  4/18/16 1499 ZZZZF-Late Charges 11/08 650000.00      .00     84.64    .00     .00      .00      .00   84.64 01
               S/F      REF#
 334  4/11/16 6226 CORP ADV DISB     11/08 650000.00      .00     15.71-    .00     .00      .00   15.71-26
               PAYEE 63SSFSL #0001471887 DUE  4/08/16
               S/F SC  REF# 0001471887
 333  4/05/16 6031 COUNTY TAX   DISBURSED 11/08 650000.00  .00   3223.72-   .00     .00  3223.72-    .00
               PAYEE 31WA00Q #10578 TAR  DUE  4/31/16
               S/F WR  REF# 10578 TAR 2358 WA
 332  4/05/16 1931 COUNTY TAX   ADVANCE  11/08 650000.00 3223.72 3223.72    .00     .00  3223.72     .00
               S/F WR  REF# 10578 TAR 2358 WA
 331  3/23/16 6226 CORP ADV DISB     11/08 650000.00      .00     15.71-    .00     .00      .00   15.71-26
               PAYEE 63SSFSL #0001467725 DUE  3/22/16
               S/F SC  REF# 0001467725
 330  3/16/16 1499 ZZZZF-Late Charges 11/08 650000.00      .00     74.48    .00     .00      .00      .00   74.48 01
               S/F      REF#
 329  2/23/16 6226 CORP ADV DISB     11/08 650000.00      .00     15.71-    .00     .00      .00   15.71-26
               PAYEE 63SSFSL #0001461460 DUE  2/22/16
               S/F SC  REF# 0001461460
 328  2/16/16 1499 ZZZZF-Late Charges 11/08 650000.00      .00     74.48    .00     .00      .00      .00   74.48 01
               S/F      REF#
 327  1/28/16 2526 CORP ADVANCE ADJUST 11/08 650000.00     .00     15.71    .00     .00      .00   15.71 26
               S/F BT  REF# 0000
 326  1/27/16 6226 CORP ADV DISB     11/08 650000.00      .00     15.71-    .00     .00      .00   15.71-26
               PAYEE 63SSFSL #0001456322 DUE  1/26/16
               S/F SC  REF# 0001456322
 325  1/19/16 1499 ZZZZF-Late Charges 11/08 650000.00      .00     74.48    .00     .00      .00      .00   74.48 01
               S/F      REF#
 324  1/06/16 6226 CORP ADV DISB     11/08 650000.00      .00     15.71-    .00     .00      .00   15.71-26
               PAYEE 63SSFSL #0001452803 DUE  1/05/16
               S/F SC  REF# 0001452803
 323 12/16/15 1499 ZZZZF-Late Charges 11/08 650000.00      .00     74.48    .00     .00      .00      .00   74.48 01
               S/F      REF#
 322 12/08/15 6226 CORP ADV DISB     11/08 650000.00      .00     15.71-    .00     .00      .00   15.71-26
               PAYEE 63SSFSL #0001447000 DUE 12/07/15
               S/F SC  REF# 0001447000
 321 11/16/15 1499 ZZZZF-Late Charges 11/08 650000.00      .00     74.48    .00     .00      .00      .00   74.48 01
               S/F      REF#
 320 11/06/15 6226 CORP ADV DISB     11/08 650000.00      .00     15.71-    .00     .00      .00   15.71-26
               PAYEE 63SSFSL #0001441155 DUE 11/05/15
               S/F SC  REF# 0001441155
 319 10/23/15 6226 CORP ADV DISB     11/08 650000.00      .00     15.71-    .00     .00      .00   15.71-26
               PAYEE 63SSFSL #0001431214 DUE 10/22/15
               S/F SC  REF# 0001431214
 318 10/16/15 1499 ZZZZF-Late Charges 11/08 650000.00      .00     74.48    .00     .00      .00      .00   74.48 01
               S/F      REF#
 317 10/01/15 6031 COUNTY TAX   DISBURSED 11/08 650000.00  .00   3062.95-   .00     .00  3062.95-    .00
               PAYEE 31WA00Q #10578 TAR  DUE 10/30/15
               S/F WR  REF# 10578 TAR 1553 WA
```

```
SR497CR-02                            Mr. Cooper                              3/07/22 12:43:13
JRUS1034                        DETAIL TRANSACTION HISTORY                    JOB DT:  3/07/22
                                                                                PAGE:       9

---TRANSACTION----            NEXT -AFTER TRANS.BALANCES-   TOTAL -------------APPLIED---------------- MISC.PMTS
NBR  DATE    CODE -----DESCRIPTION------ DUE   PRINCIPAL    ESCROW  AMOUNT  PRINCIPAL INTEREST  ESCROW SUSPENSE/CD

LOAN# 59686█████        CONTINUED

316 10/01/15 1931 COUNTY TAX   ADVANCE  11/08 650000.00  3062.95  3062.95       .00      .00 3062.95      .00
             S/F WR REF# 10578 TAR 1553 WA
315  9/21/15 6226 CORP ADV DISB         11/08 650000.00      .00   15.71-       .00      .00      .00  15.71-26
             PAYEE 63SSFSL #0001425282 DUE  9/18/15
             S/F SC  REF# 0001425282
314  9/16/15 1499 ZZZZF-Late Charges     11/08 650000.00     .00   71.09       .00      .00      .00      .00   71.09 01
             S/F     REF#
313  9/15/15 6050 HAZARD SFR   DISBURSED 11/08 650000.00     .00 1493.00-      .00      .00 1493.00-     .00
             PAYEE 50ASGHM #09152015IN DUE  9/11/15
             S/F WR REF# 09152015INS
312  9/15/15 1950 HAZARD SFR   ADVANCE  11/08 650000.00  1493.00 1493.00       .00      .00 1493.00      .00
             S/F WR REF# 09152015INS
311  8/19/15 6226 CORP ADV DISB         11/08 650000.00      .00   15.71-       .00      .00      .00  15.71-26
             PAYEE 63SSFSL #0001418560 DUE  8/18/15
             S/F SC  REF# 0001418560
310  8/17/15 1499 ZZZZF-Late Charges     11/08 650000.00     .00   71.09       .00      .00      .00      .00   71.09 01
             S/F     REF#
309  7/30/15 2526 CORP ADVANCE ADJUST    11/08 650000.00     .00   15.71       .00      .00      .00   15.71 26
             S/F BT  REF# 0000
308  7/29/15 6226 CORP ADV DISB         11/08 650000.00      .00   15.71-       .00      .00      .00  15.71-26
             PAYEE 63SSFSL #0001413836 DUE  7/28/15
             S/F SC  REF# 0001413836
307  7/16/15 1499 ZZZZF-Late Charges     11/08 650000.00     .00   71.09       .00      .00      .00      .00   71.09 01
             S/F     REF#
306  7/10/15 6226 CORP ADV DISB         11/08 650000.00      .00   15.71-       .00      .00      .00  15.71-26
             PAYEE 63SSFSL #0001409663 DUE  7/09/15
             S/F SC  REF# 0001409663
305  6/16/15 1499 ZZZZF-Late Charges     11/08 650000.00     .00   71.09       .00      .00      .00      .00   71.09 01
             S/F     REF#
304  6/09/15 6226 CORP ADV DISB         11/08 650000.00      .00   15.71-       .00      .00      .00  15.71-26
             PAYEE 63SSFSL #0001402701 DUE  6/08/15
             S/F SC  REF# 0001402701
303  5/18/15 1499 ZZZZF-Late Charges     11/08 650000.00     .00   71.09       .00      .00      .00      .00   71.09 01
             S/F     REF#
302  5/13/15 6226 CORP ADV DISB         11/08 650000.00      .00   15.71-       .00      .00      .00  15.71-26
             PAYEE 63SSFSL #0001397000 DUE  5/12/15
             S/F SC  REF# 0001397000
301  4/22/15 2526 CORP ADVANCE ADJUST    11/08 650000.00     .00   15.71       .00      .00      .00   15.71 26
             S/F BT  REF# 0000
300  4/21/15 6226 CORP ADV DISB         11/08 650000.00      .00   15.71-       .00      .00      .00  15.71-26
             PAYEE 63SSFSL #0001391510 DUE  4/20/15
             S/F SC  REF# 0001391510
299  4/21/15 6226 CORP ADV DISB         11/08 650000.00      .00   15.71-       .00      .00      .00  15.71-26
             PAYEE 63SSFSL #0001391510 DUE  4/20/15
             S/F SC  REF# 0001391510
298  4/16/15 1499 ZZZZF-Late Charges     11/08 650000.00     .00   71.09       .00      .00      .00      .00   71.09 01
             S/F     REF#
297  4/10/15 6031 COUNTY TAX   DISBURSED 11/08 650000.00     .00 3062.95-      .00      .00 3062.95-     .00
             PAYEE 31WA00Q #10578 TAR  DUE  4/31/15
             S/F WR  REF# 10578 TAR 0696 WA
296  4/10/15 1931 COUNTY TAX   ADVANCE  11/08 650000.00  3062.95  3062.95       .00      .00 3062.95      .00
```

```
---TRANSACTION----                     NEXT -AFTER TRANS.BALANCES-      TOTAL  ---------------APPLIED---------------- MISC.PMTS
NBR   DATE   CODE -----DESCRIPTION------ DUE   PRINCIPAL   ESCROW      AMOUNT  PRINCIPAL INTEREST   ESCROW SUSPENSE/CD

LOAN#  59686             CONTINUED

              S/F WR  REF# 10578 TAR 0696 WA
295  3/27/15 6226 CORP ADV DISB         11/08  650000.00     .00      15.71-       .00      .00      .00   15.71-26
              PAYEE 63SSFSL #0001385299 DUE  3/26/15
              S/F SC  REF# 0001385299
294  3/23/15 2576 CORP ADV NOCASH ADJ   11/08  650000.00     .00      42.00        .00      .00      .00     42.00 26
              S/F AD  REF# 0000
293  3/16/15 1499 ZZZZF-Late Charges     11/08  650000.00     .00      71.09        .00      .00      .00       .00  71.09 01
              S/F      REF#
292  2/26/15 6226 CORP ADV DISB         11/08  650000.00     .00      15.71-       .00      .00      .00   15.71-26
              PAYEE 63SSFSL #0001377294 DUE  2/25/15
              S/F SC  REF# 0001377294
291  2/17/15 1499 ZZZZF-Late Charges     11/08  650000.00     .00      71.09        .00      .00      .00       .00  71.09 01
              S/F      REF#
290  2/06/15 6226 CORP ADV DISB         11/08  650000.00     .00      15.71-       .00      .00      .00   15.71-26
              PAYEE 63SSFSL #0001372344 DUE  2/05/15
              S/F SC  REF# 0001372344
289  1/16/15 1499 ZZZZF-Late Charges     11/08  650000.00     .00      71.09        .00      .00      .00       .00  71.09 01
              S/F      REF#
288 12/23/14 6226 CORP ADV DISB         11/08  650000.00     .00      15.71-       .00      .00      .00   15.71-26
              PAYEE 63SSFSL #0001361871 DUE 12/22/14
              S/F SC  REF# 0001361871
287 12/17/14 6226 CORP ADV DISB         11/08  650000.00     .00      15.71-       .00      .00      .00   15.71-26
              PAYEE 63SSFSL #0001360586 DUE 12/16/14
              S/F SC  REF# 0001360586
286 12/16/14 1499 ZZZZF-Late Charges     11/08  650000.00     .00      71.09        .00      .00      .00       .00  71.09 01
              S/F      REF#
285 11/17/14 1499 ZZZZF-Late Charges     11/08  650000.00     .00      71.09        .00      .00      .00       .00  71.09 01
              S/F      REF#
284 10/31/14 6226 CORP ADV DISB         11/08  650000.00     .00      15.86-       .00      .00      .00   15.86-26
              PAYEE 63SSFSL #         DUE 10/31/14
              S/F WR  REF#
283 10/30/14 6226 CORP ADV DISB         11/08  650000.00     .00     145.00-       .00      .00      .00  145.00-26
              PAYEE 62SSSEV #         DUE 10/30/14
              S/F WR  REF#
282 10/16/14 1499 ZZZZF-Late Charges     11/08  650000.00     .00      71.09        .00      .00      .00       .00  71.09 01
              S/F      REF#
281  9/30/14 6226 CORP ADV DISB         11/08  650000.00     .00      15.86-       .00      .00      .00   15.86-26
              PAYEE 63SSFSL #         DUE  9/30/14
              S/F WR  REF#
280  9/30/14 6226 CORP ADV DISB         11/08  650000.00     .00      15.86-       .00      .00      .00   15.86-26
              PAYEE 63SSFSL #         DUE  9/23/14
              S/F WR  REF#
279  9/25/14 6031 COUNTY TAX   DISBURSED 11/08  650000.00     .00    3024.39-       .00      .00  3024.39-    .00
              PAYEE 31WA00Q #TAR 9827 W DUE 10/30/14
              S/F WR  REF# TAR 9827 WA
278  9/25/14 1931 COUNTY TAX   ADVANCE   11/08  650000.00  3024.39   3024.39        .00      .00  3024.39     .00
              S/F WR  REF# TAR 9827 WA
277  9/23/14 6226 CORP ADV DISB         11/08  650000.00     .00      15.86-       .00      .00      .00   15.86-26
              PAYEE 63SSFSL #NSM.AGEDRE DUE  9/23/14
              S/F WR  REF# NSM.AGEDREVISED
276  9/17/14 6226 CORP ADV DISB         11/08  650000.00     .00      15.86-       .00      .00      .00   15.86-26
```

```
SR497CR-02                            Mr. Cooper                              3/07/22 12:43:13
JRUS1034                        DETAIL TRANSACTION HISTORY                    JOB DT:  3/07/22
                                                                               PAGE:    11

---TRANSACTION----              NEXT -AFTER TRANS.BALANCES-    TOTAL  --------------APPLIED----------------- MISC.PMTS
NBR   DATE   CODE -----DESCRIPTION------  DUE   PRINCIPAL   ESCROW   AMOUNT  PRINCIPAL INTEREST   ESCROW SUSPENSE/CD

LOAN#  59686        CONTINUED

             PAYEE 63SSFSL #        DUE  9/12/14
             S/F WR  REF#
275  9/16/14 6050 HAZARD SFR   DISBURSED 11/08  650000.00      .00   1472.00-       .00      .00 1472.00-       .00
             PAYEE 50ASGHM #09162014IN DUE  9/11/14
             S/F WR  REF# 09162014INS
274  9/16/14 1950 HAZARD SFR   ADVANCE  11/08  650000.00  1472.00   1472.00        .00      .00 1472.00        .00
             S/F WR  REF# 09162014INS
273  7/25/14 6226 CORP ADV DISB         11/08  650000.00      .00     15.86-       .00      .00      .00   15.86-26
             PAYEE 63SSFSL #        DUE  7/24/14
             S/F WR  REF#
272  7/08/14 6226 CORP ADV DISB         11/08  650000.00      .00     15.86-       .00      .00      .00   15.86-26
             PAYEE 63SSFSL #        DUE  7/07/14
             S/F WR  REF#
271  6/18/14 6226 CORP ADV DISB         11/08  650000.00      .00     15.86-       .00      .00      .00   15.86-26
             PAYEE 63SSFSL #        DUE  6/12/14
             S/F WR  REF#
270  6/16/14 1499 ZZZZF-Late Charges    11/08  650000.00      .00     71.09        .00      .00      .00       .00   71.09 01
             S/F       REF#
269  6/04/14 6226 CORP ADV DISB         11/08  650000.00      .00      1.25-       .00      .00      .00    1.25-26
             PAYEE 61QUALI #0001300170 DUE  6/03/14
             S/F SC  REF# 0001300170
268  6/04/14 6226 CORP ADV DISB         11/08  650000.00      .00      1.25-       .00      .00      .00    1.25-26
             PAYEE 61QUALI #0001300170 DUE  6/03/14
             S/F SC  REF# 0001300170
267  6/04/14 6226 CORP ADV DISB         11/08  650000.00      .00    126.48-       .00      .00      .00  126.48-26
             PAYEE 61QUALI #0001300170 DUE  6/03/14
             S/F SC  REF# 0001300170
266  6/04/14 6226 CORP ADV DISB         11/08  650000.00      .00    126.48-       .00      .00      .00  126.48-26
             PAYEE 61QUALI #0001300170 DUE  6/03/14
             S/F SC  REF# 0001300170
265  6/04/14 6226 CORP ADV DISB         11/08  650000.00      .00     50.00-       .00      .00      .00   50.00-26
             PAYEE 61QUALI #0001300170 DUE  6/03/14
             S/F SC  REF# 0001300170
264  6/04/14 6226 CORP ADV DISB         11/08  650000.00      .00     50.00-       .00      .00      .00   50.00-26
             PAYEE 61QUALI #0001300170 DUE  6/03/14
             S/F SC  REF# 0001300170
263  6/04/14 6226 CORP ADV DISB         11/08  650000.00      .00     50.00-       .00      .00      .00   50.00-26
             PAYEE 61QUALI #0001300170 DUE  6/03/14
             S/F SC  REF# 0001300170
262  5/22/14 6226 CORP ADV DISB         11/08  650000.00      .00     15.86-       .00      .00      .00   15.86-26
             PAYEE 63SSFSL #        DUE  5/21/14
             S/F WR  REF#
261  5/16/14 1499 ZZZZF-Late Charges    11/08  650000.00      .00     71.09        .00      .00      .00       .00   71.09 01
             S/F       REF#
260  4/30/14 6226 CORP ADV DISB         11/08  650000.00      .00     15.86-       .00      .00      .00   15.86-26
             PAYEE 63SSFSL #        DUE  4/30/14
             S/F WR  REF#
259  4/16/14 1499 ZZZZF-Late Charges    11/08  650000.00      .00     71.09        .00      .00      .00       .00   71.09 01
             S/F       REF#
258  4/04/14 6031 COUNTY TAX   DISBURSED 11/08  650000.00     .00   3024.39-       .00      .00 3024.39-       .00
             PAYEE 31WA00Q #TAR 8963 W DUE  4/31/14
             S/F       REF#
```

```
---TRANSACTION----              NEXT -AFTER TRANS.BALANCES-     TOTAL  ---------------APPLIED----------------- MISC.PMTS
NBR   DATE    CODE -----DESCRIPTION------  DUE   PRINCIPAL     ESCROW   AMOUNT   PRINCIPAL INTEREST   ESCROW SUSPENSE/CD

LOAN#  59686▮▮▮▮       CONTINUED

           S/F WR  REF# TAR 8963 WA
257  4/04/14 1931 COUNTY TAX     ADVANCE  11/08  650000.00    3024.39   3024.39       .00      .00  3024.39      .00
           S/F WR  REF# TAR 8963 WA
256  1/16/14 2626 CORP ADVANCE ADJUST     11/08  650000.00        .00    350.00-      .00      .00      .00   350.00-26
           S/F TR  REF#
255  1/16/14 2626 CORP ADVANCE ADJUST     11/08  650000.00        .00   2298.26-      .00      .00      .00  2298.26-26
           S/F TR  REF#
254  1/16/14 2626 CORP ADVANCE ADJUST     11/08  650000.00        .00    231.85-      .00      .00      .00   231.85-26
           S/F TR  REF#
253  1/16/14 2626 CORP ADVANCE ADJUST     11/08  650000.00        .00   1218.07-      .00      .00      .00  1218.07-26
           S/F TR  REF#
252  1/16/14 2626 CORP ADVANCE ADJUST     11/08  650000.00        .00    162.00-      .00      .00      .00   162.00-26
           S/F TR  REF#
251  1/16/14 2626 CORP ADVANCE ADJUST     11/08  650000.00        .00    650.00-      .00      .00      .00   650.00-26
           S/F TR  REF#
250  1/16/14 2626 CORP ADVANCE ADJUST     11/08  650000.00        .00   1247.04-      .00      .00      .00  1247.04-26
           S/F TR  REF#
249  1/16/14 2626 CORP ADVANCE ADJUST     11/08  650000.00        .00    108.15-      .00      .00      .00   108.15-26
           S/F TR  REF#
248  1/16/14 2626 CORP ADVANCE ADJUST     11/08  650000.00        .00     95.00-      .00      .00      .00    95.00-26
           S/F TR  REF#
247  1/16/14 2626 CORP ADVANCE ADJUST     11/08  650000.00        .00   2050.00-      .00      .00      .00  2050.00-26
           S/F TR  REF#
246  1/16/14 2626 CORP ADVANCE ADJUST     11/08  650000.00        .00   7079.68-      .00      .00      .00  7079.68-26
           S/F TR  REF#
245  1/16/14 2626 CORP ADVANCE ADJUST     11/08  650000.00        .00      9.15-      .00      .00      .00     9.15-26
           S/F TR  REF#
244  1/16/14 2564 NON CASH FEE ADJ        11/08  650000.00        .00   1746.86       .00      .00      .00      .00      999.99 01
                                                                                                                         746.87 01

           S/F TR  REF#
243  1/16/14 2643 ESCROW ADJ              11/08  650000.00        .00  40452.50-      .00      .00 40452.50-     .00
           S/F TR  REF#
242  1/16/14 19   ESCROW ADVANCE          11/08  650000.00   40452.50  40452.50       .00      .00 40452.50      .00
           S/F TR  REF#
241  1/16/14 8199 NEW INV FKM/0000001     11/08  650000.00        .00 650000.00- 650000.00-    .00      .00      .00
240  1/16/14 3199 OLD INV 844/0000001     11/08       .00         .00 650000.00  650000.00     .00      .00      .00
           S/F TR  REF#
239  1/16/14 2664 NON CASH FEE ADJ        11/08  650000.00        .00   1746.86-      .00      .00      .00      .00      999.99-01
                                                                                                                         746.87-01

           S/F TR  REF#
238  1/16/14 2526 CORP ADVANCE ADJUST     11/08  650000.00        .00    350.00       .00      .00      .00   350.00 26
           S/F TR  REF#
237  1/16/14 2526 CORP ADVANCE ADJUST     11/08  650000.00        .00   2298.26       .00      .00      .00  2298.26 26
           S/F TR  REF#
236  1/16/14 2526 CORP ADVANCE ADJUST     11/08  650000.00        .00    231.85       .00      .00      .00   231.85 26
           S/F TR  REF#
235  1/16/14 2526 CORP ADVANCE ADJUST     11/08  650000.00        .00   1218.07       .00      .00      .00  1218.07 26
           S/F TR  REF#
234  1/16/14 2526 CORP ADVANCE ADJUST     11/08  650000.00        .00    162.00       .00      .00      .00   162.00 26
           S/F TR  REF#
```

```
SR497CR-02                                Mr. Cooper                           3/07/22 12:43:13
JRUS1034                          DETAIL TRANSACTION HISTORY                    JOB DT:  3/07/22
                                                                                  PAGE:     13
---TRANSACTION----                 NEXT -AFTER TRANS.BALANCES-   TOTAL  ---------------APPLIED----------------- MISC.PMTS
NBR  DATE   CODE -----DESCRIPTION------  DUE   PRINCIPAL  ESCROW  AMOUNT  PRINCIPAL INTEREST   ESCROW SUSPENSE/CD

LOAN# 59686█████        CONTINUED

 233  1/16/14 2526 CORP ADVANCE ADJUST  11/08  650000.00      .00    650.00      .00     .00      .00   650.00 26
              S/F TR  REF#
 232  1/16/14 2526 CORP ADVANCE ADJUST  11/08  650000.00      .00   1247.04      .00     .00      .00  1247.04 26
              S/F TR  REF#
 231  1/16/14 2526 CORP ADVANCE ADJUST  11/08  650000.00      .00    108.15      .00     .00      .00   108.15 26
              S/F TR  REF#
 230  1/16/14 2526 CORP ADVANCE ADJUST  11/08  650000.00      .00     95.00      .00     .00      .00    95.00 26
              S/F TR  REF#
 229  1/16/14 2526 CORP ADVANCE ADJUST  11/08  650000.00      .00   2050.00      .00     .00      .00  2050.00 26
              S/F TR  REF#
 228  1/16/14 2526 CORP ADVANCE ADJUST  11/08  650000.00      .00   7079.68      .00     .00      .00  7079.68 26
              S/F TR  REF#
 227  1/16/14 2526 CORP ADVANCE ADJUST  11/08  650000.00      .00      9.15      .00     .00      .00     9.15 26
              S/F TR  REF#
 226  1/16/14 1919 RECOVER ESCROW ADVANCE 11/08 650000.00     .00  40452.50-     .00     .00 40452.50-    .00
              S/F TR  REF#
 225  1/16/14 2543 ESCROW ADJ           11/08  650000.00 40452.50  40452.50      .00     .00 40452.50     .00
              S/F TR  REF#
 224 11/18/13 6226 CORP ADV DISB        11/08  650000.00      .00     12.00-     .00     .00      .00    12.00-26
              PAYEE 63FIELD #0001246865 DUE 11/15/13
              S/F SC  REF# 0001246865
 223 11/05/13 6226 CORP ADV DISB        11/08  650000.00      .00    525.00-     .00     .00      .00   525.00-26
              PAYEE 63EMORT #0001243211 DUE 11/04/13
              S/F SC  REF# 0001243211
 222 10/31/13 6226 CORP ADV DISB        11/08  650000.00      .00      1.25-     .00     .00      .00     1.25-26
              PAYEE 61QUALI #0001241880 DUE 10/30/13
              S/F SC  REF# 0001241880
 221 10/31/13 6226 CORP ADV DISB        11/08  650000.00      .00      1.25-     .00     .00      .00     1.25-26
              PAYEE 61QUALI #0001241880 DUE 10/30/13
              S/F SC  REF# 0001241880
 220 10/31/13 6226 CORP ADV DISB        11/08  650000.00      .00   1327.91-     .00     .00      .00  1327.91-26
              PAYEE 61QUALI #0001241880 DUE 10/30/13
              S/F SC  REF# 0001241880
 219 10/31/13 6226 CORP ADV DISB        11/08  650000.00      .00    126.48-     .00     .00      .00   126.48-26
              PAYEE 61QUALI #0001241880 DUE 10/30/13
              S/F SC  REF# 0001241880
 218 10/31/13 6226 CORP ADV DISB        11/08  650000.00      .00    126.48-     .00     .00      .00   126.48-26
              PAYEE 61QUALI #0001241880 DUE 10/30/13
              S/F SC  REF# 0001241880
 217 10/31/13 6226 CORP ADV DISB        11/08  650000.00      .00     50.00-     .00     .00      .00    50.00-26
              PAYEE 61QUALI #0001241880 DUE 10/30/13
              S/F SC  REF# 0001241880
 216 10/15/13 6031 COUNTY TAX   DISBURSED 11/08 650000.00     .00   2902.28-     .00     .00  2902.28-    .00
              PAYEE 31WA00Q #10578 TAR  DUE 10/30/13
              S/F WR  REF# 10578 TAR 8106 WA
 215 10/15/13 1931 COUNTY TAX    ADVANCE 11/08  650000.00 2902.28   2902.28      .00     .00  2902.28     .00
              S/F WR  REF# 10578 TAR 8106 WA
 214 10/04/13 6226 CORP ADV DISB        11/08  650000.00      .00      9.15-     .00     .00      .00     9.15-26
              PAYEE 63MSIRB #0001235556 DUE 10/03/13
              S/F SC  REF# 0001235556
 213 10/02/13 6050 HAZARD SFR   DISBURSED 11/08 650000.00     .00   2526.00-     .00     .00  2526.00-    .00
```

```
SR497CR-02                          Mr. Cooper                          3/07/22 12:43:13
JRUS1034                    DETAIL TRANSACTION HISTORY                 JOB DT:  3/07/22
                                                                         PAGE:    14

---TRANSACTION----          NEXT -AFTER TRANS.BALANCES-    TOTAL ---------------APPLIED----------------- MISC.PMTS
NBR  DATE   CODE -----DESCRIPTION------ DUE   PRINCIPAL    ESCROW  AMOUNT PRINCIPAL INTEREST  ESCROW SUSPENSE/CD

LOAN#  59686████        CONTINUED

           PAYEE 50ASGHM #10022013IN DUE  9/11/13
           S/F WR REF# 10022013INS
212 10/02/13 1950 HAZARD SFR   ADVANCE   11/08 650000.00  2526.00  2526.00     .00     .00 2526.00     .00
           S/F WR  REF# 10022013INS
211  9/18/13 6226 CORP ADV DISB          11/08 650000.00      .00    12.00-    .00     .00     .00   12.00-26
           PAYEE 63SAFGD #0001231108 DUE  9/17/13
           S/F SC  REF# 0001231108
210  9/16/13 1499 ZZZZF-Late Charges     11/08 650000.00      .00    74.48     .00     .00     .00     .00    74.48 01
           S/F     REF#
209  8/28/13 6226 CORP ADV DISB          11/08 650000.00      .00   340.00-    .00     .00     .00  340.00-26
           PAYEE 63EMORT #0001226095 DUE  8/27/13
           S/F SC  REF# 0001226095
208  8/16/13 2664 NON CASH FEE ADJ       11/08 650000.00      .00    74.48-    .00     .00     .00     .00    74.48-01
           S/F WC  REF#
207  8/16/13 1499 ZZZZF-Late Charges     11/08 650000.00      .00    74.48     .00     .00     .00     .00    74.48 01
           S/F     REF#
206  8/05/13 6226 CORP ADV DISB          11/08 650000.00      .00    50.00-    .00     .00     .00   50.00-26
           PAYEE 61QUALI #0001220080 DUE  8/02/13
           S/F SC  REF# 0001220080
205  7/17/13 6226 CORP ADV DISB          11/08 650000.00      .00    12.00-    .00     .00     .00   12.00-26
           PAYEE 63SAFGD #0001216079 DUE  7/16/13
           S/F SC  REF# 0001216079
204  7/16/13 2664 NON CASH FEE ADJ       11/08 650000.00      .00    74.48-    .00     .00     .00     .00    74.48-01
           S/F WC  REF#
203  7/16/13 1499 ZZZZF-Late Charges     11/08 650000.00      .00    74.48     .00     .00     .00     .00    74.48 01
           S/F     REF#
202  6/20/13 6226 CORP ADV DISB          11/08 650000.00      .00    50.00-    .00     .00     .00   50.00-26
           PAYEE 61QUALI #0001210062 DUE  6/19/13
           S/F SC  REF# 0001210062
201  6/20/13 6226 CORP ADV DISB          11/08 650000.00      .00    50.00-    .00     .00     .00   50.00-26
           PAYEE 61QUALI #0001210062 DUE  6/19/13
           S/F SC  REF# 0001210062
200  6/20/13 6226 CORP ADV DISB          11/08 650000.00      .00   115.00-    .00     .00     .00  115.00-26
           PAYEE 61QUALI #0001210062 DUE  6/19/13
           S/F SC  REF# 0001210062
199  6/20/13 6226 CORP ADV DISB          11/08 650000.00      .00   115.00-    .00     .00     .00  115.00-26
           PAYEE 61QUALI #0001210062 DUE  6/19/13
           S/F SC  REF# 0001210062
198  6/20/13 6226 CORP ADV DISB          11/08 650000.00      .00   115.00-    .00     .00     .00  115.00-26
           PAYEE 61QUALI #0001210062 DUE  6/19/13
           S/F SC  REF# 0001210062
197  6/20/13 6226 CORP ADV DISB          11/08 650000.00      .00     5.27-    .00     .00     .00    5.27-26
           PAYEE 61QUALI #0001210062 DUE  6/19/13
           S/F SC  REF# 0001210062
196  6/20/13 6226 CORP ADV DISB          11/08 650000.00      .00    90.72-    .00     .00     .00   90.72-26
           PAYEE 61QUALI #0001210062 DUE  6/19/13
           S/F SC  REF# 0001210062
195  6/20/13 6226 CORP ADV DISB          11/08 650000.00      .00    85.20-    .00     .00     .00   85.20-26
           PAYEE 61QUALI #0001210062 DUE  6/19/13
           S/F SC  REF# 0001210062
194  6/20/13 6226 CORP ADV DISB          11/08 650000.00      .00    59.40-    .00     .00     .00   59.40-26
```

Case 3:20-cv-05397-BHS   Document 44-1   Filed 03/25/22   Page 60 of 85

```
---TRANSACTION----             NEXT -AFTER TRANS.BALANCES-    TOTAL  ---------------APPLIED----------------- MISC.PMTS
NBR   DATE   CODE -----DESCRIPTION------  DUE   PRINCIPAL   ESCROW  AMOUNT  PRINCIPAL INTEREST  ESCROW SUSPENSE/CD

LOAN# 59686█████            CONTINUED

             PAYEE 61QUALI #0001210062 DUE  6/19/13
             S/F SC  REF# 0001210062
193  6/20/13 6226 CORP ADV DISB     11/08 650000.00      .00   961.60-      .00      .00      .00   961.60-26
             PAYEE 61QUALI #0001210062 DUE  6/19/13
             S/F SC  REF# 0001210062
192  6/20/13 6226 CORP ADV DISB     11/08 650000.00      .00     1.25-      .00      .00      .00     1.25-26
             PAYEE 61QUALI #0001210062 DUE  6/19/13
             S/F SC  REF# 0001210062
191  6/20/13 6226 CORP ADV DISB     11/08 650000.00      .00     1.25-      .00      .00      .00     1.25-26
             PAYEE 61QUALI #0001210062 DUE  6/19/13
             S/F SC  REF# 0001210062
190  6/20/13 6226 CORP ADV DISB     11/08 650000.00      .00     1.25-      .00      .00      .00     1.25-26
             PAYEE 61QUALI #0001210062 DUE  6/19/13
             S/F SC  REF# 0001210062
189  6/20/13 6226 CORP ADV DISB     11/08 650000.00      .00     1.25-      .00      .00      .00     1.25-26
             PAYEE 61QUALI #0001210062 DUE  6/19/13
             S/F SC  REF# 0001210062
188  6/20/13 6226 CORP ADV DISB     11/08 650000.00      .00     1.25-      .00      .00      .00     1.25-26
             PAYEE 61QUALI #0001210062 DUE  6/19/13
             S/F SC  REF# 0001210062
187  6/20/13 6226 CORP ADV DISB     11/08 650000.00      .00    77.01-      .00      .00      .00    77.01-26
             PAYEE 61QUALI #0001210062 DUE  6/19/13
             S/F SC  REF# 0001210062
186  6/20/13 6226 CORP ADV DISB     11/08 650000.00      .00    66.01-      .00      .00      .00    66.01-26
             PAYEE 61QUALI #0001210062 DUE  6/19/13
             S/F SC  REF# 0001210062
185  6/18/13 6050 HAZARD SFR  DISBURSED 11/08 650000.00   .00   610.52-      .00      .00   610.52-     .00
             PAYEE 50ASGHM #06182013IN DUE  8/11/13
             S/F WR  REF# 06182013INS
184  6/18/13 1950 HAZARD SFR  ADVANCE 11/08 650000.00 610.52   610.52      .00      .00   610.52      .00
             S/F WR  REF# 06182013INS
183  6/17/13 2664 NON CASH FEE ADJ   11/08 650000.00      .00    74.48-      .00      .00      .00      .00   74.48-01
             S/F WC  REF#
182  6/17/13 1499 ZZZZF-Late Charges 11/08 650000.00      .00    74.48      .00      .00      .00      .00   74.48 01
             S/F     REF#
181  6/17/13 6050 HAZARD SFR  DISBURSED 11/08 650000.00   .00   203.51-      .00      .00   203.51-     .00
             PAYEE 50ASGHM #06172013IN DUE  5/11/13
             S/F WR  REF# 06172013INS
180  6/17/13 1950 HAZARD SFR  ADVANCE 11/08 650000.00 203.51   203.51      .00      .00   203.51      .00
             S/F WR  REF# 06172013INS
179  5/16/13 2664 NON CASH FEE ADJ   11/08 650000.00      .00    74.48-      .00      .00      .00      .00   74.48-01
             S/F WC  REF#
178  5/16/13 1499 ZZZZF-Late Charges 11/08 650000.00      .00    74.48      .00      .00      .00      .00   74.48 01
             S/F     REF#
177  5/02/13 6050 HAZARD SFR  DISBURSED 11/08 650000.00   .00   203.51-      .00      .00   203.51-     .00
             PAYEE 50ASGHM #05022013IN DUE  4/11/13
             S/F WR  REF# 05022013INS
176  5/02/13 1950 HAZARD SFR  ADVANCE 11/08 650000.00 203.51   203.51      .00      .00   203.51      .00
             S/F WR  REF# 05022013INS
175  4/16/13 2664 NON CASH FEE ADJ   11/08 650000.00      .00    74.48-      .00      .00      .00      .00   74.48-01
             S/F WC  REF#
```

```
SR497CR-02                                          Mr. Cooper                        3/07/22 12:43:13
JRUS1034                                   DETAIL TRANSACTION HISTORY                  JOB DT:   3/07/22
                                                                                      PAGE:      16
```

```
---TRANSACTION----              NEXT -AFTER TRANS.BALANCES-    TOTAL  ---------------APPLIED---------------- MISC.PMTS
NBR  DATE   CODE -----DESCRIPTION------ DUE  PRINCIPAL    ESCROW   AMOUNT  PRINCIPAL INTEREST   ESCROW SUSPENSE/CD
```

LOAN#  59686█              CONTINUED

| NBR | DATE | CODE | DESCRIPTION | DUE | PRINCIPAL | ESCROW | AMOUNT | PRINCIPAL | INTEREST | ESCROW | SUSPENSE/CD | MISC.PMTS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 174 | 4/16/13 | 1499 | ZZZZF-Late Charges | 11/08 | 650000.00 | .00 | 74.48 | .00 | .00 | .00 | .00 | 74.48 01 |
|  |  | S/F | REF# |  |  |  |  |  |  |  |  |  |
| 173 | 4/08/13 | 6226 | CORP ADV DISB | 11/08 | 650000.00 | .00 | 12.00- | .00 | .00 | .00 | 12.00-26 |  |
|  |  |  | PAYEE 63SAFGD #0001194501 DUE 4/05/13 |  |  |  |  |  |  |  |  |  |
|  |  | S/F SC | REF# 0001194501 |  |  |  |  |  |  |  |  |  |
| 172 | 4/04/13 | 6031 | COUNTY TAX DISBURSED | 11/08 | 650000.00 | .00 | 2902.28- | .00 | .00 | 2902.28- | .00 |  |
|  |  |  | PAYEE 31WA00Q #TAR 6391 W DUE 4/31/13 |  |  |  |  |  |  |  |  |  |
|  |  | S/F WR | REF# TAR 6391 WA |  |  |  |  |  |  |  |  |  |
| 171 | 4/04/13 | 1931 | COUNTY TAX ADVANCE | 11/08 | 650000.00 | 2902.28 | 2902.28 | .00 | .00 | 2902.28 | .00 |  |
|  |  | S/F WR | REF# TAR 6391 WA |  |  |  |  |  |  |  |  |  |
| 170 | 4/02/13 | 6050 | HAZARD SFR DISBURSED | 11/08 | 650000.00 | .00 | 203.51- | .00 | .00 | 203.51- | .00 |  |
|  |  |  | PAYEE 50ASGHM #04022013IN DUE 3/11/13 |  |  |  |  |  |  |  |  |  |
|  |  | S/F WR | REF# 04022013INS |  |  |  |  |  |  |  |  |  |
| 169 | 4/02/13 | 1950 | HAZARD SFR ADVANCE | 11/08 | 650000.00 | 203.51 | 203.51 | .00 | .00 | 203.51 | .00 |  |
|  |  | S/F WR | REF# 04022013INS |  |  |  |  |  |  |  |  |  |
| 168 | 3/18/13 | 1499 | ZZZZF-Late Charges | 11/08 | 650000.00 | .00 | 81.25 | .00 | .00 | .00 | .00 | 81.25 01 |
|  |  | S/F | REF# |  |  |  |  |  |  |  |  |  |
| 167 | 3/04/13 | 6050 | HAZARD SFR DISBURSED | 11/08 | 650000.00 | .00 | 203.51- | .00 | .00 | 203.51- | .00 |  |
|  |  |  | PAYEE 50ASGHM #03042013IN DUE 2/11/13 |  |  |  |  |  |  |  |  |  |
|  |  | S/F WR | REF# 03042013INS |  |  |  |  |  |  |  |  |  |
| 166 | 3/04/13 | 1950 | HAZARD SFR ADVANCE | 11/08 | 650000.00 | 203.51 | 203.51 | .00 | .00 | 203.51 | .00 |  |
|  |  | S/F WR | REF# 03042013INS |  |  |  |  |  |  |  |  |  |
| 165 | 2/19/13 | 1499 | ZZZZF-Late Charges | 11/08 | 650000.00 | .00 | 81.25 | .00 | .00 | .00 | .00 | 81.25 01 |
|  |  | S/F | REF# |  |  |  |  |  |  |  |  |  |
| 164 | 2/04/13 | 6050 | HAZARD SFR DISBURSED | 11/08 | 650000.00 | .00 | 203.51- | .00 | .00 | 203.51- | .00 |  |
|  |  |  | PAYEE 50ASGHM #02042013IN DUE 1/11/13 |  |  |  |  |  |  |  |  |  |
|  |  | S/F WR | REF# 02042013INS |  |  |  |  |  |  |  |  |  |
| 163 | 2/04/13 | 1950 | HAZARD SFR ADVANCE | 11/08 | 650000.00 | 203.51 | 203.51 | .00 | .00 | 203.51 | .00 |  |
|  |  | S/F WR | REF# 02042013INS |  |  |  |  |  |  |  |  |  |
| 162 | 1/16/13 | 1499 | ZZZZF-Late Charges | 11/08 | 650000.00 | .00 | 81.25 | .00 | .00 | .00 | .00 | 81.25 01 |
|  |  | S/F | REF# |  |  |  |  |  |  |  |  |  |
| 161 | 1/03/13 | 6050 | HAZARD SFR DISBURSED | 11/08 | 650000.00 | .00 | 203.51- | .00 | .00 | 203.51- | .00 |  |
|  |  |  | PAYEE 50ASGHM #01032013ID DUE 12/11/12 |  |  |  |  |  |  |  |  |  |
|  |  | S/F WR | REF# 01032013IDE |  |  |  |  |  |  |  |  |  |
| 160 | 1/03/13 | 1950 | HAZARD SFR ADVANCE | 11/08 | 650000.00 | 203.51 | 203.51 | .00 | .00 | 203.51 | .00 |  |
|  |  | S/F WR | REF# 01032013IDE |  |  |  |  |  |  |  |  |  |
| 159 | 12/17/12 | 1499 | ZZZZF-Late Charges | 11/08 | 650000.00 | .00 | 81.25 | .00 | .00 | .00 | .00 | 81.25 01 |
|  |  | S/F | REF# |  |  |  |  |  |  |  |  |  |
| 158 | 12/04/12 | 6050 | HAZARD SFR DISBURSED | 11/08 | 650000.00 | .00 | 203.51- | .00 | .00 | 203.51- | .00 |  |
|  |  |  | PAYEE 50ASGHM #12042012IN DUE 11/11/12 |  |  |  |  |  |  |  |  |  |
|  |  | S/F WR | REF# 12042012INS |  |  |  |  |  |  |  |  |  |
| 157 | 12/04/12 | 1950 | HAZARD SFR ADVANCE | 11/08 | 650000.00 | 203.51 | 203.51 | .00 | .00 | 203.51 | .00 |  |
|  |  | S/F WR | REF# 12042012INS |  |  |  |  |  |  |  |  |  |
| 156 | 11/16/12 | 1499 | ZZZZF-Late Charges | 11/08 | 650000.00 | .00 | 81.25 | .00 | .00 | .00 | .00 | 81.25 01 |
|  |  | S/F | REF# |  |  |  |  |  |  |  |  |  |
| 155 | 11/08/12 | 6226 | CORP ADV DISB | 11/08 | 650000.00 | .00 | 325.00- | .00 | .00 | .00 | 325.00-26 |  |
|  |  |  | PAYEE 63EMORT #0001163363 DUE 11/07/12 |  |  |  |  |  |  |  |  |  |
|  |  | S/F SC | REF# 0001163363 |  |  |  |  |  |  |  |  |  |
| 154 | 11/02/12 | 6050 | HAZARD SFR DISBURSED | 11/08 | 650000.00 | .00 | 203.51- | .00 | .00 | 203.51- | .00 |  |
|  |  |  | PAYEE 50ASGHM #11022012IN DUE 10/11/12 |  |  |  |  |  |  |  |  |  |
|  |  | S/F WR | REF# 11022012INS |  |  |  |  |  |  |  |  |  |

```
---TRANSACTION----                      NEXT -AFTER TRANS.BALANCES-     TOTAL  ---------------APPLIED---------------- MISC.PMTS
NBR   DATE    CODE -----DESCRIPTION------ DUE   PRINCIPAL     ESCROW   AMOUNT  PRINCIPAL INTEREST  ESCROW SUSPENSE/CD

LOAN#  59686■■■■■■        CONTINUED

153 11/02/12 1950 HAZARD SFR   ADVANCE   11/08 650000.00     203.51    203.51      .00     .00  203.51      .00
               S/F WR  REF# 11022012INS
152 10/16/12 1499 ZZZZF-Late Charges     11/08 650000.00        .00     81.25      .00     .00     .00      .00    81.25 01
               S/F     REF#
151 10/12/12 6031 COUNTY TAX   DISBURSED 11/08 650000.00        .00   2954.74-     .00     .00 2954.74-     .00
               PAYEE 31WA00Q #TAR 5008 W DUE 10/30/12
               S/F WR  REF# TAR 5008 WA
150 10/12/12 1931 COUNTY TAX   ADVANCE   11/08 650000.00    2954.74   2954.74      .00     .00 2954.74      .00
               S/F WR  REF# TAR 5008 WA
149  9/17/12 1499 ZZZZF-Late Charges     11/08 650000.00        .00     81.25      .00     .00     .00      .00    81.25 01
               S/F     REF#
148  9/13/12 6050 HAZARD SFR   DISBURSED 11/08 650000.00        .00    221.40-     .00     .00  221.40-     .00
               PAYEE 50ASGHM #09132012IN DUE  9/11/12
               S/F WR  REF# 09132012INS
147  9/13/12 1950 HAZARD SFR   ADVANCE   11/08 650000.00     221.40    221.40      .00     .00  221.40      .00
               S/F WR  REF# 09132012INS
146  9/05/12 6226 CORP ADV DISB          11/08 650000.00        .00     12.00-     .00     .00     .00    12.00-26
               PAYEE 63SAFGD #0001150154 DUE  9/04/12
               S/F SC  REF# 0001150154
145  9/05/12 6050 HAZARD SFR   DISBURSED 11/08 650000.00        .00    198.70-     .00     .00  198.70-     .00
               PAYEE 50ASGHM #09052012IN DUE  8/11/12
               S/F WR  REF# 09052012INS
144  9/05/12 1950 HAZARD SFR   ADVANCE   11/08 650000.00     198.70    198.70      .00     .00  198.70      .00
               S/F WR  REF# 09052012INS
143  8/16/12 1499 ZZZZF-Late Charges     11/08 650000.00        .00     81.25      .00     .00     .00      .00    81.25 01
               S/F     REF#
142  8/02/12 6050 HAZARD SFR   DISBURSED 11/08 650000.00        .00    198.69-     .00     .00  198.69-     .00
               PAYEE 50ASGHM #08022012IN DUE  7/11/12
               S/F WR  REF# 08022012INS
141  8/02/12 1950 HAZARD SFR   ADVANCE   11/08 650000.00     198.69    198.69      .00     .00  198.69      .00
               S/F WR  REF# 08022012INS
140  7/16/12 1499 ZZZZF-Late Charges     11/08 650000.00        .00     81.25      .00     .00     .00      .00    81.25 01
               S/F     REF#
139  7/03/12 6226 CORP ADV DISB          11/08 650000.00        .00    435.00-     .00     .00     .00   435.00-26
               PAYEE 63NREIS #0001140117 DUE  7/02/12
               S/F SC  REF# 0001140117
138  7/03/12 6050 HAZARD SFR   DISBURSED 11/08 650000.00        .00    198.69-     .00     .00  198.69-     .00
               PAYEE 50ASGHM #07032012IN DUE  6/11/12
               S/F WR  REF# 07032012INS
137  7/03/12 1950 HAZARD SFR   ADVANCE   11/08 650000.00     198.69    198.69      .00     .00  198.69      .00
               S/F WR  REF# 07032012INS
136  6/18/12 1499 ZZZZF-Late Charges     11/08 650000.00        .00     81.25      .00     .00     .00      .00    81.25 01
               S/F     REF#
135  6/14/12 6226 CORP ADV DISB          11/08 650000.00        .00     15.00-     .00     .00     .00    15.00-26
               PAYEE 63SAFGD #0001137899 DUE  6/13/12
               S/F SC  REF# 0001137899
134  6/04/12 6050 HAZARD SFR   DISBURSED 11/08 650000.00        .00    198.69-     .00     .00  198.69-     .00
               PAYEE 50ASGHM #06042012IN DUE  5/11/12
               S/F WR  REF# 06042012INS
133  6/04/12 1950 HAZARD SFR   ADVANCE   11/08 650000.00     198.69    198.69      .00     .00  198.69      .00
               S/F WR  REF# 06042012INS
```

```
SR497CR-02                          Mr. Cooper                        3/07/22 12:43:13
JRUS1034                    DETAIL TRANSACTION HISTORY                 JOB DT:  3/07/22
                                                                         PAGE:    18

  ---TRANSACTION----             NEXT -AFTER TRANS.BALANCES-   TOTAL ---------------APPLIED---------------- MISC.PMTS
  NBR  DATE   CODE -----DESCRIPTION------  DUE   PRINCIPAL  ESCROW    AMOUNT  PRINCIPAL INTEREST  ESCROW SUSPENSE/CD

  LOAN# 59686▒▒▒▒▒          CONTINUED

  132  5/30/12 6226 CORP ADV DISB     11/08  650000.00     .00    12.00-     .00    .00     .00   12.00-26
               PAYEE 63SAFGD #0001136231 DUE  5/29/12
               S/F SC  REF# 0001136231
  131  5/16/12 1499 ZZZZF-Late Charges 11/08 650000.00     .00    81.25      .00    .00     .00     .00   81.25 01
               S/F       REF#
  130  5/02/12 6050 HAZARD SFR    DISBURSED 11/08 650000.00  .00  198.69-    .00    .00  198.69-   .00
               PAYEE 50ASGHM #05022012IN DUE  4/11/12
               S/F WR  REF# 05022012INS
  129  5/02/12 1950 HAZARD SFR    ADVANCE 11/08 650000.00 198.69  198.69     .00    .00  198.69    .00
               S/F WR  REF# 05022012INS
  128  4/16/12 1499 ZZZZF-Late Charges 11/08 650000.00     .00    81.25      .00    .00     .00     .00   81.25 01
               S/F       REF#
  127  4/12/12 6031 COUNTY TAX    DISBURSED 11/08 650000.00  .00  2954.74-   .00    .00 2954.74-   .00
               PAYEE 31WA00Q #TAR 3336 W DUE  4/30/12
               S/F WR  REF# TAR 3336 WA
  126  4/12/12 1931 COUNTY TAX    ADVANCE 11/08 650000.00 2954.74 2954.74    .00    .00 2954.74    .00
               S/F WR  REF# TAR 3336 WA
  125  4/09/12 6226 CORP ADV DISB     11/08  650000.00     .00   162.00-     .00    .00     .00     .00  162.00-26
               PAYEE 63NREIS #0001130269 DUE  4/06/12
               S/F SC  REF# 0001130269
  124  4/03/12 6050 HAZARD SFR    DISBURSED 11/08 650000.00  .00  198.69-    .00    .00  198.69-   .00
               PAYEE 50ASGHM #04032012IN DUE  3/11/12
               S/F WR  REF# 04032012INS
  123  4/03/12 1950 HAZARD SFR    ADVANCE 11/08 650000.00 198.69  198.69     .00    .00  198.69    .00
               S/F WR  REF# 04032012INS
  122  3/29/12 6226 CORP ADV DISB     11/08  650000.00     .00    12.00-     .00    .00     .00     .00   12.00-26
               PAYEE 63SAFGD #0001128882 DUE  3/28/12
               S/F SC  REF# 0001128882
  121  3/20/12 6226 CORP ADV DISB     11/08  650000.00     .00   500.00-     .00    .00     .00     .00  500.00-26
               PAYEE 61MCART #0001127476 DUE  3/19/12
               S/F SC  REF# 0001127476
  120  3/20/12 6226 CORP ADV DISB     11/08  650000.00     .00    38.83-     .00    .00     .00     .00   38.83-26
               PAYEE 61MCART #0001127476 DUE  3/19/12
               S/F SC  REF# 0001127476
  119  3/20/12 6226 CORP ADV DISB     11/08  650000.00     .00    13.80-     .00    .00     .00     .00   13.80-26
               PAYEE 61MCART #0001127476 DUE  3/19/12
               S/F SC  REF# 0001127476
  118  3/20/12 6226 CORP ADV DISB     11/08  650000.00     .00    19.66-     .00    .00     .00     .00   19.66-26
               PAYEE 61MCART #0001127476 DUE  3/19/12
               S/F SC  REF# 0001127476
  117  3/16/12 1499 ZZZZF-Late Charges 11/08 650000.00     .00    71.09      .00    .00     .00     .00   71.09 01
               S/F       REF#
  116  3/02/12 6050 HAZARD SFR    DISBURSED 11/08 650000.00  .00  198.69-    .00    .00  198.69-   .00
               PAYEE 50ASGHM #03022012IN DUE  2/11/12
               S/F WR  REF# 03022012INS
  115  3/02/12 1950 HAZARD SFR    ADVANCE 11/08 650000.00 198.69  198.69     .00    .00  198.69    .00
               S/F WR  REF# 03022012INS
  114  2/16/12 1499 ZZZZF-Late Charges 11/08 650000.00     .00    71.09      .00    .00     .00     .00   71.09 01
               S/F       REF#
  113  2/15/12 6226 CORP ADV DISB     11/08  650000.00     .00    95.00-     .00    .00     .00     .00   95.00-26
               PAYEE 63NREIS #0001122620 DUE  2/14/12
```

```
SR497CR-02                            Mr. Cooper                            3/07/22 12:43:13
JRUS1034                         DETAIL TRANSACTION HISTORY                  JOB DT:  3/07/22
                                                                            PAGE:    19

   ---TRANSACTION----              NEXT -AFTER TRANS.BALANCES-    TOTAL  ---------------APPLIED---------------- MISC.PMTS
NBR   DATE   CODE -----DESCRIPTION------  DUE   PRINCIPAL  ESCROW AMOUNT PRINCIPAL INTEREST  ESCROW SUSPENSE/CD

  LOAN#  59686        CONTINUED

             S/F SC  REF# 0001122620
112  2/09/12 6226 CORP ADV DISB     11/08 650000.00     .00    150.00-   .00     .00     .00  150.00-26
             PAYEE 61MCART #0001121768 DUE  2/08/12
             S/F SC  REF# 0001121768
111  2/09/12 6226 CORP ADV DISB     11/08 650000.00     .00      5.59-   .00     .00     .00    5.59-26
             PAYEE 61MCART #0001121768 DUE  2/08/12
             S/F SC  REF# 0001121768
110  2/02/12 6050 HAZARD SFR   DISBURSED 11/08 650000.00 .00    198.69-   .00     .00  198.69-  .00
             PAYEE 50ASGHM #02022012IN DUE  1/11/12
             S/F WR  REF# 02022012INS
109  2/02/12 1950 HAZARD SFR   ADVANCE 11/08 650000.00 198.69   198.69    .00     .00  198.69   .00
             S/F WR  REF# 02022012INS
108  1/17/12 1499 ZZZZF-Late Charges  11/08 650000.00    .00    206.51    .00     .00     .00     .00  206.51 01
             S/F     REF#
107  1/11/12 6226 CORP ADV DISB     11/08 650000.00     .00     50.00-   .00     .00     .00   50.00-26
             PAYEE 61QUALI #0001117309 DUE  1/06/12
             S/F SC  REF# 0001117309
106  1/11/12 6226 CORP ADV DISB     11/08 650000.00     .00     50.00-   .00     .00     .00   50.00-26
             PAYEE 61QUALI #0001117309 DUE  1/06/12
             S/F SC  REF# 0001117309
105  1/11/12 6226 CORP ADV DISB     11/08 650000.00     .00     50.00-   .00     .00     .00   50.00-26
             PAYEE 61QUALI #0001117309 DUE  1/06/12
             S/F SC  REF# 0001117309
104  1/11/12 6226 CORP ADV DISB     11/08 650000.00     .00     50.00-   .00     .00     .00   50.00-26
             PAYEE 61QUALI #0001117309 DUE  1/06/12
             S/F SC  REF# 0001117309
103  1/11/12 6226 CORP ADV DISB     11/08 650000.00     .00    113.49-   .00     .00     .00  113.49-26
             PAYEE 61QUALI #0001117309 DUE  1/06/12
             S/F SC  REF# 0001117309
102  1/11/12 6226 CORP ADV DISB     11/08 650000.00     .00    113.49-   .00     .00     .00  113.49-26
             PAYEE 61QUALI #0001117309 DUE  1/06/12
             S/F SC  REF# 0001117309
101  1/11/12 6226 CORP ADV DISB     11/08 650000.00     .00    113.49-   .00     .00     .00  113.49-26
             PAYEE 61QUALI #0001117309 DUE  1/06/12
             S/F SC  REF# 0001117309
100  1/04/12 6050 HAZARD SFR   DISBURSED 11/08 650000.00 .00    198.69-   .00     .00  198.69-  .00
             PAYEE 50ASGHM #01042012IN DUE 12/11/11
             S/F WR  REF# 01042012INS
 99  1/04/12 1950 HAZARD SFR   ADVANCE 11/08 650000.00 198.69   198.69    .00     .00  198.69   .00
             S/F WR  REF# 01042012INS
 98 12/16/11 1499 ZZZZF-Late Charges  11/08 650000.00    .00    206.51    .00     .00     .00     .00  206.51 01
             S/F     REF#
 97 12/05/11 6050 HAZARD SFR   DISBURSED 11/08 650000.00 .00    943.78-   .00     .00  943.78-  .00
             PAYEE 50ASGHM #12052011IN DUE 11/11/11
             S/F WR  REF# 12052011INS
 96 12/05/11 1950 HAZARD SFR   ADVANCE 11/08 650000.00 943.78   943.78    .00     .00  943.78   .00
             S/F WR  REF# 12052011INS
 95 11/16/11 1499 ZZZZF-Late Charges  11/08 650000.00    .00     71.09    .00     .00     .00     .00   71.09 01
             S/F     REF#
 94 10/19/11 6031 COUNTY TAX  DISBURSED 11/08 650000.00 .00   3059.17-   .00     .00 3059.17-  .00
             PAYEE 31WA00Q #TAR 1900 W DUE 10/30/11
```

```
SR497CR-02                              Mr. Cooper                              3/07/22 12:43:13
JRUS1034                        DETAIL TRANSACTION HISTORY                      JOB DT:  3/07/22
                                                                                      PAGE:    20
```

| NBR | DATE | CODE | DESCRIPTION | NEXT DUE | AFTER TRANS. PRINCIPAL | BALANCES ESCROW | TOTAL AMOUNT | APPLIED PRINCIPAL | INTEREST | ESCROW | SUSPENSE/CD | MISC.PMTS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | LOAN#  59686█████  CONTINUED | | | | | | | | | |
| | | | S/F WR  REF# TAR 1900 WA | | | | | | | | | |
| 93 | 10/19/11 | 1931 | COUNTY TAX    ADVANCE | 11/08 | 650000.00 | 3059.17 | 3059.17 | .00 | .00 | 3059.17 | .00 | |
| | | | S/F WR  REF# TAR 1900 WA | | | | | | | | | |
| 92 | 10/17/11 | 1499 | ZZZZF-Late Charges | 11/08 | 650000.00 | .00 | 71.09 | .00 | .00 | .00 | .00 | 71.09 01 |
| | | | S/F     REF# | | | | | | | | | |
| 91 | 10/11/11 | 6226 | CORP ADV DISB | 11/08 | 650000.00 | .00 | 425.00- | .00 | .00 | .00 | 425.00-26 | |
| | | | PAYEE 63NREIS #     DUE 10/11/11 | | | | | | | | | |
| | | | S/F WR  REF# | | | | | | | | | |
| 90 | 9/16/11 | 1499 | ZZZZF-Late Charges | 11/08 | 650000.00 | .00 | 206.51 | .00 | .00 | .00 | .00 | 206.51 01 |
| | | | S/F     REF# | | | | | | | | | |
| 89 | 9/12/11 | 6226 | CORP ADV DISB | 11/08 | 650000.00 | .00 | 9.15- | .00 | .00 | .00 | 9.15-26 | |
| | | | PAYEE 60CBCIV #0001103058 DUE  9/15/11 | | | | | | | | | |
| | | | S/F SC  REF# 0001103058 | | | | | | | | | |
| 88 | 9/09/11 | 6226 | CORP ADV DISB | 11/08 | 650000.00 | .00 | 114.72- | .00 | .00 | .00 | 114.72-26 | |
| | | | PAYEE 61MCART #0001102904 DUE  9/09/11 | | | | | | | | | |
| | | | S/F SC  REF# 0001102904 | | | | | | | | | |
| 87 | 9/09/11 | 6226 | CORP ADV DISB | 11/08 | 650000.00 | .00 | 114.72- | .00 | .00 | .00 | 114.72-26 | |
| | | | PAYEE 61MCART #0001102904 DUE  9/09/11 | | | | | | | | | |
| | | | S/F SC  REF# 0001102904 | | | | | | | | | |
| 86 | 9/09/11 | 6226 | CORP ADV DISB | 11/08 | 650000.00 | .00 | 50.00- | .00 | .00 | .00 | 50.00-26 | |
| | | | PAYEE 61MCART #0001102904 DUE  9/09/11 | | | | | | | | | |
| | | | S/F SC  REF# 0001102904 | | | | | | | | | |
| 85 | 9/09/11 | 6226 | CORP ADV DISB | 11/08 | 650000.00 | .00 | 65.00- | .00 | .00 | .00 | 65.00-26 | |
| | | | PAYEE 61MCART #0001102904 DUE  9/09/11 | | | | | | | | | |
| | | | S/F SC  REF# 0001102904 | | | | | | | | | |
| 84 | 9/09/11 | 6226 | CORP ADV DISB | 11/08 | 650000.00 | .00 | 64.00- | .00 | .00 | .00 | 64.00-26 | |
| | | | PAYEE 61MCART #0001102904 DUE  9/09/11 | | | | | | | | | |
| | | | S/F SC  REF# 0001102904 | | | | | | | | | |
| 83 | 8/29/11 | 6226 | CORP ADV DISB | 11/08 | 650000.00 | .00 | 838.60- | .00 | .00 | .00 | 838.60-26 | |
| | | | PAYEE 61MCART #0001101018 DUE  8/26/11 | | | | | | | | | |
| | | | S/F SC  REF# 0001101018 | | | | | | | | | |
| 82 | 8/22/11 | 2676 | CORP ADV NOCASH ADJ | 11/08 | 650000.00 | .00 | 7079.68- | .00 | .00 | .00 | 7079.68-26 | |
| | | | Effective date:  8/20/11 | | | | | | | | | |
| | | | S/F AD  REF# | | | | | | | | | |
| 81 | 8/19/11 | 1499 | ZZZZF-Late Charges | 11/08 | 650000.00 | .00 | 1445.57 | .00 | .00 | .00 | .00 | 999.99 01 |
| | | | | | | | | | | | | 445.58 01 |
| | | | S/F     REF# | | | | | | | | | |
| 80 | 8/17/11 | 2664 | NON CASH FEE ADJ | 11/08 | 650000.00 | .00 | 206.51- | .00 | .00 | .00 | .00 | 206.51-01 |
| | | | S/F WC  REF# | | | | | | | | | |
| 79 | 7/17/11 | 2664 | NON CASH FEE ADJ | 11/08 | 650000.00 | .00 | 206.51- | .00 | .00 | .00 | .00 | 206.51-01 |
| | | | S/F WC  REF# | | | | | | | | | |
| 78 | 6/17/11 | 2664 | NON CASH FEE ADJ | 11/08 | 650000.00 | .00 | 206.51- | .00 | .00 | .00 | .00 | 206.51-01 |
| | | | S/F WC  REF# | | | | | | | | | |
| 77 | 5/17/11 | 2664 | NON CASH FEE ADJ | 11/08 | 650000.00 | .00 | 206.51- | .00 | .00 | .00 | .00 | 206.51-01 |
| | | | S/F WC  REF# | | | | | | | | | |
| 76 | 4/17/11 | 2664 | NON CASH FEE ADJ | 11/08 | 650000.00 | .00 | 206.51- | .00 | .00 | .00 | .00 | 206.51-01 |
| | | | S/F WC  REF# | | | | | | | | | |
| 75 | 3/17/11 | 2664 | NON CASH FEE ADJ | 11/08 | 650000.00 | .00 | 206.51- | .00 | .00 | .00 | .00 | 206.51-01 |
| | | | S/F WC  REF# | | | | | | | | | |
| 74 | 2/17/11 | 2664 | NON CASH FEE ADJ | 11/08 | 650000.00 | .00 | 206.51- | .00 | .00 | .00 | .00 | 206.51-01 |
| | | | S/F WC  REF# | | | | | | | | | |

```
---TRANSACTION----              NEXT -AFTER TRANS.BALANCES-   TOTAL  ---------------APPLIED----------------- MISC.PMTS
NBR  DATE   CODE -----DESCRIPTION------  DUE  PRINCIPAL    ESCROW   AMOUNT  PRINCIPAL INTEREST   ESCROW SUSPENSE/CD

LOAN#  59686       CONTINUED

 73  1/17/11 2664 NON CASH FEE ADJ   11/08  650000.00     .00   206.51-     .00      .00      .00      .00   206.51-01
               S/F WC  REF#
 72 12/17/10 2664 NON CASH FEE ADJ   11/08  650000.00     .00   206.51-     .00      .00      .00      .00   206.51-01
               S/F WC  REF#
 71 11/17/10 2664 NON CASH FEE ADJ   11/08  650000.00     .00   206.51-     .00      .00      .00      .00   206.51-01
               S/F WC  REF#
 70 10/17/10 2664 NON CASH FEE ADJ   11/08  650000.00     .00   206.51-     .00      .00      .00      .00   206.51-01
               S/F WC  REF#
 69  9/17/10 2664 NON CASH FEE ADJ   11/08  650000.00     .00   206.51-     .00      .00      .00      .00   206.51-01
               S/F WC  REF#
 68  8/17/10 2664 NON CASH FEE ADJ   11/08  650000.00     .00   206.51-     .00      .00      .00      .00   206.51-01
               S/F WC  REF#
 67  7/17/10 2664 NON CASH FEE ADJ   11/08  650000.00     .00   206.51-     .00      .00      .00      .00   206.51-01
               S/F WC  REF#
 66  6/17/10 2664 NON CASH FEE ADJ   11/08  650000.00     .00   206.51-     .00      .00      .00      .00   206.51-01
               S/F WC  REF#
 65  5/17/10 2664 NON CASH FEE ADJ   11/08  650000.00     .00   206.51-     .00      .00      .00      .00   206.51-01
               S/F WC  REF#
 64  4/17/10 2664 NON CASH FEE ADJ   11/08  650000.00     .00   206.51-     .00      .00      .00      .00   206.51-01
               S/F WC  REF#
 63  3/17/10 2664 NON CASH FEE ADJ   11/08  650000.00     .00   206.51-     .00      .00      .00      .00   206.51-01
               S/F WC  REF#
 62  2/17/10 2664 NON CASH FEE ADJ   11/08  650000.00     .00   206.51-     .00      .00      .00      .00   206.51-01
               S/F WC  REF#
 61  1/17/10 2664 NON CASH FEE ADJ   11/08  650000.00     .00   206.51-     .00      .00      .00      .00   206.51-01
               S/F WC  REF#
 60 12/17/09 2664 NON CASH FEE ADJ   11/08  650000.00     .00   206.51-     .00      .00      .00      .00   206.51-01
               S/F WC  REF#
 59 11/17/09 2664 NON CASH FEE ADJ   11/08  650000.00     .00   206.51-     .00      .00      .00      .00   206.51-01
               S/F WC  REF#
 58 10/17/09 2664 NON CASH FEE ADJ   11/08  650000.00     .00   206.51-     .00      .00      .00      .00   206.51-01
               S/F WC  REF#
 57  9/17/09 2664 NON CASH FEE ADJ   11/08  650000.00     .00   206.51-     .00      .00      .00      .00   206.51-01
               S/F WC  REF#
 56  8/17/09 2664 NON CASH FEE ADJ   11/08  650000.00     .00   206.51-     .00      .00      .00      .00   206.51-01
               S/F WC  REF#
 55  7/17/09 2664 NON CASH FEE ADJ   11/08  650000.00     .00   206.51-     .00      .00      .00      .00   206.51-01
               S/F WC  REF#
 54  6/17/09 2664 NON CASH FEE ADJ   11/08  650000.00     .00   206.51-     .00      .00      .00      .00   206.51-01
               S/F WC  REF#
 53  5/17/09 2664 NON CASH FEE ADJ   11/08  650000.00     .00   206.51-     .00      .00      .00      .00   206.51-01
               S/F WC  REF#
 52  4/17/09 2664 NON CASH FEE ADJ   11/08  650000.00     .00   206.51-     .00      .00      .00      .00   206.51-01
               S/F WC  REF#
 51  3/17/09 2664 NON CASH FEE ADJ   11/08  650000.00     .00   206.51-     .00      .00      .00      .00   206.51-01
               S/F WC  REF#
 50  2/17/09 2664 NON CASH FEE ADJ   11/08  650000.00     .00   206.51-     .00      .00      .00      .00   206.51-01
               S/F WC  REF#
 49  1/17/09 2664 NON CASH FEE ADJ   11/08  650000.00     .00   206.51-     .00      .00      .00      .00   206.51-01
               S/F WC  REF#
 48 12/17/08 2664 NON CASH FEE ADJ   11/08  650000.00     .00   206.51-     .00      .00      .00      .00   206.51-01
```

```
---TRANSACTION----          NEXT -AFTER TRANS.BALANCES-    TOTAL  ---------------APPLIED---------------- --- MISC.PMTS
NBR   DATE   CODE -----DESCRIPTION------  DUE  PRINCIPAL      ESCROW   AMOUNT  PRINCIPAL INTEREST   ESCROW SUSPENSE/CD

LOAN#  59686         CONTINUED
              S/F WC    REF#
  47 11/17/08 2664 NON CASH FEE ADJ     11/08 650000.00     .00   206.51-      .00      .00      .00      .00   206.51-01
              S/F WC    REF#
  46  8/17/11 1499 ZZZZF-Late Charges    11/08 650000.00     .00   206.51       .00      .00      .00      .00   206.51 01
              S/F       REF#
  45  7/17/11 1499 ZZZZF-Late Charges    11/08 650000.00     .00   206.51       .00      .00      .00      .00   206.51 01
              S/F       REF#
  44  6/17/11 1499 ZZZZF-Late Charges    11/08 650000.00     .00   206.51       .00      .00      .00      .00   206.51 01
              S/F       REF#
  43  5/17/11 1499 ZZZZF-Late Charges    11/08 650000.00     .00   206.51       .00      .00      .00      .00   206.51 01
              S/F       REF#
  42  4/17/11 1499 ZZZZF-Late Charges    11/08 650000.00     .00   206.51       .00      .00      .00      .00   206.51 01
              S/F       REF#
  41  3/17/11 1499 ZZZZF-Late Charges    11/08 650000.00     .00   206.51       .00      .00      .00      .00   206.51 01
              S/F       REF#
  40  2/17/11 1499 ZZZZF-Late Charges    11/08 650000.00     .00   206.51       .00      .00      .00      .00   206.51 01
              S/F       REF#
  39  1/17/11 1499 ZZZZF-Late Charges    11/08 650000.00     .00   206.51       .00      .00      .00      .00   206.51 01
              S/F       REF#
  38 12/17/10 1499 ZZZZF-Late Charges    11/08 650000.00     .00   206.51       .00      .00      .00      .00   206.51 01
              S/F       REF#
  37 11/17/10 1499 ZZZZF-Late Charges    11/08 650000.00     .00   206.51       .00      .00      .00      .00   206.51 01
              S/F       REF#
  36 10/17/10 1499 ZZZZF-Late Charges    11/08 650000.00     .00   206.51       .00      .00      .00      .00   206.51 01
              S/F       REF#
  35  9/17/10 1499 ZZZZF-Late Charges    11/08 650000.00     .00   206.51       .00      .00      .00      .00   206.51 01
              S/F       REF#
  34  8/17/10 1499 ZZZZF-Late Charges    11/08 650000.00     .00   206.51       .00      .00      .00      .00   206.51 01
              S/F       REF#
  33  7/17/10 1499 ZZZZF-Late Charges    11/08 650000.00     .00   206.51       .00      .00      .00      .00   206.51 01
              S/F       REF#
  32  6/17/10 1499 ZZZZF-Late Charges    11/08 650000.00     .00   206.51       .00      .00      .00      .00   206.51 01
              S/F       REF#
  31  5/17/10 1499 ZZZZF-Late Charges    11/08 650000.00     .00   206.51       .00      .00      .00      .00   206.51 01
              S/F       REF#
  30  4/17/10 1499 ZZZZF-Late Charges    11/08 650000.00     .00   206.51       .00      .00      .00      .00   206.51 01
              S/F       REF#
  29  3/17/10 1499 ZZZZF-Late Charges    11/08 650000.00     .00   206.51       .00      .00      .00      .00   206.51 01
              S/F       REF#
  28  2/17/10 1499 ZZZZF-Late Charges    11/08 650000.00     .00   206.51       .00      .00      .00      .00   206.51 01
              S/F       REF#
  27  1/17/10 1499 ZZZZF-Late Charges    11/08 650000.00     .00   206.51       .00      .00      .00      .00   206.51 01
              S/F       REF#
  26 12/17/09 1499 ZZZZF-Late Charges    11/08 650000.00     .00   206.51       .00      .00      .00      .00   206.51 01
              S/F       REF#
  25 11/17/09 1499 ZZZZF-Late Charges    11/08 650000.00     .00   206.51       .00      .00      .00      .00   206.51 01
              S/F       REF#
  24 10/17/09 1499 ZZZZF-Late Charges    11/08 650000.00     .00   206.51       .00      .00      .00      .00   206.51 01
              S/F       REF#
  23  9/17/09 1499 ZZZZF-Late Charges    11/08 650000.00     .00   206.51       .00      .00      .00      .00   206.51 01
              S/F       REF#
```

```
SR497CR-02                          Mr. Cooper                      3/07/22 12:43:13
JRUS1034                    DETAIL TRANSACTION HISTORY                JOB DT:  3/07/22
                                                                       PAGE:     23

    ---TRANSACTION----                   NEXT -AFTER TRANS.BALANCES-    TOTAL   ---------------APPLIED---------------- MISC.PMTS
  NBR   DATE   CODE -----DESCRIPTION------  DUE   PRINCIPAL    ESCROW   AMOUNT   PRINCIPAL INTEREST   ESCROW SUSPENSE/CD

  LOAN#  59686              CONTINUED

    22  8/17/09 1499 ZZZZF-Late Charges    11/08  650000.00      .00   206.51       .00      .00      .00      .00   206.51 01
                S/F     REF#
    21  7/17/09 1499 ZZZZF-Late Charges    11/08  650000.00      .00   206.51       .00      .00      .00      .00   206.51 01
                S/F     REF#
    20  6/17/09 1499 ZZZZF-Late Charges    11/08  650000.00      .00   206.51       .00      .00      .00      .00   206.51 01
                S/F     REF#
    19  5/17/09 1499 ZZZZF-Late Charges    11/08  650000.00      .00   206.51       .00      .00      .00      .00   206.51 01
                S/F     REF#
    18  4/17/09 1499 ZZZZF-Late Charges    11/08  650000.00      .00   206.51       .00      .00      .00      .00   206.51 01
                S/F     REF#
    17  3/17/09 1499 ZZZZF-Late Charges    11/08  650000.00      .00   206.51       .00      .00      .00      .00   206.51 01
                S/F     REF#
    16  2/17/09 1499 ZZZZF-Late Charges    11/08  650000.00      .00   206.51       .00      .00      .00      .00   206.51 01
                S/F     REF#
    15  1/17/09 1499 ZZZZF-Late Charges    11/08  650000.00      .00   206.51       .00      .00      .00      .00   206.51 01
                S/F     REF#
    14 12/17/08 1499 ZZZZF-Late Charges    11/08  650000.00      .00   206.51       .00      .00      .00      .00   206.51 01
                S/F     REF#
    13 11/17/08 1499 ZZZZF-Late Charges    11/08  650000.00      .00   206.51       .00      .00      .00      .00   206.51 01
                S/F     REF#
    12  8/19/11 2643 ESCROW ADJ            11/08  650000.00      .00 17961.29-       .00      .00 17961.29-    .00
        Effective date:  9/01/10
                S/F LB  REF#
    11  8/19/11 19   ESCROW ADVANCE        11/08  650000.00 17961.29 17961.29        .00      .00 17961.29     .00
        Effective date:  9/01/10
                S/F LB  REF#
    10  8/19/11 8103 NEW LOAN NOCASH       11/08  650000.00      .00 650000.00- 650000.00-    .00      .00     .00
        Effective date:  9/01/10
                S/F LB  REF#
                         * * * * TOTALS * * * *                                650000.00-    .00
```

# EXHIBIT 7

Nationstar Mortgage, LLC
PO Box 9095
Temecula, CA 92589-9095

Send Payments to:
Nationstar Mortgage
PO Box 650783
Dallas, TX  75265-0783



9314 7100 1170 0872 0635 50

**RETURN RECEIPT REQUESTED**

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

20160627-160

DEBORAH TOWNSEND C/O BETTER
PROPERTIES WASHINGTON
SCOTT TOWNSEND C/O BETTER PROPERTIES
WASHINGTON
1221 14TH AVE
FOX ISLAND, WA 98333-9690



WA_NOI



06/27/2016
Sent Via Certified Mail
9314 7100 1170 0872 0635 50

DEBORAH TOWNSEND C/O BETTER PROPERTIES WASHINGTON
SCOTT TOWNSEND C/O BETTER PROPERTIES WASHINGTON
1221 14TH AVE
FOX ISLAND, WA 98333-9690

Loan Number:          59686█████
Property Address:     1221 14TH AVENUE
                      FOX ISLAND, WA 98333

Dear DEBORAH TOWNSEND C/O BETTER PROPERTIES WASHINGTON and SCOTT TOWNSEND C/O BETTER PROPERTIES WASHINGTON:

If you are represented by an attorney, please send this notice to your attorney.

This notice is being sent as required by the terms of the security instrument securing your mortgage loan.

Your loan is currently past due for the 11/01/2008 payment and is due for all payments from and including that date. The failure to make these payments is a default under the terms and conditions of the mortgage loan.

As of the date of this letter, total monthly payments (including principal, interest, and escrow, if applicable), late fees, NSF fees, and other fees and advances due under the terms of the loan documents are past due in the amount of **$318,737.83**. In order to cure this default, you must pay the total amount due of **$318,737.83** in addition to other amounts that become due from the date of this letter through the date you pay.

On the day that you intend to pay, please call Nationstar at 1-888-480-2432 to request the full amount owed on your account as the amount due on the day that you pay may be greater than stated above, due to interest, late charges, and other charges or credits that may vary from day to day, or may be assessed after the date of this letter. Any advances made by Nationstar subsequent to the date of this letter to protect the lien position and property must be added to the total amount necessary to cure the default. This letter is in no way intended as a payoff statement for your mortgage, it merely states an amount necessary to cure the current delinquency.

All reinstatement payments must be made payable in **certified funds, cashier's check or money order(s)** and mailed to **Nationstar Mortgage LLC, PO Box 650783, Dallas, TX 75265-0783** or overnight delivery to **Nationstar Mortgage LLC, Attn. Payment Processing, 1010 W. Mockingbird, Suite 100, Dallas, TX 75247.** You may call Nationstar at 1-888-480-████ if you have questions regarding your account or write to Nationstar Mortgage LLC, 8950 Cypress Waters Boulevard, Coppell, TX 75019.

Unless otherwise required by applicable law, Nationstar is not obligated to accept less than the full amount owed. If you send less than the full amount owed, Nationstar may, in its sole discretion, apply such partial payment without waiving any default or waiving the right to accelerate the mortgage and pursue foreclosure.

**Nationstar is a debt collector.  This is an attempt to collect a debt and any information obtained will be used for that purpose.  However, if you are currently in bankruptcy or have received a discharge in bankruptcy, this communication is not an attempt to collect a debt from you personally to the extent that it is included in your bankruptcy or has been discharged, but is provided for informational purposes only.**



WA_NOI
9314 7100 1170 0872 0635 50

**$318,737.83** must be paid by **08/01/2016** (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter) in order to cure the default.

Your right to cure this default as referenced herein does not suspend your payment obligations. Pursuant to the terms of the Note, the next payment due on **07/01/2016** is still due on **07/01/2016** (or if said date(s) falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter).

Failure to pay **$318,737.83** by **08/01/2016** (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter), may result in acceleration of the sums secured by the Security Instrument and sale of the property at public auction at a date not less than 120 days in the future.

In the event of acceleration, you have the right to reinstate the loan after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

This default, and any legal action that may occur as a result, may be reported to one or more local and national credit reporting agencies by Nationstar.

If you request in writing, Nationstar will not contact you by phone at your place of employment. Furthermore, if you request in writing not to be contacted, Nationstar will not contact you, except to send statutorily and/or contractually required legal notice(s).

You may have options available to you to help you avoid foreclosure. Please call Nationstar's Foreclosure Prevention Department at 1-888-480-2432 for additional information or to request an interview for the purpose of resolving the past due account. You may also visit https://www.■■■■■■■■■■■■■■■■■■■■■ for additional information, to see what options may be available to you, and to submit an application for assistance.

All homeowners are eligible for housing counseling services through the U.S. Department of Housing and Urban Development (HUD). To obtain a list of HUD approved counseling agencies, call 1-888-995-■■■ or visit http://www.■■■■■■■■■■■■■■■■■■■

**Attention Servicemembers and Dependents:** Servicemembers on active duty, or a spouse or dependent of such a servicemember, may be entitled to certain protections under the Servicemembers Civil Relief Act ("SCRA") regarding the servicemember's interest rate and the risk of foreclosure. SCRA and certain state laws provide important protections for you, including prohibiting foreclosure without a court order. If you are currently in the military service, or have been within the last 12 months, **AND** joined after signing the Note and Security Instrument now in default, please notify Nationstar immediately. Please notify us of your active duty status in order to receive an interest rate reduction to 6%. Notice must be received no later than 180 days after your military services ends. It is not necessary to notify us of your military status in order to obtain foreclosure protection; however, we will be better able to assist you if you notify us of your military status as soon as possible. When contacting Nationstar as to your military service, you may be required to provide positive proof as to your military status. Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. Homeowner counseling is also available at Military OneSource (www.■■■■■■■■■■■■, 1-800-342-■■■), Armed Forces Legal Assistance (http://■■■■■■■■■■■■■), and HUD-certified housing counseling agencies (http://www.■■■■■■■■■■■■■■■■■■■). You may also call Nationstar toll-free at 1-888-480-■■■ if you have questions about your rights under SCRA.

Please disregard this notice if a payment sufficient to cure the default has already been sent.

9314 7100 1170 0872 0635 50

Sincerely,

Lori Taylor
Dedicated Loan Specialist
Nationstar Mortgage LLC
1-888-850-■■■■ ext. 4670851
8950 Cypress Waters Boulevard
Coppell, TX 75019



9314 7100 1170 0872 0635 50



Sent Certified Mail
9314 7100 1170 0872 0635 50

06/27/2016

Nationstar Mortgage LLC
Attention: Foreclosure Prevention
PO Box 619097
Dallas, TX 75261-9741

Your Dedicated Loan Specialist is:
Lori Taylor
1-888-850-███ ext. 4670851


DEBORAH TOWNSEND C/O BETTER PROPERTIES WASHINGTON
SCOTT TOWNSEND C/O BETTER PROPERTIES WASHINGTON
1221 14TH AVE
FOX ISLAND, WA 98333-9690


Dear DEBORAH TOWNSEND C/O BETTER PROPERTIES WASHINGTON and SCOTT TOWNSEND C/O BETTER PROPERTIES WASHINGTON,

Nationstar Mortgage LLC has made several attempts to reach you to let you know about options that may be available to help you avoid foreclosure. It is important that you take action immediately.

There may be options available to help you avoid foreclosure, including:

- Modification of loan terms
- Temporarily lowering monthly payment
- Scheduling payment to cure arrears
- Temporary forbearance of payments
- Short sale or Deed-in-lieu of foreclosure

Please call Lori Taylor at the phone number above to discuss these options.  You should collect and be prepared to present to Nationstar Mortgage LLC the following documents* when discussing your options:

- Verification of income
- Hardship letter
- Current bank statements
- Tax returns for the last two years
- Profit and Loss Statements (if self-employed)

**\*Please note some workout options require additional documentation.**

Housing counselors and legal assistance may be available at little or no cost to you. If you would like assistance from a housing counselor in determining your opportunities to keep your home, you may contact the Housing and Urban Development office toll-free at 1-800-569-████

You may also contact the statewide foreclosure hotline recommended by the Housing Finance Commission toll-free at 1-877-894-██████ (1-877-894-█████) or the statewide civil legal aid hotline (CLEAR) at 1-888-201-████ for possible assistance or referrals.

Please note that your failure to contact a housing counselor or attorney may result in you losing certain opportunities, such as meeting with your lender or participating in mediation in front of a neutral third party.

Please visit ███████████████████████████████████████ for more information.

Sincerely,

Nationstar Mortgage LLC
8950 Cypress Waters Boulevard
Coppell, TX 75019



9314 7100 1170 0872 0635 50

Nationstar Mortgage, LLC
PO Box 9095
Temecula, CA 92589-9095

2310071405

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

Send Payments to:
Nationstar Mortgage
PO Box 650783
Dallas, TX  75265-0783

20160627-160

DEBORAH TOWNSEND C/O BETTER
PROPERTIES WASHINGTON
SCOTT TOWNSEND C/O BETTER PROPERTIES
WASHINGTON
3123 56TH ST NW STE 1
GIG HARBOR, WA 98335-1363



WA_NOI



06/27/2016

DEBORAH TOWNSEND C/O BETTER PROPERTIES WASHINGTON
SCOTT TOWNSEND C/O BETTER PROPERTIES WASHINGTON
3123 56TH ST NW STE 1
GIG HARBOR, WA 98335-1363

Loan Number:        59686█████
Property Address:    1221 14TH AVENUE
                     FOX ISLAND, WA 98333

Dear DEBORAH TOWNSEND C/O BETTER PROPERTIES WASHINGTON and SCOTT TOWNSEND
C/O BETTER PROPERTIES WASHINGTON:

If you are represented by an attorney, please send this notice to your attorney.

This notice is being sent as required by the terms of the security instrument securing your mortgage loan.

Your loan is currently past due for the 11/01/2008 payment and is due for all payments from and including that
date. The failure to make these payments is a default under the terms and conditions of the mortgage loan.

As of the date of this letter, total monthly payments (including principal, interest, and escrow, if applicable),
late fees, NSF fees, and other fees and advances due under the terms of the loan documents are past due in the
amount of **$318,737.83**. In order to cure this default, you must pay the total amount due of **$318,737.83** in
addition to other amounts that become due from the date of this letter through the date you pay.

On the day that you intend to pay, please call Nationstar at 1-888-480-2432 to request the full amount owed on
your account as the amount due on the day that you pay may be greater than stated above, due to interest, late
charges, and other charges or credits that may vary from day to day, or may be assessed after the date of this
letter. Any advances made by Nationstar subsequent to the date of this letter to protect the lien position and
property must be added to the total amount necessary to cure the default. This letter is in no way intended as a
payoff statement for your mortgage, it merely states an amount necessary to cure the current delinquency.

All reinstatement payments must be made payable in **certified funds, cashier's check or money order(s)** and
mailed to **Nationstar Mortgage LLC, PO Box 650783, Dallas, TX 75265-0783** or overnight delivery to
**Nationstar Mortgage LLC, Attn. Payment Processing, 1010 W. Mockingbird, Suite 100, Dallas, TX
75247.** You may call Nationstar at 1-888-480-████ if you have questions regarding your account or write to
Nationstar Mortgage LLC, 8950 Cypress Waters Boulevard, Coppell, TX 75019.

Unless otherwise required by applicable law, Nationstar is not obligated to accept less than the full amount
owed. If you send less than the full amount owed, Nationstar may, in its sole discretion, apply such partial
payment without waiving any default or waiving the right to accelerate the mortgage and pursue foreclosure.

**Nationstar is a debt collector.  This is an attempt to collect a debt and any information obtained will be
used for that purpose.  However, if you are currently in bankruptcy or have received a discharge in
bankruptcy, this communication is not an attempt to collect a debt from you personally to the extent that
it is included in your bankruptcy or has been discharged, but is provided for informational purposes
only.**

**$318,737.83** must be paid by **08/01/2016** (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter) in order to cure the default.

Your right to cure this default as referenced herein does not suspend your payment obligations. Pursuant to the terms of the Note, the next payment due on **07/01/2016** is still due on **07/01/2016** (or if said date(s) falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter).

Failure to pay **$318,737.83** by **08/01/2016** (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter), may result in acceleration of the sums secured by the Security Instrument and sale of the property at public auction at a date not less than 120 days in the future.

In the event of acceleration, you have the right to reinstate the loan after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

This default, and any legal action that may occur as a result, may be reported to one or more local and national credit reporting agencies by Nationstar.

If you request in writing, Nationstar will not contact you by phone at your place of employment. Furthermore, if you request in writing not to be contacted, Nationstar will not contact you, except to send statutorily and/or contractually required legal notice(s).

You may have options available to you to help you avoid foreclosure. Please call Nationstar's Foreclosure Prevention Department at 1-888-480-3███ for additional information or to request an interview for the purpose of resolving the past due account. You may also visit https://www.███████████████████████ for additional information, to see what options may be available to you, and to submit an application for assistance.

All homeowners are eligible for housing counseling services through the U.S. Department of Housing and Urban Development (HUD). To obtain a list of HUD approved counseling agencies, call 1-888-995-█████ or visit http://www.███████████████████

**Attention Servicemembers and Dependents:** Servicemembers on active duty, or a spouse or dependent of such a servicemember, may be entitled to certain protections under the Servicemembers Civil Relief Act ("SCRA") regarding the servicemember's interest rate and the risk of foreclosure. SCRA and certain state laws provide important protections for you, including prohibiting foreclosure without a court order. If you are currently in the military service, or have been within the last 12 months, **AND** joined after signing the Note and Security Instrument now in default, please notify Nationstar immediately. Please notify us of your active duty status in order to receive an interest rate reduction to 6%. Notice must be received no later than 180 days after your military services ends. It is not necessary to notify us of your military status in order to obtain foreclosure protection; however, we will be better able to assist you if you notify us of your military status as soon as possible. When contacting Nationstar as to your military service, you may be required to provide positive proof as to your military status. Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. Homeowner counseling is also available at Military OneSource (www.█████████████████; 1-800-342-████), Armed Forces Legal Assistance (http://███████████████████, and HUD-certified housing counseling agencies (http://www.████████████████. You may also call Nationstar toll-free at 1-888-480-████ if you have questions about your rights under SCRA.

Please disregard this notice if a payment sufficient to cure the default has already been sent.

Sincerely,

Lori Taylor
Dedicated Loan Specialist
Nationstar Mortgage LLC
1-888-850-9398 ext. 4670851
8950 Cypress Waters Boulevard
Coppell, TX 75019



2310071405



06/27/2016

Nationstar Mortgage LLC
Attention: Foreclosure Prevention
PO Box 619097
Dallas, TX 75261-9741

Your Dedicated Loan Specialist is:
Lori Taylor
1-888-850-███ ext. 4670851


DEBORAH TOWNSEND C/O BETTER PROPERTIES WASHINGTON
SCOTT TOWNSEND C/O BETTER PROPERTIES WASHINGTON
3123 56TH ST NW STE 1
GIG HARBOR, WA 98335-1363


Dear DEBORAH TOWNSEND C/O BETTER PROPERTIES WASHINGTON and SCOTT TOWNSEND C/O BETTER PROPERTIES WASHINGTON,

Nationstar Mortgage LLC has made several attempts to reach you to let you know about options that may be available to help you avoid foreclosure. It is important that you take action immediately.

There may be options available to help you avoid foreclosure, including:

- Modification of loan terms
- Temporarily lowering monthly payment
- Scheduling payment to cure arrears
- Temporary forbearance of payments
- Short sale or Deed-in-lieu of foreclosure

Please call Lori Taylor at the phone number above to discuss these options.  You should collect and be prepared to present to Nationstar Mortgage LLC the following documents* when discussing your options:

- Verification of income
- Hardship letter
- Current bank statements
- Tax returns for the last two years
- Profit and Loss Statements (if self-employed)

**\*Please note some workout options require additional documentation.**

Housing counselors and legal assistance may be available at little or no cost to you. If you would like assistance from a housing counselor in determining your opportunities to keep your home, you may contact the Housing and Urban Development office toll-free at 1-800-569-████

You may also contact the statewide foreclosure hotline recommended by the Housing Finance Commission toll-free at 1-877-894-█████ (1-877-894-████) or the statewide civil legal aid hotline (CLEAR) at 1-888-201-████ for possible assistance or referrals.

Please note that your failure to contact a housing counselor or attorney may result in you losing certain opportunities, such as meeting with your lender or participating in mediation in front of a neutral third party.

Please visit https://www.███████████████████████████████████████ for more information.

Sincerely,

Nationstar Mortgage LLC
8950 Cypress Waters Boulevard
Coppell, TX 75019

