1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SCOTT TOWNSEND, et al.

Plaintiffs,

v.

BANK OF NEW YORK MELLON, et al.,

Defendants.

CASE NO. 3:20-cv-05397-JHC

ORDER

       Pending before the Court is Defendants' motion for summary judgment.  *See* Dkt. # 44. As the parties have framed the issues, this case largely turns on how Washington's statute of limitations applies to an installment contract (like the deed of trust and promissory note at issue here) following a bankruptcy discharge.  This issue has produced divergent outcomes in Washington courts.

       Defendants heavily rely on two Washington Court of Appeals cases, *Copper Creek (Marysville) Homeowners Ass'n v. Kurtz*, 21 Wash. App. 2d 605, 508 P.3d 179 (2022), and *Merritt v. USAA Fed. Sav. Bank*, 21 Wash. App. 2d 1039 (2022).  The Washington Supreme Court has granted review of both cases.  *See* Dkt. # 56; *Copper Creek Homeowners Ass'n v. Wilmington Sav. Fund Soc'y*, 200 Wash. 2d 1001, 516 P.3d 377 (2022); *Merritt v. USAA Fed.*

ORDER - 1

*Sav. Bank*, 200 Wash. 2d 1001, 516 P.3d 372 (2022).  The Washington Supreme Court will hear

argument in those cases next month, on February 16, 2023.  *See Supreme Court – Briefs*,

Washington Courts, https://www.courts.wa.gov/appellate_trial_courts/coaBriefs/

index.cfm?fa=coabriefs.briefsByHearingDate&courtId=A08&year=2023#a20230223 (last

visited Jan. 11, 2023).

 The Court hereby ORDERS the parties to respond to the following questions:

 1) Would the parties oppose a stay pending the Washington Supreme Court's resolution of one or both of *Copper Creek* and *Merritt*?  If so, why?

 2) Are there any pending state court proceedings relating to foreclosure of the Townsends' property? *See* Dkt. # 51.

 3) Did the $650,000 "Principal Balance" of the loan listed in the amended foreclosure complaint, *see* Dkt. # 7-6 at 8, include debt that is time-barred by the six-year statute of limitations?  Is the Court correct in its understanding that a foreclosure action filed in 2019 can recover only missed payments from the preceding six years plus all future payments (as well as applicable fees and interest)?  What is the significance of this fact for purposes of both the FDCPA and Washington CPA?

 Each party shall respond no later than January 25, 2023.  Each brief shall be limited to 10 pages.

 Dated this 11th day of January, 2023.

John H. Chun
United States District Judge

ORDER - 2